**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:25-cv-02992-CEH-AAS
HONORABLE CHARLENE HONEYWELL

CHRISTIAN ZIEGLER &
BRIDGET ZIEGLER,

Plaintiffs,

v.

CITY OF SARASOTA,
ANGELA COX, &
MARIA LLOVIO,

Defendants.
_______________________________________/

**EMERGENCY MOTION TO PRESERVE EVIDENCE**

COMES NOW, the Defendant, CITY OF SARASOTA (hereinafter, the "City"), by and through undersigned counsel, pursuant to Local Rule 3.01(f), and hereby respectfully moves this Court for an emergency order requiring the preservation of certain evidence that is currently at risk of destruction pursuant to a state court order, and in support thereof states as follows:

1. This Court is asked to exercise its inherent authority and authority under the Federal Rules of Civil Procedure to preserve evidence necessary for the fair adjudication of claims and defenses in this case, including the electronic materials and data seized pursuant to the search warrants that form the basis of this § 1983 action alleging unconstitutional search and seizure. A state trial court has ordered this

evidence to be destroyed. Unless this Court issues an emergency preservation order, the evidence will be irretrievably lost, causing irreparable prejudice to the City's ability to defend this § 1983 action. The City respectfully a requests a ruling on this Motion by January 28, 2026.

2. This case presents the extraordinary circumstance in which evidence essential to adjudication of federal claims and defenses is subject to imminent destruction pursuant to a state court order entered in separate proceedings and currently pending appeal.

3. Importantly, the City is not asking this Court to review or overturn a state court order, but is requesting prospective relief to preserve evidence and prevent spoliation of evidence relevant to this separate federal action.

## BACKGROUND

4. This is a civil rights action arising under 42 U.S.C. § 1983, in which Plaintiffs allege that City police officers violated their constitutional rights by obtaining and executing overly broad digital search warrants, and accessing privileged marital communications in violation of the Fourth, Fifth, and Fourteenth Amendments. *See generally* ECF No. 1.

5. On March 15, 2024, Plaintiffs filed a declaratory judgment action in the Florida Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, seeking a declaration that the seized electronic data from Mr. Ziegler's cell phone, Google Drive account, and Meta/Instagram account obtained from executing the search warrants are not public records subject to disclosure. Plaintiffs also sought to

regain exclusive possession of this material and to enjoin the City from publicly disclosing the contents of the seized items.

6. In the state court action, Plaintiffs prevailed at trial and the state court entered a final judgment concluding that the three search warrants executed by the City of Sarasota Police Department violated the Fourth Amendment, and therefore, all data seized pursuant to the warrants constituted Mr. Ziegler's private property, was not a public record under Florida law, and must be returned to him. *See* **Exhibit A**, *State Court Final Judgment*, attached hereto, at pp. 38, 42-44.

7. Critically, the state court ordered that the "return" of Mr. Ziegler's property be accomplished through the destruction of the original and all copies of the seized data in possession of the City of Sarasota Police Department and the State Attorney's Office for the Twelfth Judicial Circuit. **Exhibit A**, at p. 44.

8. The order also forbids the City from publicly disclosing the contents of the data seized pursuant to the search warrants. **Exhibit A**, at p. 43. Critically, a strict reading of the state court's order would prevent the Defendants from even discussing the contents of the electronic data seized under the warrants.

9. The state court's destruction order encompasses the entirety of the electronically stored information ("ESI") seized pursuant to the three warrants, including but not limited to text messages, call logs, photos, videos, web browsing history, cloud-stored files, account records, Cellebrite extraction data, and internally archived investigative materials uploaded to Evidence.com. Only a narrow subset of materials was excluded from the destruction order: (1) a video voluntarily given to police by Mr. Ziegler; (2)

fourteen (14) law enforcement photographs documenting the exchange of the video, and (3) data previously publicly released by the City or the State Attorney's Office. **Exhibit A**, at pp. 43-44.

10. Plaintiffs now directly challenge the constitutionality of the aforementioned search warrants in the instant action.

11. The state court final judgment was appealed and is currently pending before Florida's Second District Court of Appeal. Oral argument is set for **January 28, 2026**.

12. The final judgment expressly provides that destruction of the above-referenced materials shall occur upon the issuance of the appellate mandate, and requires the governmental entities to file sworn affidavits certifying that destruction has been completed and that no copies remain in their possession. **Exhibit A**, at p. 44.

## MEMORANDUM OF LAW

### I. This Court Has Inherent Authority to Preserve Evidence Relevant to Claims and Defenses Notwithstanding the State Court Order

#### A. Legal Standard

Federal courts have inherent authority to manage their affairs, protect the integrity of proceedings, and prevent abuses "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent authority includes the power to preserve evidence and prevent spoliation to ensure fair adjudication of claims and defenses. *See Robinson v. Gielow*, No. 3:14cv223, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015) ("Federal courts have the implied or inherent power to issue preservation orders as part of their general

authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal quotations omitted). This authority exists to protect the integrity of the judicial process and to ensure that cases are decided on a complete and reliable evidentiary record.

Courts in the Eleventh Circuit have articulated three factors to consider when deciding whether to grant a preservation request:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*EOX Tech. Solutions v. Galasso*, No. 23-CV-60448, 2023 WL 3478445, at *1 (S.D. Fla. May 16, 2023). An emergency preservation order is appropriate where evidence faces imminent destruction and its loss would cause irreparable prejudice that cannot be remedied by later sanctions or monetary relief.

### B. Preservation is necessary to ensure fair adjudication of the claims and defenses in this action.

Consideration of the factors articulated above compels preservation of the evidence pending resolution of this case. First, if the state court destruction order is affirmed, the City will be forced to destroy the seized electronic data while Plaintiffs will be the sole possessors of that evidence. The City will be placed in the untenable position of defending a federal civil rights action concerning the contents and scope of a search without possession of the seized materials and without the ability to account

for or describe them. Meanwhile, Plaintiffs will regain exclusive possession of the data and will be free to selectively characterize what was seized, reviewed, or retained as part of the City's investigative file. This asymmetry creates due process concerns, as the City and its officers would be required to litigate the legality of a search and seizure based on allegations about evidence they no longer possess, cannot reconstruct, and cannot independently verify, while Plaintiffs would control the only remaining copy of the underlying materials. Such a scenario undermines basic principles of fairness and adversarial testing, transforms the litigation into a one-sided evidentiary contest, and creates a risk of compromised integrity of the evidence.

Second, the City faces irreparable harm absent an emergency preservation order. The City's ability to defend this action will be severely and irreparably prejudiced if it is forced to destroy the seized electronic data. The data at issue is not merely tangential to the claims and defenses in this action; it is the central evidentiary record of what was actually seized and how it was seized, and further provides background information regarding the grounds for the search warrants. This case challenges the constitutionality of the electronic searches themselves, and without access to the seized data, the City and the defendant officers will be unable to demonstrate or contest what materials were collected, how the warrants were executed in practice, or whether the alleged constitutional violations occurred as pleaded. If the evidence is destroyed, the City will be forced to defend a federal civil rights action without access to the very materials that define the scope and execution of the challenged searches.

Moreover, Plaintiffs' § 1983 claims challenge the search warrants as overbroad. That allegation necessarily places at issue the manner of the searches, including precisely what portions of the cell phone and accounts were examined, what data was extracted, what data was seized, and what data was not seized or incorporated into the City's investigative file. To defend against an overbreadth claim, the defendant officers must be able to explain with specificity what they did and did not do during execution of the warrants. Without retention of the electronic data, the City and its officers will be unable to establish even the most basic facts about the searches. Defendants will be unable to identify what content was included in the investigative file, and cannot meaningfully rebut allegations of unconstitutional conduct without access to the very materials that reflect how the search was conducted.

Although the entire contents of Mr. Ziegler's cell phone were searched, the entire contents were not seized as evidence. The preserved data is therefore essential to demonstrate the difference between searching the device and seizing evidence from it. Destruction of the data would thus irreparably prejudice the City's defense by eliminating the only objective record of how the warrants were executed and what content was actually seized.

Regarding the third factor, the City is fully capable of maintaining the evidence in its current condition without undue physical, spatial, or financial burden. The data already exists in a preserved digital format and has been maintained pursuant to established law enforcement evidence protocols. Moreover, the City has a duty under federal law to preserve evidence when litigation is pending or reasonably foreseeable,

and destruction of such evidence risks spoliation issues.. *See Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F.Supp.2d 1317, 1324 (S.D. Fla. 2010). Accordingly, the balance of interests weighs in favor of granting the City's emergency preservation request.

### C. <u>This Motion does not implicate the *Rooker-Feldman* doctrine.</u>

The *Rooker-Feldman* doctrine is a narrow jurisdictional principle that bars lower federal courts from exercising appellate review over state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Eleventh Circuit has clarified the "narrow" scope of the doctrine:

> The *Rooker–Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court. The doctrine is designed to ensure that the inferior federal courts do not impermissibly review decisions of the state courts…
>
> …the Supreme Court clarified that *Rooker-Feldman* bars only that class of cases in which federal litigants seek reversal of state court decisions.

*Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281, 1285 (11th Cir. 2018).

The Eleventh Circuit further held that *Rooker-Feldman* only applies if the claim is either (1) one actually adjudicated by a state court, or (2) one "inextricably intertwined" with a state court judgment. *Id.* at 1286. "Notably, however, a federal claim is not 'inextricably intertwined' with a state court judgment when there was no 'reasonable opportunity to raise' that particular claim during the relevant state court proceeding." *Id.* (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)).

In this case, the City is not requesting the Court to review, reverse, modify, or declare invalid the state court order. This Motion does not challenge the correctness of the state court's ruling, but rather seeks prospective preservation relief to ensure that evidence relevant to this federal case is not destroyed. This Motion encompasses a procedural request squarely within the Court's inherent authority to manage discovery and protect the integrity of its proceedings. Indeed, the City did not file this federal action. Rather, the very parties that sought destruction in the state court waited until they obtained a destruction order to file the instant lawsuit, thus effectively depriving the City of evidence necessary for its defense.

The City requests a prospective preservation order to ensure relevant evidence is available for federal discovery and trial. This does not require the Court to consider the merits of the state court's order. Furthermore, this request has not been "actually adjudicated" by a state court, nor is it "inextricably intertwined with a state court judgment," because there was no reasonable opportunity to make this request in the state court proceeding as the federal litigation did not arise until after the state court judgment. *See Target Media Partners*, 881 F.3d at 1286. Therefore, the Court retains jurisdiction to decide this Motion and may grant the procedural relief necessary to preserve evidence critical to the fair adjudication of claims and defenses in this case, without improperly acting as an appellate court over a state court's decision.

## II. Conclusion

There is a pending state court destruction order governing the evidence seized pursuant to the three search warrants that form the basis of this § 1983 action alleging

unconstitutional search and seizure. If that order is affirmed and implemented, the City's ability to defend this action will be severely and irreparably prejudiced. The electronic data seized pursuant to the search warrants lies at the core of this litigation, as it reflects the scope of the searches, the manner in which the warrants were executed, and the materials actually collected. Enforcing the destruction order would force the City to litigate the legality of the searches without possession of the seized materials, while Plaintiffs would have exclusive control over the only remaining evidence and could unliterally define what was taken or reviewed by police. Destruction of the seized data would therefore result in irreparable prejudice to the City and fundamentally impair the truth-seeking function of this Court.

WHEREFORE, for the foregoing reasons, Defendant, CITY OF SARASOTA, respectfully requests the Court to enter an emergency order directing that the materials identified in the state court order be preserved and not destroyed, altered, or disposed of; limiting the use of said materials to the defense of this federal action and discovery obligations therein; allowing production of such materials, if required, subject to appropriate protective orders; and for any further relief the Court deems just and appropriate.

## LOCAL RULE 3.01(g) CERTIFICATE

I HEREBY CERTIFY that undersigned counsel attempted to confer with Plaintiff's counsel by telephone on January 6, 2026, but Plaintiff's counsel did not answer. Undersigned counsel thereafter discussed the relief sought in this Motion by email correspondence on January 6, 2026, with Plaintiff's counsel who advised that he was unable to provide his position on the Motion at that time. I hereby certify that I will file a supplemental statement certifying whether the parties have resolved all or part of the Motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was filed through the CM/ECF filing system which will provide copies to all parties on January 6, 2026.

s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513
*Lead Attorney*
Abigail M. Lenhart, Esq.
Florida Bar No. 1058075
Service to: eservice@wlclaw.com
Williams, Leininger & Cosby, P.A.
555 Heritage Drive, Suite 201
Jupiter, FL 33458-5290
Telephone: 561-615-5666
Facsimile: 561-615-9606
Attorneys for Defendant City of Sarasota