**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO. 8:25-cv-02992-CEH-AAS
HONORABLE CHARLENE HONEYWELL

CHRISTIAN ZIEGLER &
BRIDGET ZIEGLER,

Plaintiffs,

v.

CITY OF SARASOTA,
ANGELA COX, &
MARIA LLOVIO,

Defendants.
_______________________________________/

**DEFENDANT, CITY OF SARASOTA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO PRESERVE EVIDENCE**

COMES NOW, the Defendant, CITY OF SARASOTA (hereinafter, the "City"), by and through undersigned counsel, pursuant to Local Rule 3.01 and this Court's Order [ECF No. 28], and hereby files its Reply to Plaintiffs' Response in Opposition [ECF No. 24] to the City's Emergency Motion to Preserve Evidence (the "Motion") [ECF No. 17], and in support thereof states:

## I. The City has not engaged in bad faith delay in making its Emergency Motion.

Plaintiffs accuse the City of deliberately delaying its Emergency Motion until the eve of appellate oral argument in the state court action, implying improper motive. ECF No. 24, at p. 8. Plaintiffs assert that the City "knew" a § 1983 action was imminent, and therefore, should have sought preservation earlier—an assertion

apparently drawn from settlement discussions in the state court action. *Id.* That argument is both irrelevant and improper, as Plaintiffs should not disclose the substance of settlement communications to this Court in an effort to manufacture bad faith where none exists. Plaintiffs' position is also internally inconsistent: they fault the City for delay while simultaneously arguing the Emergency Motion is not yet ripe for review because "no imminent need for the requested relief" exists and that a ruling should "be deferred until the City's compliance with the trial court's destruction order is imminent." ECF No. 24, at pp. 7-8.

The City seeks emergency relief solely to preserve evidence in this action that would otherwise be destroyed should the state appellate court affirm the trial court's destruction order. By raising the issue now, the parties avoid the exigencies attendant to last-minute filings.

The City did not appeal the state court judgment because it had no interest in retaining the seized electronic materials once the public records dispute concluded. The state court action concerned whether materials seized pursuant to the search warrants constituted public records subject to disclosure in public records requests. Once the trial court determined these materials were not public records, the City had no reason nor desire to retain them. At that point, the City's investigation of Mr. Ziegler had ceased.

The posture changed only when Plaintiffs filed this § 1983 damages action. Now, Plaintiffs seek to destroy the very materials that might support the City's defenses in this case. The City is not seeking affirmative relief, but is responding

defensively to Plaintiffs' lawsuit. Accordingly, the City's preservation request is appropriate at this juncture, and Plaintiffs' delay argument fails.

## II. **<u>The City is not asking the Court to serve as a "super-appellate court."</u>**

Plaintiffs' Response mischaracterizes the scope of the relief sought by the City's Emergency Motion and the *Rooker-Feldman* doctrine itself. *Rooker-Feldman* applies only to what is "essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018). This case does not present such a scenario. The City does not ask this Court to reverse or modify a state court's ruling, but only seeks prospective relief: preservation of evidence relevant to defending a separate federal lawsuit that did not exist at the time of the state court proceedings.

Although Plaintiffs simultaneously claim this lawsuit is only "nominally related" to the state case, they also argue the issues are "inextricably intertwined" for *Rooker-Feldman* purposes. *See* ECF No. 24, at pp. 1, 12-13. "Notably, however, a federal claim is not 'inextricably intertwined' with a state court judgment when there was no 'reasonable opportunity to raise' that particular claim during the relevant state court proceeding." *Target Media Partners*, 881 F.3d at 1286 (internal citation omitted).

The City is not "relitigat[ing] a claim" it lost in state court, but defending a separate federal lawsuit. Even if the Emergency Motion were viewed as seeking affirmative relief, the City had no "reasonable opportunity" to raise such a request in the state court proceeding because there was no obligation or need to retain the data at that time.

## III. <u>The seized materials cannot be recreated through testimony.</u>

Plaintiffs accuse the City of coming "dangerously close to violating its duty of candor to the tribunal" by asserting that the contents of the seized investigative materials cannot simply be recreated through officer recollection or testimony. *See* ECF No. 24, at pp. 5-6. Plaintiffs contend that Defendants Cox and Llovio "gave substantial" and "extensive" testimony regarding the contents of the investigative file and the materials seized pursuant to the warrants, and that such testimony contradicts the City's preservation concerns. *Id.* However, at the time of the officers' testimony in the state court proceeding, a joint stipulation was in effect that expressly prohibited any testimony regarding the actual content of records made or received during the forensic acquisition of Mr. Ziegler's cell phone, Instagram account, and Google Drive. *See* **Exhibit A** *attached hereto*, at ¶ 4.[1]

Recollection and testimony are not a substitute for the underlying electronic data. The investigative file, forensic extraction data, and seized materials provide the only objective record of what materials were searched, seized, and reviewed. The content of the materials is relevant as framed by Plaintiffs' Complaint. Although Plaintiffs challenge the search warrants as facially overbroad, the Complaint also challenges the execution of the warrants and *seizure* of data itself as overbroad. *See* ECF No. 1, at ¶¶10, 31-24. Plaintiffs allege that Defendants "obtained and executed excessively overbroad search warrants that invaded Mr. Ziegler's private digital

---

[1] The City notes that Plaintiffs have requested the Court to take judicial notice of the state court record on appeal. *See* ECF No. 24, at p. 17 n.3.

records," and that officers "intentionally included deeply personal marital communications in public police reports," allegedly inflicting harm on Plaintiffs' family, professional life, and reputations. *Id.* at ¶ 10. Plaintiffs further allege that officers impermissibly "rummaged through all of the [ESI] that was downloaded from Mr. Ziegler's cell phone," and that they seized and reviewed categories of data allegedly unrelated to the investigation. *Id.* at ¶¶31-34. These allegations present a distinct Fourth Amendment claim that turns on the nature, scope, and substance of the seized materials themselves.

Thus, the contents of the seized materials are directly relevant to whether a constitutional violation occurred. Plaintiffs assert that large categories of data reviewed by police were irrelevant to the investigation. The City is entitled to test that assertion, and cannot be forced to accept Plaintiffs' characterization of relevance, which would prevent any meaningful defense to the claim that the seizure was overbroad.

Moreover, Plaintiffs seek damages for reputational harm arising from officers' purported review and disclosure of seized materials in police reports. ECF No. 1, at ¶¶ 10, 35, 49. The substance of the seized materials is therefore critical to both liability and damages. The City must be able to assess whether viewing the materials constituted an objectively unreasonable intrusion of privacy, and whether the materials were in fact private, sensitive, or unrelated to the investigation. The contents of Mr. Ziegler's communications, videos, and online activity may bear on causation, including whether the information Plaintiffs claim harm their reputation was already known or shared with others prior to any police reports. Without preservation of the

seized data, the City would be deprived of the ability to meaningfully contest Plaintiffs' claims of causation and the extent of damages.

Preservation is further necessary because what was found (or not found) through the initial warrants formed the basis for subsequent investigative steps. Plaintiffs allege that after ending the investigation into the assault allegations, officers "began investigating Mr. Ziegler for video voyeurism," and that "[i]n furtherance of [that] investigation," sought the Instagram warrant. ECF No. 1, at ¶¶ 42-44. The seized materials from the cell phone and Google Drive searches are therefore relevant to the expansion of the investigation, including whether evidence obtained during the first two warrants reasonably gave rise to the video voyeurism inquiry. Evaluating that investigative sequence requires examination of what was actually found and reviewed. Destruction of the evidence would prevent the City from defending the factual basis for the progression of the investigation, and the City would be forced to rely on the memory of its officers alone, while Plaintiffs retain exclusive possession of the evidence and are free to selectively characterize it.

Additionally, the City is able to and will maintain these materials securely and confidentially, consistent with the state court's non-disclosure directives and any protective orders this Court deems appropriate.

## IV. <u>**Plaintiffs' *res judicata* argument is premature and incorrect.**</u>

Plaintiffs' Response argues that *res judicata* bars the City's defenses regardless of whether the materials are preserved. ECF No. 24, at 14-15. The Emergency Motion is not the proper vehicle for resolving preclusion issues. Nonetheless, the

constitutionality of the searches at issue was not actually litigated for § 1983 purposes in the state court action. Plaintiffs did not bring a Fourth Amendment damages claim, nor did they seek a declaration that their constitutional rights were violated. The issue before the state court was whether the seized materials constituted public records, not whether Defendants were liable for constitutional torts. Regardless, a preservation order would ensure the evidentiary record remains intact while preclusion issues are addressed in the proper procedural posture.

**V. <u>Preservation causes no prejudice to Plaintiffs.</u>**

Notably, Plaintiffs' Response does not identify concrete harm to Plaintiffs that would arise from preservation. By contrast, destruction would permanently prejudice one side of this case. The materials sought by the City to be preserved can be securely stored, used solely for purposes of this litigation, and destroyed later if appropriate.

Plaintiffs chose to place the execution of the warrants, the nature of the seized materials, and the resulting alleged harm at the center of their § 1983 claims. Having done so, Plaintiffs cannot simultaneously demand that the very evidence needed to evaluate those claims be destroyed. The City seeks only to preserve the materials necessary to defend itself in this federal civil rights action that Plaintiffs initiated. The City does not seek to disclose or publicize those materials. For the reasons stated above, the City respectfully requests the Court to grant its Emergency Motion to Preserve Evidence.

**Dated: January 21, 2026**

Respectfully Submitted,
s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was filed through the CM/ECF filing system which will provide copies to all parties on January 21, 2026.

s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513
Abigail M. Laflamme, Esq.
Florida Bar No. 1058075
Service to: eservice@wlclaw.com
Williams, Leininger & Cosby, P.A.
555 Heritage Drive, Suite 201
Jupiter, FL 33458-5290
Telephone: 561-615-5666
Facsimile: 561-615-9606
Attorneys for Defendant City of Sarasota