# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHRISTIAN ZIEGLER &**
**BRIDGET ZIEGLER,**

      **Plaintiffs,**

**v.**                                 **Case No: 8:25-cv-2992-CEH-AAS**

**CITY OF SARASOTA,**
**ANGELA COX, &**
**MARIA LLOVIO**

      **Defendants.**
_____/

## ORDER

The City of Sarasota (the City) requests an emergency order to preserve data seized pursuant to three state search warrants. (Doc. 17). The plaintiffs oppose the City's motion. (Doc. 24). The City, with the court's permission, timely replied to the plaintiff's response. (Doc. 31). The motion to preserve evidence (Doc. 17) is **GRANTED** as further described in this order.

## I.    BACKGROUND

The plaintiffs filed this § 1983 action alleging a violation of their constitutional rights under the Fourth, Fifth, and Fourteenth Amendments by the City and two detectives. (Doc. 1). The basis of the suit is an alleged illegal search and seizure of Mr. Ziegler's electronically stored information (ESI). The

ESI is data from Mr. Ziegler's cell phone, Google Drive account, and Meta / Instagram account seized pursuant to three state search warrants.

Before filing this federal suit, the plaintiffs filed a lawsuit in the Sarasota Circuit Court for declaratory and injunctive relief to prevent the Office of the State Attorney for the Twelfth Judicial Circuit and the Sarasota Police Department from releasing the contents of Mr. Ziegler's phone and other ESI in response to public records requests. A July 1, 2024 state court order entered judgment in favor of the plaintiffs. (Doc. 17-1). The state court concluded the City of Sarasota Police Department (SPD) violated Mr. Ziegler's Fourth Amendment rights by obtaining unlawful state search warrants, and ruled that all data seized pursuant to the three state search warrants constituted Mr. Ziegler's private property. (Doc. 17-1, p. 42). Accordingly, the July 1, 2024 state court order determined the seized ESI is not a public record under Florida law and must be returned to Mr. Ziegler. The state court ordered the Office of the State Attorney for the Twelfth Judicial Circuit and the Sarasota Police Department to destroy all copies of the data seized in response to the three state search warrants. (Doc. 17-1, p. 43–44). The July 1, 2024 state court order also permanently enjoined the Office of the State Attorney for the Twelfth Judicial Circuit and the Sarasota Police Department from publicly disclosing

the contents of Mr. Ziegler's property seized by the three state search warrants.[1] (*Id.*).

The July 1, 2024 state court order dictates the destruction of the seized phone contents is to occur "promptly and without delay" upon the later of the expiration of the time to appeal if the order is not appealed or the issuance of an appellate mandate affirming the state court order if the order is appealed. (*Id.* at p. 44). The intervening media defendants did appeal the July 1, 2024 state court order to the Second District Court of Appeal (and oral argument on that appeal is scheduled for today).

In this § 1983 action, the plaintiffs directly challenge the constitutionality of the three state search warrants and subsequent search and seizure of Mr. Ziegler's phone and other ESI. Consequently, the City brings an emergency motion to preserve evidence, arguing that if this court does not order the preservation, the contents will be lost and the City will be unable to fairly defend itself. The City contends the complaint "challenges the execution of the warrants and seizure of data itself as overbroad" and thus the

---

[1] Except as specifically identified in decretal paragraph 4a–4c of the Sarasota Circuit Court Order, which includes (1) a video voluntarily given to police by Mr. Ziegler; (2) fourteen law enforcement photographs documenting the exchange of the video, and (3) data previously publicly released by the City or the State Attorney's Office.

"allegations present a . . . claim that turns on the nature, scope, and substance of the seized materials themselves." (Doc. 31, pp. 4–5).

## II. Legal Standard

A federal court may issue preservation orders as part of its inherent authority to manage its own proceedings. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (Fed. Cl. 2004); *Robinson v. Gielow*, No. 3:14-cv-223-LAC-EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015). Federal courts typically employ one of two tests in determining whether to grant a request for a preservation order.

Some courts employ a two-prong test that requires the proponent to demonstrate that the order is necessary and not unduly burdensome. *Pueblo of Laguna*, 60 Fed. Cl. at 135-36. Other courts employ a three-factor balancing test, which considers: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation. *See, e.g., Robinson*, 2015 WL 4459880, at *3; *Riego v. Carroll*, No. 08-433-SLR, 2009 WL

4

3448850, at *2 (D. Del. Oct. 23, 2009); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004).

## III.  ANALYSIS

The City argues preservation is necessary to ensure the fair adjudication of the claims and defenses in this action. (Doc. 17, p. 5). The City argues that if evidence is destroyed, it "will be placed in the untenable position of defending a federal civil rights action concerning the contents and scope of a search without possession of the seized materials." (*Id.*). The City claims it would face irreparable harm because the phone data "is the central evidentiary record of what was actually seized and how it was seized . . . and provides background information regarding the grounds of the search warrants." (*Id.* at p. 6). Specifically, the City contends the plaintiffs' claims challenge the three state search warrants as overbroad, and thus necessarily place the manner of the search, precisely what was examined, extracted, seized, and incorporated into the City's investigative file in question.[2] (*Id.* at p. 7).

The plaintiffs argue "there is no concern for the continuing existence of the evidence . . . because the ESI is not relevant to any claim or issue in this case." (Doc. 25). Rather, the plaintiffs argue "[w]hat matters is what

---

[2] The City makes a distinction between searching the phone and seizing evidence from the phone. (Doc. 17, p. 7) ("Although the entire contents of Mr. Ziegler's cell phone were searched, the entire contents were not seized as evidence.").

information was used to obtain the search warrant, not the items or information obtained as a result of the search." (Doc. 24, p. 4). The plaintiffs further argue there is no need to preserve the data because the defendants gave substantial testimony on the materials and the City has access to the entire record on appeal. (*Id.* at pp. 4–5). In the City's reply, it counters that a joint stipulation was in place at the time of the defendants' testimony regarding the actual content of the ESI, which expressly prohibited any testimony regarding the actual content of Mr. Ziegler's data. (Doc. 31, p. 4).

The City makes an adequate showing under either test for the court to order the preservation of evidence. Under the first test, the City demonstrated a preservation order is necessary and not unduly burdensome. Under the second test, the court has a high concern the evidence will be destroyed absent a protective order and the City demonstrated irreparable harm is likely to result to itself absent an order directing preservation. In addition, the court is confident the City is capable of maintaining the evidence sought to be preserved.

Ordinarily, preserving the contents of what was searched and seized in response to a search warrant in this type of dispute is not necessary because the fruits of a search warrant are inappropriate to consider in determining the constitutionality of the disputed search. *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, n.11 (1971) ("Of course, the discoveries of an illegal

search cannot be used to validate the probable-cause judgment upon which the legality of the search depends.").

However, here, a preservation order is necessary because the Zieglers place the contents of the seized ESI directly at issue in their complaint. (*See* Doc. 1, ¶¶ 31, 33, 34, 35, 49, 59, 76, 93). By way of example, in paragraph 59, the Zieglers allege "SPD Detectives gained access to hundreds of thousand[s] deeply personal and confidential pictures, videos, and text messages . . . [and] included martial communications sent between the Zieglers." (*See also* Doc. 1, ¶¶ 76, 93) (pleading the SPD accessed Mr. Ziegler's private and personal ESI, including marital communications).

In addition, the Zieglers request damages for humiliation and embarrassment based on the communications seized, thereby putting the contents of the ESI in dispute. Without retaining the ESI, the City would be unable to defend itself regarding what data was actually searched and seized. The destruction of the ESI would place the City in the untenable position of refuting the Zieglers' damages claims for suffering humiliation and embarrassment without having access, if necessary, to the alleged ESI that caused the alleged damages.

## IV.    CONCLUSION

Accordingly, the City's Emergency Motion to Preserve Evidence (Doc. 17) is **GRANTED**.

**ORDERED** in Tampa, Florida on January 28, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge