2023 SW000625NC

STATE OF FLORIDA )
12TH JUDICIAL CIRCUIT ) SEARCH WARRANT (GOOGLE LLC)
COUNTY OF SARASOTA )

THIS ORDER IS ISSUED PURSUANT TO SECTION 92.605, FLORIDA STATUTES. A RESPONSE IS DUE WITHIN 20 BUSINESS DAYS OF RECEIPT OF THIS ORDER UNLESS A LONGER TIME PERIOD IS STATED HEREIN.

IN THE NAME OF THE STATE OF FLORIDA, to all and singular the Sheriffs and their Deputies, the Director of the Florida Highway Patrol and his Troopers, the Commissioner of the Florida Department of Law Enforcement and his Designees, the Director of the Florida Fish and Wildlife Conservation Commission and his Officers, and Constables, Municipal Police Officers and State Attorney's Investigators all acting within their jurisdiction;

WHEREAS, I have received affidavit for search warrant, on this date made before me by the Affiant, Detective/Officer A. Cox 1746, who has prepared same in his/her capacity as a law enforcement officer; and

WHEREAS, the stated Detective/Officer having been placed under oath and having sworn to the facts as stated therein, and having examined the said facts set forth in support of said application for search warrant, and the facts contained therein which are now incorporated herein by reference and made a part of this Warrant, and;

WHEREAS, said facts so made known to me by such affidavit as set forth, have caused me to certify and find that there is probable cause ~~to believe that the laws of the State of~~ Florida relative to prohibiting **Sexual Battery (Mentally Incapacitated), controlled by Florida State Statute 794.011(4)(b), has been violated by Christian Ziegler**, and the officer has reason to believe and does believe that evidence connected with the crime is currently located within the below identified Google account.

A user account identified by Unique Google ID: **christianmziegler@gmail.com**
This account is under the control of: Google LLC.
Attention: Custodian of Records
Google LLC.
1600 Amphitheatre Parkway
Mountain View, CA 94043
Email: USLawEnforcement@google.com

THEREFORE, the Court having found that Google is an out-of-state corporation that provides electronic communication services or remote computing services to the public and pursuant to Florida Statutes § 92.605 and § 934.23, as well as the United

States Code 18 U.S.C. § 2703, and California Statute § 1524.2, a Judge of the Circuit Court of Florida has jurisdiction to issue a search warrant for a Google account, consequently these presents are to command you, with the proper and necessary assistance, either in the day time or in the night time, as the exigencies of the situation may demand or require or on Sundays, or holidays, to enter the said Google account described above, and diligently search said account and seize as evidence any of the following:

PROPERTY TO BE PROVIDED BY GOOGLE LLC.

1. Stored electronic communications or files associated with the user accounts identified as Google User ID: [redacted]@gmail.com and any related accounts concerning the same account subscribers or users, since creation of such account until the date of production, including but not limited to:
   a. content and header information of email or other messages and any attachments;
   b. user contact information, group contact information;
   c. IP logs, and instant messages if any, whether drafted, sent, received, opened or unopened, read or unread, and/or forwarded; and
   d. any buddy lists or contact lists, calendars, transactional data, account passwords or identifiers, and/or any other files related to that account;

2. Records concerning the identity of the user of the above-listed user account(s); consisting of name, postal code, country, e-mail address, date of account creation, IP address at account sign-up, logs showing IP address, and date stamps for account accesses.

3. Any photo prints linked to or associated with the above-listed user account(s). The photo prints are to include a compilation of all photos and or videos uploaded by the user that have not been deleted, along with all photos and videos uploaded by any user that has the user tagged in them.

4. Any additional video and/or images uploaded or downloaded to the account with any associated metadata, timestamps, and IP addresses associated with the upload or download, as well as any transactional logs that show user interaction with the videos/images.

5. Stored Android backups;

6. Stored web bookmarks, web history, and autofill data that are stored under this account;
7. Files stored in the Google Drive related to this account, to include shared folders that are accessible by this account;

8. Files stored in the Google Photos related to this account, to include shared folders that are accessible by this account with any associated metadata (EXIF), timestamps, IP addresses associated with the upload or download, any transactional logs that show user interaction with the videos/images;

9. Google Hangouts conversation content and history associated to this account;

10. Any additional Google Account or Google Play account, to include; account information, and account history;

11. Any location history including global positioning coordinates;

12. Google wallet/checkout service information; and

13. Installed application, device make(s), model(s) and international mobile identification number (IMEI) or mobile equipment identifier number (MEID) for Google account.

YOU ARE FURTHER DIRECTED to bring the property so seized before a court having jurisdiction to be disposed of and dealt with according to law and make return of your doings under this warrant to me or to my designated clerk, and give proper receipts for any property taken hereunder, and deliver a copy of this warrant to the person at whom directed.

GIVEN UNDER MY HAND AND SEAL THIS DAY

11/15/2023

DATE

SIGNATURE/ELECTRONIC SIGNATURE

IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

APPLICATION FOR COURT ORDER/SEARCH WARRANT COMPELLING PRODUCTION OF GOOGLE RECORDS

In Re: A Criminal Investigation
A user account identified by:
Unique Google ID: **Email:** [redacted]
This account is under the control of: Google LLC.

Case No. **23-048937**

Attention: Custodian of Records
Google LLC.
1600 Amphitheatre Parkway
Mountain View, CA 94043
Email: USLawEnforcement@google.com

**BEFORE ME**, a Judge of the Circuit Court, personally or by sworn attestment appeared Detective/Officer A. Cox #1746, a duly sworn law enforcement officer of the Sarasota County Sheriff's Office, State of Florida, who after being first properly sworn, makes application for an order compelling Google to search for, and obtain, and to provide information and data in the above described Google account to the applicant Detective/Officer listed above, who states under oath that he/she has sufficient grounds to believe and does believe that the laws of the State of Florida have been violated by **Christian Ziegler**, to-wit:

The laws prohibiting **Sexual Battery (Mentally Incapacitated)** controlled by Florida State Statute **794.011(4)(b)**, has been violated, and the officer has reason to believe and does believe that evidence connected with the crime is currently located within the below identified Google account.

THE DESCRIPTION OF THE USER ACCOUNT is as follows:
A user account identified by Unique Google ID: **Email:** [redacted]

GROUNDS FOR ISSUANCE:
The following grounds for issuance of the Order Compelling Production of Google Records, as required by Florida Statutes exist, to-wit: the evidence sought is relevant to proving the above described offense has been committed and such evidence is contained

within the Google account described above. See Florida Statute 933.02(3). Google, is an out-of-state corporation that provides electronic communication services or remote computing services to the public. Your Affiant seeks to seize the below-described evidence pursuant to Florida Statute § 92.605 and § 934.23, as well as the United States Code 18 U.S.C. 2703, and California Statute § 1524.2, which compel out-of-state electronic communication service or remote computing service that provides such services to the public to provide information requested pursuant to search warrants, court orders or subpoenas issued in the State of Florida.

**FACTS STATED IN SUPPORT OF APPLICATION:**

Your Affiant has sufficient reasonable grounds to believe that the above-named crime has been committed and that evidence in the form of electronic communication and or data held or possessed by Google may be discovered for the following reasons:

1. Your Affiant has been employed with the Sarasota Police Department since April 2015. Your Affiant is assigned to the Criminal Investigation Division unit and has been in this unit for 4 years., specializing in Crimes against Children and all other crimes against persons or property. Your Affiant is tasked with conducting computer-related investigations and examining digital evidence.

**THE FOLLOWING FACTS SUPPORT YOUR AFFIANT'S PROBABLE CAUSE:**

1. On 10/04/23, the victim [redacted] reported she had been sexually assaulted by Christian Ziegler on 10/02/23. The victim was treated and examined at Sarasota Memorial Hospital where a sexual [redacted] occurred at the victim's apartment [redacted]
2. On 10/05/23, Detectives began the investigation which revealed the following. The victim and Christian Ziegler have known each other for twenty years. On 10/02/23, the victim and Christian Ziegler agreed to have a sexual encounter that included Christian's wife Bridget Ziegler. When the victim learned that Bridget could not make it, she changed her mind and cancelled with Christian. On 10/02/23, the victim opened her apartment door to walk her dog and Christian was standing outside in the hallway. Christian entered the apartment, bent the victim over the bar stool and vaginally penetrated her with his penis. The victim advised Christian did not wear a condom, and he stated "I'm leaving the same way I came in." The victim said she, Christian and Bridget were sexually involved one time over a year ago at their house. The victim stated that when Christian came over, she was not in a place to consent because it was her day off and she [redacted] Tequila all day. The victim advised she called her twin sister [redacted] and told her she was raped. [redacted] immediately went to the victim's house.
3. Detectives interviewed [redacted] who confirmed her sister called her and told her she was raped but did not tell her who did it [redacted] said her sister (victim) was very emotional and distraught.

4. On 10/24/23, Detective viewed the video surveillance footage from the victim apartment complex. The video captured Christian Ziegler arriving in his gray Ford truck bearing FL., tag SRQG0P on 10/02/23, at 1429 hours. Christian immediately entered the apartment complex, is seen coming off the elevator and driving away in the parking lot at 1507 hours. Christian was wearing dark shorts and a red shirt.

5. As part of the investigation, Detectives performed a digital extraction on the victim's cell phone. Detectives located several digital messages from Christian to the victim on 10/02/23 starting at 0729 hours. In the messages Christian told the victim to go to Instagram. The victim said Christian liked to use Instagram because he conceals the messages using vanish mode.

6. In another message he asked the victim for her address and told her they were driving around referring to him and Bridget. Christian continued sending the victim messages, but she did not respond in a timely manner. When the victim finally responded she asked who was coming. At 1412 Christian said "Prob just me this time now. Was ready at 1:30." Christian was referring to Bridget being ready at 1:30. At 1424 hours, the victim responded "Sorry I was mostly in for her" referring to Bridget.

7. On 10/27/23, Detectives learned that Christian was trying to contact the victim by sending her messages via Instagram. Detectives and the victim began communicating with Christian via controlled/recorded messages. The following is a summary of the communication:

- Victim: I'm not okay with what happened the other day between us.
- Christian: Oh. That's not good. You are my friend. Known ya for like twenty years now. Lol. Note: Christian goes on to talk about how long they have been friends.
- Victim: Yeah I know but that was not cool and you didn't bring her and then did that to me.
- Christian: She was in. Then couldn't because no response. She said in next time. But I understand. Your my friend I actually like you as a person, so sorry you got upset, but I can leave you alone if you prefer. Note: Christian then tried to change the conversation to getting his hair cut.
- Victim: I don't know if I can do that anymore after what you did to me last time it freaked me out.
- Christian: Ok. Well, sorry. Not the intention. I want you to be happy and not have drama. You have dealt with enough BS. Note: Christian again tried to change the subject by talking about getting a haircut.
- Victim: I have not been able to work since you came over.
- Christian: I am pretty loyal to my friends. Tried to call. Hard to text. How can I help?
- Victim: I really can't even talk to you right now.

During the messaging, Christian continuously asked how he could help, and the victim responded, "You caused this. You can't help me." Christian repeatedly referred to the victim as his friend in an effort to minimize the situation, he would deflect by trying to change the subject when confronted.

- Victim: I'd prefer you to tell me why you think what you did was okay?
- Christian: Where r u? Wanna meet and chat? Worried about you. You are my friend.
- Victim: Hell no not after what you did to me. Do you not understand I am terrified of you? Christian responded that he had to go soon.

Christian then began calling the victim. The calls were audio recorded.

In the first phone call the victim told Christian he hurt her when he came over. Christian said he did not think that was the case and if she was upset, he did not need her upset. Christian tried to change the subject, and the victim asked why he did that. Christian said he was not trying to start any issues, and she knows who he is. Christian asked the victim if she wanted him to leave her alone. The victim said she needed him to know that he hurt her. Christian responded by saying he would leave her alone.

In the second controlled phone call, the victim called Christian back. When he answered the phone, the victim asked him why he forced her to have sex with him when she never wanted to. Christian said he has never done that then said he had to go because some guy was giving him a hard time. Christian asked the victim if she wanted him to call her later and she said no.

In the third controlled phone call. Christian called the victim. Christian started asking the victim what she was going through. The victim told Christian he sexually assaulted her. Christian said, "Those are big words, please don't, no I didn't. You invited me in, that's it. I did not at all, and I never want you to feel that way." Christian went on to say the victim was his friend and asked her what she needed. Christian asked the victim if she needed financial help or anything else. Christian asked the victim what the issue was. The victim responded twice that he was the issue. Christian told the victim she was his friend, and he apologized for whatever is going on. Christian said he did not need any drama, and he did not want to create any issues for her, and if she was upset with him, he would leave her alone. Christian told the victim she was a good person, and he would leave her alone. The victim asked Christian to help her understand why he came over. Christian responded that he thought she wanted him to come over. The victim said no, I told you not to. Christian said that's not true. The victim asked Christian to acknowledge that he has been using her all these years. Christian said he was not going to acknowledge that, and he asked her if she was recording him. Christian said the victim was trying to get him on record saying something. Christian once again asked the victim what he could do to help her. The victim told Christian to leave her alone. End of call.

8. On 11/01/23, Detectives interviewed Bridget Ziegler. Bridget confirmed that she knew the victim through her husband. Bridget confirmed having a sexual encounter with the victim and Christian over a year ago and that it only happened one time.

9. On 11/02/23, Detectives interviewed Christian Ziegler with his attorney present. Christian advised he had consensual sex with the victim, and that he took a video of the encounter on 10/02/23 of the victim. Christian said he initially deleted the video, but since the allegation, he uploaded the video to his Google Drive. Which we have not been able to locate upon a digital extraction.

10. Based on the above information, I believe a search warrant for the content stored on Google's servers for data relating to the Gmail address: [redacted] will lead to locating evidence of the crime, and will authenticate the date, time, and location of when the video was created.

11. Google is a web service provider that provides users the ability to communicate with other users by various means; this includes the ability to email, post videos, and past photographs for others to view and to keep privately stored; messaging services to communicate directly between users; and sharing of media between users, among other services.

12. Your Affiant knows from experience that items can be synced to multiple electronic devices including mobile devices, by the installation and use of the application Google Drive. Specifically, Google Drive is a cloud-based storage service that enables users to store and access files online. The service syncs stored documents, photos, and more across all the user's devices, including mobile devices, tablets, and PCs. These files can be saved on a folder and synced across any device that Google Drive is installed on, thus allowing the user to access these files on any device at any time.

13. Your Affiant knows from experience that Google Drive is one of Google's cloud-based storage services that allows customers to access videos, photos, and documents from their mobile devices and Mac or Windows personal computers. It also enables customers to back up the data within the Google Drive folder which as a result allows the information and data from the customer's device stored by Google to be available offline.

14. Your Affiant knows from training and experience that iPhones, iPads, Androids, and **Apple iPhone 15 Pro Max** are devices that can have Google Drive installed. Specifically, Android based devise have Google Drive installed automatically when the device is purchased and activated.

15. Your Affiant knows from training and experience that searches and seizures of electronic communications evidence may require the seizure of most, or all communications currently stored to be processed later. Furthermore, you Affiant believes that there is no way to minimize or narrow the focus of the items being

requested herein and this data can only be narrow after you Affiant has an opportunity to search all of the data being stored within the aforementioned Google Drive account.

16. Because the out-of-state electronic communication service or remote computing service provider has no reasonable means to distinguish evidence of the crimes from any other records contained within the sought-after account, your Affiant seeks to compel the service provider to seize a copy of all records pertaining to the account and provide the entirety of the records to your Affiant. Once your Affiant has obtained those records, your Affiant and/or other representatives of his/her agency shall conduct an actual search of the items obtained from the out-of-state electronic communication service or remote computing service provider in order to sort the evidence of the violations articulated above and specifically sought herein, which may be intermingled with innocent or innocuous documents or records.

On the basis of the foregoing facts, Affiant believes the following evidence may be found:

INFORMATION AND DATA SOUGHT BY LAW ENFORCEMENT

PROPERTY TO BE PROVIDED BY GOOGLE LLC.

1. Stored electronic communications or files associated with the user accounts identified as Google User ID: **Email:** [redacted] and any related accounts concerning the same account subscribers or users, since creation of such account until the date of production, including but not limited to:
   a. content and header information of email or other messages and any attachments;
   b. user contact information, group contact information;
   c. IP logs, and instant messages if any, whether drafted, sent, received, opened or unopened, read or unread, and/or forwarded; and
   d. any buddy lists or contact lists, calendars, transactional data, account passwords or identifiers, and/or any other files related to that account;

2. Records concerning the identity of the user of the above-listed user account(s); consisting of name, postal code, country, e-mail address, date of account creation, IP address at account sign-up, logs showing IP address, and date stamps for account accesses.

3. Any photo prints linked to or associated with the above-listed user account(s). The photo prints are to include a compilation of all photos and or videos uploaded by the user that have not been deleted, along with all photos and videos uploaded by any user that has the user tagged in them.

4. Any additional video and/or images uploaded or downloaded to the account with any associated metadata, timestamps, and IP addresses associated with the upload or

download, as well as any transactional logs that show user interaction with the videos/images.

5. Stored Android backups;

6. Stored web bookmarks, web history, and autofill data that are stored under this account;
7. Files stored in the Google Drive related to this account, to include shared folders that are accessible by this account;

8. Files stored in the Google Photos related to this account, to include shared folders that are accessible by this account with any associated metadata (EXIF), timestamps, IP addresses associated with the upload or download, any transactional logs that show user interaction with the videos/images;

9. Google Hangouts conversation content and history associated to this account;

10. Any additional Google Account or Google Play account, to include, account information, and account history;

11. Any location history including global positioning coordinates;

12. Google wallet/checkout service information; and

13. Installed application, device make(s), model(s) and international mobile identification number (IMEI) or mobile equipment identifier number (MEID) for Google account.

**WHEREFORE**, your Affiant respectfully requests that a Search Warrant be issued commanding all and singular the Sheriffs and their Deputies, the Director of the Florida Highway Patrol and his Troopers, the Commissioner of the Florida Department of Law Enforcement and his designees, Constables and Municipal Police Officers and State Attorney's Investigators acting within their jurisdiction, with proper and necessary assistance, to search the above described Google account in a manner consistent with F.S. S. § 92.605 and California Penal Code §15.24.2, by delivering said warrant via facsimile or U.S. mail to an authorized legal representative of Google, and to seize any and all of the aforesaid property found by virtue of such Search Warrant and to list the property seized on a return and inventory, to be filed within this Judicial Circuit within ten days of this date.

Angela Cox

Detective Angela Cox #1746
Affiant / Signature
Electronic Signature

STATE OF FLORIDA )
COUNTY OF SARASOTA )

The foregoing instrument was acknowledged before me this 13th day of November 2023, by the individual whose name and signature appear above, and who is personally known to me and who did take an oath.

Detective Maria Llovio #1312
Signature/Electronic Signature
Law Enforcement Officer
Notary Public, State of Florida

**RETURN TO SEARCH WARRANT**

RECEIVED THIS WARRANT on the 15th day of November, A.D., 2023, and EXECUTED the same on the 15th day of November, A.D., 2023, by READING THIS WARRANT TO, and delivering a true COPY hereof to one SPD Property (or by leaving a COPY at the premises), and seizure of the item(s) described previously. Upon the completion of said SEIZURE, a WRITTEN INVENTORY OF THE PROPERTY seized was delivered to the aforementioned PERSON (or such a copy was left at the premises). A TRUE and CORRECT LIST of the item(s) seized is set forth in the following INVENTORY:

Refer to evidence Sought

I, Angela Cox, the officer by whom this WARRANT was executed, DO SWEAR that the above INVENTORY contains a TRUE AND DETAILED ACCOUNT of all the PROPERTY seized by me on said WARRANT.

Angela Cox #1746
AFFIANT

(SEAL) [signature]

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 15th day of November, A.D., 2023.