UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

CHRISTIAN ZIEGLER &
BRIDGET ZIEGLER,

Plaintiffs,

v. CASE NO. 8:25-cv-02992-CEH-AAS

CITY OF SARASOTA,
ANGELA COX, MARIA
LLOVIO, & ED BRODSKY,

Defendants.
_______________________________/

# DEFENDANT DETECTIVE MARIA LLOVIO'S MOTION TO DISMISS COUNT V OF PLAINTIFF CHRISTIAN ZIEGLER'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

**(with Local Rule 3.01(g) Certification)**

Defendant Detective Maria Llovio, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court to dismiss Count V of Plaintiff Christian Ziegler's Amended Complaint and states as follows.

## I.

## Summary

Count V repackages the same warrant-based narrative from the original pleading into a single Fourth Amendment claim against Detective Llovio, but the Amended Complaint still does not plausibly allege that Llovio violated clearly established law. Plaintiff's theory is that Llovio helped procure the cell phone and

Google warrants by omitting that, through counsel, Mr. Ziegler claimed he possessed an "exculpatory" video and that a viewing was scheduled. Yet an omission supports Fourth Amendment liability only if it was made knowingly or recklessly and was material (i.e., inclusion would have defeated probable cause) and Plaintiff pleads no concrete facts meeting that standard.

The Amended Complaint also asserts the warrants were "general" and "overbroad," that probable cause was lost before execution, that there was a material change in circumstances, and that SPD lacked adequate filter/privilege procedures. However, qualified immunity protects officers who rely on facially valid, judicially authorized warrants absent a defect so obvious that no reasonable officer could presume the warrants valid, and Plaintiff identifies no controlling precedent that clearly established the categorical duties he proposes in November 2023. Because Count V rests on conclusory characterizations of evidence and speculative assertions about intent and materiality—while, at most, alleging Llovio notarized the affidavits and "assisted" with drafting—it should be dismissed with prejudice. In the alternative, Count V fails to state a plausible Fourth Amendment claim under Rule 12(b)(6).

## II.

## Background (As Alleged)

For purposes of this motion only, Detective Llovio accepts the Amended Complaint's well-pleaded factual allegations as true. Plaintiff alleges that on November 1, 2023, after learning that Mr. Ziegler (through counsel) claimed he possessed a video that exonerated him, Detectives Cox and Llovio prepared proposed

warrant materials seeking to search Mr. Ziegler's entire cell phone. (Doc. 35 ¶¶ 31–33). Plaintiff alleges Detective Cox signed the cell-phone affidavit, while Detective Llovio notarized it and, upon information and belief, assisted with drafting the warrant materials. (*Id.* ¶ 31). Plaintiff further alleges the affidavit omitted reference to the purportedly exculpatory video and the plan to view it the next morning. (*Id.* ¶ 32).

Plaintiff alleges the proposed cell-phone warrant materials were sent to the State Attorney's Office for approval and then to a state judge for signature. (Doc. 35 ¶ 33). Plaintiff further alleges that, after officers viewed the video on November 2, 2023, Detective Llovio participated in executing the search warrant and later participated in obtaining and executing a warrant directed to Google to obtain data from Mr. Ziegler's Google Drive account. (*Id.* ¶¶ 36–37, 45-49).

The Amended Complaint narrows the claim against Detective Llovio to a Fourth Amendment claim by Christian Ziegler only (Count V). At the same time, it attempts to bolster Detective Llovio's alleged personal participation by adding allegations that she assisted with drafting the affidavit and warrant materials and that she "intentionally decided" to omit mention of the video. (Doc. 35 ¶¶ 31–32, 132–33). The Amended Complaint also adds the allegation that, before executing the warrants, Detective Llovio allegedly obtained information that "materially undermined" probable cause but did not return to the issuing judge. (*Id.* ¶ 132).

Based on these allegations, Count V labels the warrant process "false and misleading," alleges Detective Llovio "knew" the cell-phone and Google warrants were facially overbroad and unlawful "general warrants," asserts she "improperly

used" them to access Mr. Ziegler's ESI (including information "not identified" in the warrants), and contends probable cause allegedly dissipated after she reviewed an "exonerating" video, while adding conclusory allegations of "malice" and "bias." (Doc. 35 ¶¶ 131–47).

## III.

## Legal Standard

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Qualified immunity is immunity from suit, not merely a defense to liability, and it should be resolved at the earliest possible stage of litigation. *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a complaint fails to allege facts showing the violation of a clearly established constitutional right, dismissal on qualified immunity grounds is appropriate. *See*, *e.g.*, *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) ("It is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint 'fails to allege the violation of a clearly established constitutional right.'").

## IV.

## Argument

### A. DETECTIVE LLOVIO IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity shields officials acting within their discretionary authority unless the plaintiff plausibly alleges both a constitutional violation and that the right was clearly established at the time. *Pearson*, 555 U.S. at 232. Clearly established law must place the asserted rule "beyond debate" in a particularized sense; broad statements of general principle are inadequate. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *White v. Pauly*, 580 U.S. 73, 79 (2017) (clearly established law must be particularized, not a high level of generality); *District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018) (clearly established law must not be defined at a high level of generality). The Eleventh Circuit applies *Twombly* and *Iqbal* fully in qualified-immunity cases at the pleadings stage. *See Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

#### 1. Detective Llovio Acted Within Her Discretionary Authority

Detective Llovio acted within her discretionary authority. Investigative steps associated with seeking, supporting, and executing warrants are classic discretionary law-enforcement functions. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265–66 (11th Cir. 2004) ("whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job responsibilities"). Once discretionary authority is established, the burden shifts to Plaintiff to plead facts showing a constitutional violation of clearly established law. *See Pearson*, 555 U.S. at 232.

### 2. Plaintiff Still Does Not Plead a Plausible Constitutional Violation

#### a. Count V Fails To Plead Llovio's Personal Participation Or Causation

Section 1983 does not impose vicarious liability. A plaintiff must plead facts showing that each defendant, "through [her] own individual actions," personally violated the Constitution. *See Iqbal*, 556 U.S. at 676. In the Eleventh Circuit, individual liability likewise requires an affirmative causal connection between the defendant's acts and the alleged deprivation. It is not enough to allege that a defendant was present, generally involved, or associated with other actors. *See Williams v. Bennett*, 689 F.2d 1370, 1380–81 (11th Cir. 1982); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Count V does not plausibly satisfy that standard as to Detective Llovio. The Amended Complaint alleges Detective Cox signed the affidavit submitted to the judge, while Detective Llovio notarized it and, "upon information and belief," assisted with drafting. (Doc. 35 ¶ 31). Those allegations do not plausibly plead that Detective Llovio, through her own sworn statements or omissions to the magistrate, caused the warrants to issue. At most, Plaintiff pleads assistance in preparation without facts showing what statement or omission is attributable to Detective Llovio, that she controlled the contents presented, or that she was the decisionmaker who determined what was submitted to the issuing judge. Conclusory verbs and assertions such as "assisted," "knew," "intentionally decided," and "upon information and belief" do not supply the factual content necessary to plausibly connect Detective Llovio's own conduct to issuance or execution of the warrants in a constitutionally meaningful way. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

**b. Judge-approved warrants create a strong presumption of objective reasonableness.**

This is a warrant case. The Supreme Court has made clear that a neutral judge's issuance of a warrant is powerful evidence that an officer's conduct was objectively reasonable, and qualified immunity is lost only when the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *See Messerschmidt v. Millender*, 565 U.S. 535, 546–48 (2012) ("the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner"). Plaintiff's allegations do not plausibly clear this bar, especially where the Amended Complaint alleges the proposed warrant materials were reviewed by the State Attorney's Office and approved by a state judge. (Doc. 35 ¶ 33).

**c. Count V fails to plead a viable *Franks/Madiwale* material-omission claim.**

Plaintiff alleges Detective Llovio intentionally or recklessly omitted "important information" from the warrant materials, specifically, Sgt. Riffe's conversation with Mr. Byrd, the existence of an "exonerating" video, and Cox/Llovio's plan to view that video, while also alleging that Llovio later executed the phone warrant despite a purported "material change in circumstances" after she reviewed an "entirely exculpatory" video. (Doc. 35 ¶¶ 142, 146). Those allegations still fail to plead a viable *Franks/Madiwale* claim because an omission violates the Fourth Amendment only if made knowingly or recklessly **and** the omitted information was material. *See Franks v. Delaware*, 438 U.S. 154 (1978); *Madiwale v. Savaiko*, 117 F.3d 1321, 1326–27 (11th Cir.

1997). Materiality turns on whether probable cause still exists with the omitted information included. *See Paez v. Mulvey*, 915 F.3d 1276, 1287–88 (11th Cir. 2019).

Count V offers only conclusory labels that the video was "exculpatory," the omission was "material," and probable cause was "lost," without pleading what the video showed or facts plausibly establishing that disclosure would have defeated probable cause. (Doc. 35 ¶¶ 132–34). And Count V's allegation that the video was the "only piece of evidence" connecting the phone to the alleged assault underscores the defect—if anything, it supports a nexus to the phone rather than negating probable cause. (Doc. 35 ¶ 147).

And, in any event, an innocent explanation does not defeat a showing of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) ("probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause . . .").

On these allegations, Plaintiff's assertion that he has "exculpatory" evidence, without specific, well-pleaded facts showing it would eliminate probable cause, does not plausibly establish that inclusion would have prevented issuance of warrants seeking electronically stored evidence relevant to the reported sexual assault investigation.

Plaintiff's alternative probable cause was lost theory also fails. Plaintiff alleges Detective Llovio obtained unspecified "information" that "materially undermined" the affidavits and nonetheless executed the warrants without returning to the issuing

judge. (Doc. 35 ¶ 132). The Eleventh Circuit has rejected a broad, freestanding Fourth Amendment "affirmative duty" to return to a magistrate whenever allegedly exculpatory information arises, particularly where the officer relies on a facially valid warrant and probable cause remains. *See Washington v. Durand*, 25 F.4th 891, 907–08 (11th Cir. 2022) (no duty to return to the magistrate after each twist and turn).

Here, Count V pleads no nonconclusory facts describing what the new information was, why it actually negated probable cause, or how Llovio's conduct caused a constitutional violation. It fails under *Iqbal*, 556 U.S. at 678–79.

Finally, Count V does not identify any materially false statement attributable to Detective Llovio (or made at her direction) that was necessary to the probable cause finding. It instead asserts (in a conclusory manner) that the affidavits were "false and misleading" and that Llovio "intended" the judge to rely on them. (Doc. 35 ¶¶ 133–35). The bare allegation that Detective Llovio was motivated by malice similarly adds nothing. (Doc. 35 ¶ 144). That is not enough to plausibly state a *Franks/Madiwale* claim. Further, Count V merely alleges that Llovio notarized the subject affidavits and, on information and belief, "assisted with the drafting," which does not and cannot plausibly attribute any particular false statement or material omission to Llovio. Accordingly, Count V should be dismissed under Rule 12(b)(6), even apart from qualified immunity.

**d. Plaintiff's "Overbreadth" Allegations Do Not Show a Facial Defect That Eliminates Qualified Immunity.**

Plaintiff's overbreadth theory is that the phone and Google warrants were "general" and "overbroad" because they authorized collection of multiple categories of data and did not impose an express temporal limitation. (Doc. 35 ¶¶ 29–30, 46–47). Plaintiff also attacks language in Footnote 2 of the phone warrant asserting the warrant contained a "subject-matter limitation." (Doc. 35 ¶ 30).

Plaintiff then recasts these points as legal conclusions, alleging Detective Llovio "knew" the Google warrant was "false and misleading" and "overbroad on its face," that the warrants "cannot serve as the basis for a lawful search," and that she "knowingly obtained" unlawful "general warrants" lacking "safeguards." (Doc. 35 ¶¶ 137–40, 143). But Count V pleads no nonconclusory facts tying any of those assertions to Llovio personally or showing any alleged defect was so obvious that no reasonable officer could rely on warrants approved by a neutral judge. As to the phone warrant materials, Plaintiff also alleges review by the State Attorney's Office. (Doc. 35 ¶ 33).

Finally, Plaintiff relies on a post hoc state court return-of-property judgment describing the warrants as "severely overbroad" and noting the absence of a seizure protocol. (Doc. 35-4, Ex. D). That order post-dates the November 2023 warrants and cannot clearly establish the law at the time of the challenged conduct; nor can a Florida trial-court ruling supply controlling authority capable of placing any alleged defect "beyond debate." *See al-Kidd*, 563 U.S. at 741.

Contrary to Plaintiff's position, the Supreme Court has emphasized that qualified immunity protects officers who reasonably rely on warrants unless the warrant is so facially deficient in particularity that no reasonable officer could presume

it valid. *See Millender*, 565 U.S. at 547–48. The warrants here described categories of electronic information to be seized. Even if Plaintiff believes those categories could have been narrowed, that is not enough to overcome the strong presumption of objective reasonableness created by judicial approval. Count V also fails to identify what information was actually obtained outside the warrants' categories (or how Llovio personally caused any such out-of-scope access). It relies instead on labels and conclusions.

Plaintiff also has not identified any Supreme Court or Eleventh Circuit precedent holding that a cellphone or cloud-account warrant must include an express temporal limitation to satisfy the Fourth Amendment, much less that such a requirement was "clearly established" in November 2023. *See White*, 580 U.S. at 79 (clearly established law must be "particularized" to the facts). Indeed, the Eleventh Circuit has recognized that applying traditional Fourth Amendment standards to evolving technology can present close questions, and officers are generally entitled to rely on judicially authorized warrants in this developing area. *See United States v. McCall*, 84 F.4th 1317, 1326–28 (11th Cir. 2023) (good-faith exception; investigators reasonable presumption a broad warrant authorizing acquisition of iCloud data was valid).

**e. Plaintiff's probable cause was lost theory does not state a clearly established Fourth Amendment violation.**

Count V seeks to impose liability on the theory that, after the warrants issued, Detective Llovio allegedly learned information that purportedly "materially

undermined" probable cause, namely that she reviewed an "entirely exculpatory" video, yet did not return to the issuing judge before execution. (Doc. 35 ¶¶ 35, 132, 142). Count V still pleads no nonconclusory facts describing what the video showed or why it eliminated probable cause, particularly where Count V separately alleges the video was "necessary to establish probable cause." (Doc. 35 ¶ 147).

Even assuming the Amended Complaint adequately alleges some later development, qualified immunity bars this theory because Plaintiff cannot identify controlling Supreme Court or Eleventh Circuit authority that clearly establishes the categorical duty Plaintiff proposes in the circumstances alleged. This is because the Eleventh Circuit has rejected an asserted affirmative duty to return to the magistrate to report allegedly exculpatory information as a condition of continued reliance on a facially valid warrant. *See Durand*, 25 F.4th at 907–08. Accordingly, under *Durand*, and under the Supreme Court's "beyond debate" requirement for clearly established law, Count V fails at the second prong of qualified immunity. *See al-Kidd*, 563 U.S. at 741; *Wesby*, 583 U.S. at 63–64.

**f. Allegations concerning filter procedures or privileged materials do not defeat qualified immunity.**

Finally, Plaintiff alleges that detectives encountered attorney-client and spousal communications during the extraction and that SPD did not use a "taint team." (Doc. 35 ¶ 44). Even accepting those allegations, Plaintiff cites no precedent from the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court—much less clearly established in November 2023—holding that the Fourth Amendment requires

law enforcement to employ a taint/filter team (or any particular protocol) when executing a facially valid search warrant for electronic data. At minimum, a reasonable officer could believe that reviewing extracted data in the course of executing judicially authorized warrants (without a separate taint team) did not violate any clearly established constitutional right. Qualified immunity therefore bars Count V on this theory.

Moreover, Plaintiff cannot convert alleged reputational harm from the later disclosure of information into a constitutional deprivation. Injury to reputation alone is not a constitutional deprivation. *See Paul v. Davis*, 424 U.S. 693, 701–12 (1976). (Doc. 35 ¶¶ 66–67).

In addition, to the extent Plaintiff attempts to premise Count V on the later inclusion or disclosure of information obtained during the investigation (as opposed to the search and seizure itself), the claim still fails as to Detective Llovio because the Amended Complaint does not plead facts showing that Detective Llovio personally made, directed, or had decision-making authority over any disclosure in police reports or public records. (Doc. 35 ¶ 66). Section 1983 requires personal participation and a causal connection; conclusory allegations that "detectives" or "the City" disclosed information do not state an individual-capacity claim against Detective Llovio.

**3. In Any Event, Plaintiff Fails to Identify Clearly Established Law That Would Have Put Detective Llovio on Notice.**

Even if the Court were to assume a constitutional violation, qualified immunity still bars Count V because Plaintiff has not identified precedent from the Supreme

Court, the Eleventh Circuit, or the Florida Supreme Court that would have put every reasonable officer on notice that the specific conduct alleged here was unlawful in November 2023. *See al-Kidd*, 563 U.S. at 741; *White*, 580 U.S. at 79. General statements about the right to be free from unreasonable searches are not enough. The law must make the unlawfulness apparent in the particular context confronted by the officer. *See Wesby*, 583 U.S. at 63–64.

Because Plaintiff's theory depends on extending broad Fourth Amendment principles to novel and fact-specific circumstances involving digital-search warrants, prosecutor review, judicial approval, and alleged privileged communications, Count V fails to overcome qualified immunity and must be dismissed.

**B. IN THE ALTERNATIVE, COUNT V FAILS TO STATE A PLAUSIBLE FOURTH AMENDMENT CLAIM.**

Apart from qualified immunity, Count V should be dismissed under Rule 12(b)(6) because it pleads conclusions, not facts plausibly showing a Fourth Amendment violation. *Twombly*, 550 U.S. at 555–57; *Iqbal*, 556 U.S. at 678.

Count V is styled as a *Franks/Madiwale* omission claim, but it does not plausibly allege a knowing or reckless omission that was material, meaning inclusion would have defeated probable cause. *Franks*, 438 U.S. at 171–72; *Madiwale*, 117 F.3d at 1326–27; *Paez*, 915 F.3d at 1287–88. While Plaintiff may label a video "exculpatory" and claim that probable cause was "lost," Plaintiff fails to plead what the video showed or any facts demonstrating that any omitted facts would have changed the outcome. (Doc. 35 ¶¶ 132–34, 142, 146–47). Count V likewise does not identify any materially

false statement attributable to Detective Llovio that was necessary to the probable cause finding. (Id. ¶¶ 133–35).

Count V also asserts the warrants were "general," lacked "safeguards," and were used to access data "not identified" in the warrants, but it does not identify any concrete particularity defect, any specific out of scope seizure, or facts tying such conduct to Llovio. (Doc. 35 ¶¶ 137–45). Finally, Count V does not plausibly plead Llovio's personal responsibility. It alleges Cox signed the affidavits while Llovio notarized them and, on information and belief, "assisted with the drafting," which is insufficient to plead a causal connection to Llovio's own unconstitutional conduct. *See Iqbal*, 556 U.S. at 676; *Franklin v. Curry*, 738 F.3d 1246, 1250–51 (11th Cir. 2013). For these reasons, Count V fails to state a plausible claim and should be dismissed.

## V.

## Conclusion

For the foregoing reasons, Defendant Detective Maria Llovio respectfully requests that the Court dismiss Count V with prejudice on qualified immunity grounds, or alternatively dismiss Count V for failure to state a claim, and grant such other relief as is just and proper.

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that he conferred on the resolution of this motion with counsel for Plaintiff over the phone today, and Plaintiff opposes this motion.

Respectfully submitted,

s/ Bradley P. Rothman
Bradley P. Rothman, Esq. Florida
Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Defendant Maria Llovio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

s/ Bradley P. Rothman
Attorney