UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN ZIEGLER &
BRIDGET ZIEGLER,

Plaintiffs,

v. CASE NO. 8:25-cv-02992-CEH-AAS

CITY OF SARASOTA, ANGELA
COX, & MARIA LLOVIO

Defendants.
_____________________________/

**DEFENDANT ANGELA COX'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW**

COMES NOW the Defendant, Angela Cox, by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files her Motion to Dismiss Plaintiff's Amended Complaint Count IV filed on February 6, 2026, and Memorandum of Law, and states the following:

1. This case arises from an investigation performed by Angela Cox while on duty as a Police Officer with the City of Sarasota.

2. Summons was served on the defendant, and a waiver was filed on November 29, 2025.

## MEMORANDUM OF LAW

### I. ALLEGATIONS

The Plaintiff alleges that Angela Cox in her official capacity as a Law Enforcement officer violated the Plaintiff's rights, however she is being sued in her individual capacity.

### II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)6, a claim should be dismissed if a Plaintiff fails to state a claim upon which relief can be granted. The United States Supreme Court case of ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007), prescribes the general standard for deciding Rule 12(b)(6) motions. *Twombly* holds that "while a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, . . . a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a Cause of Action will not do." *Id* at 561-63. A Complaint may survive a Rule 12(b)(6) motion only if it contains sufficient factual allegations to render the alleged claim "plausible on its face." *Id* at 562. "A claim has a facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009). The mere possibility that the Defendant acted unlawfully is insufficient to allow a Plaintiff to survive a Motion to Dismiss. *Id.* The well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. Where a Plaintiff fails to allege sufficient facts necessary to sustain the above burden, his claim must be dismissed. *Id.*

## III. ARGUMENT

### A. Defendant COX, sued in her individual capacity, is entitled to Qualified Immunity.

Defendant Cox, sued in her individual capacity, is entitled to Qualified Immunity and thus should be dismissed from the instant suit as a matter of law. The doctrine of qualified immunity protects governmental officials while performing ***discretionary functions*** from being sued in their individual capacities. ***Wilson v. Layne,*** 526 U.S 603, 609 (1999); ***Gonzalez v. Reno,*** 325 F.3d 1228, 1235 (11th Cir. 2003) (citing

*United States Dep't of State v. Ray,* 502 U.S. 164, 179 (1991) ("We must keep in mind the fact that '[w]e generally accord . . . official conduct a presumption of legitimacy").

The doctrine does not only protect against liability, but the need for government officials to even defend against baseless lawsuits. ***Harlow v. Fitzgerald,*** 457 U.S. 800, 812 (1982). "Only in **exceptional cases** will governmental actors have no shield against claims made against them in their individual capacities." ***Reed v. Enterprise,*** 140 F.3d 1378, 1382 (11th Cir. 1998). Qualified immunity is a question of law for the Court. *Post v. City of Ft. Lauderdale,* 7 F.3d 1552, 1557 (11th Cir. 1993). "Because this defense should be resolved at the earliest possible stage of litigation, it is proper for this Court to rule on qualified immunity during a motion to dismiss." ***Gonzalez v. Reno,*** 325 F.3d 1228, 1223 (11th Cir. 2003).

Public officials are shielded under qualified immunity so far as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 812. The qualified immunity analysis consists of a preliminary inquiry plus two steps. As a preliminary matter, the Defendant official must prove he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Once that inquiry is satisfied, the burden shifts to the Plaintiff's, whose allegations, if true, must establish a constitutional violation." *Wood v. Kesler,* 323 F. 3d 872, 877-78 (11th Cir. 2003); ***Hartsfield v. Lemacks***, 50 F. 3d 950, 953 (11th Cir. 1995). Plaintiff's must do more than refer to general rules and abstract rights to meet this burden. ***Jones v. Cannon***, 174 F. 3d 1271, 1282-83 (11th Cir. 1999). Only if Plaintiffs rights were violated does the court proceed to the final step in qualified immunity determination – whether that right was clearly established. *Wood,* 323 F. 3d at 877-78.

The question is whether the Defendant had **arguable probable cause** to arrest and search the Plaintiff. The Eleventh Circuit has stated that "probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." ***Skop v. City of Atlanta Ga.,*** 485 F.3d 1130, 1137 (11th Cir. 2007). Moreover, in the context of qualified immunity, ***arguable probable cause is all that is needed for an arrest or seixure***. *See* **Jones v. Cannon,** 174 F.3d 1271, 1283 n.3 (11th Cir. 1999). Arguable probable cause is defined as "*whether a reasonable officer in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed". Skop,* 485 F.3d at 1137.

Here, COX has at a very basic level arguable probable cause to investigate the Plaintiff, but had sufficient probable cause to stop, frisk or question the Plaintiff. The allegations from the alleged victim gave rise to COX and the City to investigate the Plaintiff's. Her mere contact with the Plaintiff did not violate any law or right owing to the Plaintiff. This was entirely within the scope of Cox's rights as a Law Enforcement Officer to investigate the Plaintiffs.

**B. Defendant COX acted in her discretionary capacity and is entitled to Qualified Immunity.**

To be eligible for qualified immunity, a governmental official "must have been engaged in a 'discretionary function' when he performed the acts of which the Plaintiffs complaint alleges". *Holloman ex rel.* ***Holloman v. Harland,*** 370 F.3d 1252, 1264 (11th Cir. 2004). The inquiry is two-fold. The Court asks "whether the governmental employee was (a) performing a legitimate job- related function (that is, pursuing a job-related goal), (b) through means that were within his/her power to utilize." *Id* at 1265-66.

The allegations of the Plaintiff relating to the conduct engaged in by COX makes it clear that COX was acting within her discretionary capacity when investigating a complaint. Cox at all times had within her purview to obtain and execute a warrant as a law Enforcement officer, after the warrants were approved by a neutral Judge. The means in which she conducted this investigation were within her power as a Law Enforcement Officer in the State of Florida.

Therefore, Defendant, COX is entitled to qualified immunity.

**C. Judge-Approved warrants create a strong presumption of reasonableness.**

The warrant in this case was issued and approved by a neutral judge. The Supreme Court has made clear that a neutral judge's issuance of a warrant is powerful evidence that an officer's conduct was objectively reasonable, and qualified immunity is lost only when the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *See Messerschmidt v. Millender*, 565 U.S. 535, 546–48 (2012) ("the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner"). Plaintiff's allegations do not plausibly clear this bar, especially where the Amended Complaint alleges the proposed warrant materials were reviewed by the State Attorney's Office and approved by a state judge. (Doc. 35 ¶ 33).

**D. Plaintiff's Claims do not state a cause of action against Cox.**

The Plaintiff has attempted to state a cause of action for a violation under 42 U.S.C. § 1988. There are no allegations that the Defendant COX engaged in any action that violated the Plaintiffs constitutional or legal rights. Vague and conclusory allegations that merely suggest a § 1983 violation existed are insufficient to withstand a motion to dismiss. ***Fullman v. Graddick***, 739 F.2d 553, 556 (11th Cir. 1984). Here, the

Plaintiff has failed to state with specificity any act the Defendant took in violating their constitutional rights. The Plaintiff has fallen short of pleading the required elements for a claim under either 42 U.S.C. § 1988 or Florida Law. Plaintiff cites no policy and/or pattern of behavior existing in the City.

**E. Plaintiff fails to plead a viable *Franks/Madiwale* material-omission claim.**

Plaintiff alleges Detective Cox intentionally or recklessly omitted "important information" from the warrant materials, specifically, Sgt. Riffe's conversation with Mr. Byrd, the existence of an "exonerating" video, and Cox/Llovio's plan to view that video, while also alleging that Cox later executed the phone warrant despite a purported "material change in circumstances" after she reviewed an "entirely exculpatory" video. (Doc. 35 ¶¶ 142, 146). Those allegations still fail to plead a viable *Franks/Madiwale* claim because an omission violates the Fourth Amendment only if made knowingly or recklessly **and** the omitted information was material. *See Franks v. Delaware*, 438 U.S. 154 (1978); *Madiwale v. Savaiko*, 117 F.3d 1321, 1326–27 (11th Cir. 1997). Materiality turns on whether probable cause still exists with the omitted information included. *See Paez v. Mulvey*, 915 F.3d 1276, 1287–88 (11th Cir. 2019).

Count IV offers only conclusory labels that the video was "exculpatory," the omission was "material," and probable cause was "lost," without pleading what the video showed or facts plausibly establishing that disclosure would have defeated probable cause. (Doc. 35 ¶¶ 112-130). And Count IV's allegation that the video was the "only piece of evidence" connecting the phone to the alleged assault underscores the defect—if anything, it supports a nexus to the phone rather than negating probable cause. (Doc. 35 ¶ 127).

And, in any event, an innocent explanation does not defeat a showing of probable

cause. *See Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) ("probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of at least arguable probable cause . . .").

On these allegations, Plaintiff's assertion that he has "exculpatory" evidence, without specific, well-pleaded facts showing it would eliminate probable cause, does not plausibly establish that inclusion would have prevented issuance of warrants seeking electronically stored evidence relevant to the reported sexual assault investigation.

Plaintiff's alternative probable cause was lost theory also fails. Plaintiff alleges Detective Cox obtained unspecified "information" that "materially undermined" the affidavits and nonetheless executed the warrants without returning to the issuing judge. (Doc. 35 ¶ 112). The Eleventh Circuit has rejected a broad, freestanding Fourth Amendment "affirmative duty" to return to a magistrate whenever allegedly exculpatory information arises, particularly where the officer relies on a facially valid warrant and probable cause remains. *See Washington v. Durand*, 25 F.4th 891, 907–08 (11th Cir. 2022) (no duty to return to the magistrate after each twist and turn).

Here, Count IV pleads no nonconclusory facts describing what the new information was, why it actually negated probable cause, or how Cox's conduct caused a constitutional violation. It fails under *Iqbal*, 556 U.S. at 678–79.

Finally, Count IV does not identify any materially false statement attributable to Detective Cox that was necessary to the probable cause finding. It instead asserts (in a conclusory manner) that the affidavits were "false and misleading" and that Cox "intended" the judge to rely on them. (Doc. 35 ¶¶ 113). The bare allegation that Detective Cox was motivated by malice similarly adds nothing. (Doc. 35 ¶ 124). That is not enough to plausibly state a *Franks*/*Madiwale* claim.

### F. Plaintiff's Complaint fails to identify any established law that would have put detective COX on Notice.

Even if the Court were to assume a constitutional violation, qualified immunity still bars Count IV because Plaintiff has not identified precedent from the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court that would have put any reasonable officer on notice that the specific conduct alleged was unlawful in November 2023. *See al-Kidd*, 563 U.S. at 741; *White*, 580 U.S. at 79. General statements about the right to be free from unreasonable searches are not enough. The law must make the unlawfulness apparent in the particular context confronted by the officer. *See Wesby*, 583 U.S. at 63–64.

Because Plaintiff's theory depends on extending broad Fourth Amendment principles to novel and fact-specific circumstances involving digital-search warrants, prosecutor review, judicial approval, and alleged privileged communications, Count V fails to overcome qualified immunity and must be dismissed.

**WHEREFORE**, Defendant, **ANGELA COX**, respectfully requests that this Honorable Court enter an Order dismissing all the Plaintiff's Claims against Defendant COX, and grant such additional relief as is deemed just and proper.

**<u>LOCAL RULE 3.01(g) CERTIFICATE</u>**

I HEREBY CERTIFY that the undersigned counsel conferred with the Plaintiff's counsel on February 19, 2026, and opposing counsel disagreed on the resolution of this Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 23rd February 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James O. Williams, Esq
WILLIAMS LEININGER COSBY
11300 US Highway One, Suite 300
North Palm Beach, FL 33408
Phone: 561-615-5666
Email: jwilliams@wlclaw.com

Matthew Seth Sarelson
DHILLON LAW GROUP, INC
Attorney for the Plaintiff
1601 Forum Place Suite 202
West Palm Beach, FL 33401
Phone: 305.391.2111
Email: msarelson@dhillonlaw.com

Bradley Rothman Weldon
& Rothman, PL
Attorney for Defendant Llovio
2548 Northbrooke Plaza Dr.
Naples, FL 34119
Phone: 239.262.2141
Email: brothman@weldonrothman.com

Respectfully submitted,

**/s/ Timothy P. Culhane**
Timothy P. Culhane
Florida Bar No.: 124657
LANDMARK LAW FIRM
3949 Evans Ave Suite 300B
Fort Myers, FL 33902
Tel: (239) 204-5808
Email: tim@thelandmarklaw.com Email:
pleadings@thelandmarklaw.com
Counsel for Angela Cox