**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIAN ZIEGLER and
BRIDGET ZIEGLER,

Plaintiffs,

v. Case No.: 8:25-cv-2992-CEH-AAS

CITY OF SARASOTA, ANGELA
COX, MARIA LLOVIO and
ED BRODSKY, in his official capacity
as STATE ATTORNEY FOR FLORIDA'S
TWELFTH JUDICIAL CIRCUIT,

Defendants.
_________________________________________/

**DEFENDANT STATE ATTORNEY ED BRODSKY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [ECF No. 35] AND INCORPORATED MEMORANDUM OF LAW**

Defendant, State Attorney Ed Brodsky, by and through undersigned counsel moves this Honorable Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Amended Complaint [ECF No. 35]. In support thereof, Defendant states the following:

## CASE PROCEDURAL POSTURE

1. On or about October 31, 2025, Plaintiffs, Christian Ziegler and Bridget Ziegler, filed their Complaint against Defendants City of Sarasota, Angela Cox and Maria Llovio. ECF No. 1

2. On or about February 6, 2026, Plaintiffs filed an Amended Complaint against Defendants City of Sarasota, Angela Cox and Maria Llovio, adding Ed Brodsky, in his official capacity as State Attorney for the Twelfth Judicial Circuit as a defendant. ECF No. 35.

3. On February 26, 2026, the Clerk of Court issued a Summons for State Attorney Brodsky, which was served on March 2, 2026. ECF No. 46.

4. On March 16, 2026, an Unopposed Motion for Extension of Time was filed on behalf of State Attorney Brodsky requesting a thirty-day extension to respond to Plaintiff's Amended Complaint. ECF No. 52

5. This Court granted the Motion, directing State Attorney Brodsky to respond within thirty days of the filing date of the motion, by April 16, 2026. ECF No. 54.

6. Subsequently on April 16, 2026, State Attorney Brodsky filed an Unopposed Motion for Extension of Time, requesting a short fourteen-day extension to respond to Plaintiffs' Amended Complaint. ECF No. 64.

7. This Court granted the Motion for Extension of Time, permitting State Attorney Brodsky to respond to Plaintiffs' Amended Complaint by April 30, 2026. ECF No. 65.

8. Dismissal is warranted, as this court lacks subject matter jurisdiction over Plaintiffs' asserted claims under the *Younger* abstention doctrine. Furthermore, this action is barred pursuant to the Eleventh Amendment, and prosecutorial immunity and Plaintiffs' Amended Complaint fails to state a cause of action.

## STATEMENT OF THE FACTS

9. Plaintiffs bring a civil rights action under 28 U.S.C. § 1983 against the City of Sarasota and Sarasota Police Department Detectives Angela Cox and Maria Llovio for abuse of official power and investigative misconduct. ECF No. 35 at 4. Plaintiffs further allege that defendants Cox and Llovio withheld critical exculpatory evidence from judicial review, obtained overbroad search warrants and invaded Plaintiff's rights to privacy, inflicting severe and enduring harm on Plaintiffs, their family, professions and reputations. *Id.*

10. State Attorney Ed Brodsky is sued in his official capacity and only for prospective injunctive relief. ECF No. 35 at 53.

11. The Amended Complaint claims Sarasota Police Department received a sexual assault report from the victim's friend. ECF No. 35 at 6. Four male officers responded to take the report and the victim declined to prosecute. *Id.* A second set of officers followed up with the victim and again she declined to prosecute. *Id.* Finally, Detectives Cox and Llovio met with the victim. *Id.* Detective Llovio was acquainted with the victim, as they had been neighbors and lived in the same neighborhood. ECF No. 35 at 6-7.

12. Plaintiffs allege that Detective Llovio abused her preexisting relationship with the victim to exert influence on her to proceed with the investigation. ECF No.

35 at 7. Plaintiffs believe that Detective Llovio was able to pressure the victim to initiate a criminal investigation against Plaintiff Christian Ziegler. *Id.*

13. On November 1, 2023, Attorney Byrd contacted Sgt. Riffe to provide a videotape that exonerated Mr. Ziegler. ECF No. 35 at 9-10. A meeting was arranged for the following morning. ECF No. 35 at 10. That evening Detectives Cox and Llovio prepared a search warrant for Mr. Ziegler's phone. *Id.* The search warrant was presented with an Affidavit that omitted the exonerating information as to the exculpatory videotape. ECF No. 35 at 13. The warrant was sent to the State Attorney's Office for review and presented to Judge Krug for signature. *Id.*

14. The following day Mr. Ziegler and the detectives met at his attorney's office where detectives were able to view the exculpatory video. ECF No. 35 at 14. Nevertheless, they seized the phone, pursuant to the warrant. ECF No. 35 at 16. The download of the information from the seized phone was completed in five days. ECF No. 35 at 17. The data consisted of 30,417 videos, 473,199 photos and 1200 text messages. *Id.* Detectives reviewed privileged information including spousal and attorney-client privileged material without a taint team to screen privileged information. ECF No. 35 at 18.

15. On November 13, 2023, Detectives Cox and Llovio prepared a warrant to be issued to Google for the exculpatory video. *Id.* The warrant omitted exonerating information that the detectives had previously viewed the exculpatory video. ECF No. 35 at 21-22.

16. Once Detectives had the Google drive data, they were unable to locate the exculpatory video and met with Mr. Ziegler on December 1, 2023, to download the video from his computer. ECF No. 35 at 22-23. Detectives were able to confirm, through metadata, that the video was recorded on October 2, 2023, the date of the alleged assault. ECF No. 35 at 23. At this point detectives ceased their investigation of Mr. Ziegler for assault but initiated a new investigation for video voyeurism. ECF No. 35 at 24. Detectives next attempted to obtain Mr. Ziegler's Meta Instagram account and prepared a warrant to seize that information. *Id.* Upon receipt and review of the information from Meta Instagram, no further useful information was noted. ECF No. 35 at 27.

17. On January 19, 2024, Sarasota Police Department referred the case to the State Attorney's Officer on a charge of video voyeurism. *Id.* On March 6, 2024, the State Attorney's Office declined to formally charge Mr. Ziegler. *Id.*

18. Plaintiffs claim that some of seized material was transmitted to the State Attorney. ECF No. 35 at 53. Plaintiffs allege that the State Attorney's continued possession of the seized property violates Mr. Ziegler's Fourth, Fifth and Fourteenth Amendment rights. ECF No. 35 at 54. Yet, Plaintiffs acknowledge that "the destruction order is stayed pending appellate review." *Id.*

19. As a result of this investigation, Mr. Ziegler was forced to resign from his position as Chair of the Florida Republican Party and Mrs. Ziegler was forced to resign from her position at the Leadership Institute. ECF No. 35 at 29.

20. Detectives Cox and Llovio's police reports contained confidential and personal information which Plaintiffs allege was seized from Mr. Ziegler's personal device, and which was reported to the public by local, national and international news media. ECF No. 35 at 29-20. The Zieglers suffered loss to their reputation from which they have not recovered to date, while the officers were not retrained or disciplined. ECF No. 35 at 23, 31.

21. The Office of the State Attorney for the Twelfth Judicial Circuit is permanently enjoined from publicly disclosing the seized information and court ordered to destroy the seized data. ECF No. 35-4 at 43-44. Destruction of the seized property is to take place upon an appellate mandate affirming. ECF No. 35 at 54 ¶ 160. In addition, the state court reserved jurisdiction to enforce the order. ECF No. 35-4 at 44.

22. Plaintiffs allege the following Counts in their Amended Complaint:

I: Violation of Fourth Amendment: Execution of Illegal Search Warrant [Against City of Sarasota] ECF No. 35 at 32-39.

II: Violation of Fourth and Fourteenth Amendments: Wrongful Retention [Against City of Sarasota] ECF No. 35 at 39-41.

III: Violation of Fifth Amendment: [Against City of Sarasota] ECF No. 35 at 41-43.

IV: Violation of Fourth Amendment: [Against Detective Cox] ECF No. 35 at 43-48.

V: Violation of Fourth Amendment: [Against Detective Llovio] ECF No. 35 at 48-53.

VI: 42 U.S.C. § 1983 [Against State Attorney] ECF No. 35 at 53-56.

VII: 42 U.S.C. § 1983 [Against City of Sarasota] ECF No. 35 at 56-58.

## MEMORANDUM OF LAW

### I. Standard of Review.

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's Complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. It is not enough that a claim

is conceivable, the applicable standard is that a claim must be plausible on its face and is subject to dismissal when the facts pleaded do not meet this requirement. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The federal pleading rules require a complaint to provide sufficient notice to a defendant regarding the causal connection between the defendant and the plaintiff's claim, so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people…" *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

## II. Argument in Support of Dismissal.

### *a. Eleventh Amendment immunity bars Plaintiffs' claims.*

Under the Eleventh Amendment of the United States Constitution, a state is protected from being sued in federal court without the state's consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). The Eleventh Amendment "prohibits suits against state officials where the state is, in fact, the real party in interest." *Summit Med. Assocs., P.C. v. Pryor*, 180 F. 3d 1326, 1336 (11th Cir. 1999).

There are three general exceptions to the Eleventh Amendment's jurisdictional bar: "(1) A state's immunity may be abrogated by an act of Congress under section 5 of the Fourteenth Amendment; (2) a state may waive its sovereign immunity; or (3)

the claim may fall within the confines of *Ex parte Young,* 209 U.S. 123 (1908)." *Camm v. Scott*, 834 F. Supp. 2d 1342, 1347 (M.D. Fla. 2011).

In their Amended Complaint, Plaintiffs allege claims against State Attorney Ed Bodsky in violation of 42 U.S.C. § 1983. ECF No. 35 at 53-56. Plaintiffs claim their action is authorized under *Ex parte Young,* in that they seek prospective injunctive relief only. ECF No. 35 at 53. However, it seems that Plaintiff's also seek monetary damages. ECF No. 35 at 59. To the extent that Plaintiffs seek retroactive monetary damages including attorney's fees, such claims are barred by sovereign immunity.

***b. Prosecutorial Immunity Bars Plaintiff's Claims Against State Attorney Ed Brodsky.***

A prosecutor is entitled to absolute immunity for all actions undertaken while performing the function of an advocate for the state. Prosecutorial functions include the initiation and pursuit of criminal prosecution and most appearances before the court, including examining witnesses and presenting evidence.

The decision to prosecute is protected by absolute immunity from claims that the decision was malicious and unsupported by probable cause. *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976). This includes protection for preliminary actions before initiation of a prosecution and may include actions outside the courtroom, such as interviewing witnesses before charges are filed. *Imbler,* 424 U.S. at 431 n. 33; *Buckley,* 509 U.S. 259 at 272-73, *Mullinax v. McElhenney,* 817 F.2d 711, 715 (11th Cir.1987). "A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an

action for damages under § 1983." *Edison v. Fla.*, No. 2:04CV157 FTM99SPC, 2007 WL 80831, at *5–6 (M.D. Fla. Jan. 8, 2007) (quoting *Elder v. Athens-Clarke County, Ga. ex rel. O'Looney,* 54 F.3d 694, 695 (11th Cir.1995)). Charging a person with a crime in the absence of probable cause is within the scope of a prosecutor's absolute immunity. *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271 at 1281. "A prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon,* , 1281 (11th Cir.1999). Similarly, filing criminal charges without investigation is subject to absolute immunity. *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985); *Fullman v. Graddick,* 739 F.2d 553, 558-59 (11th Cir.1984).

Plaintiffs claim that a "very small subset of seized materials was transmitted to the State Attorney. The State Attorney is currently in possession of the small subset of seized materials. The State Attorney declined to prosecute Mr. Ziegler." ECF No. 35 at 53. Plaintiffs allege that the State Attorney's continued possession of the seized property violates Mr. Ziegler's Fourth, Fifth and Fourteenth Amendment rights." ECF No. 35 at 54.

Plaintiffs acknowledge that the "State Attorney is currently enjoined by a state circuit court order from producing the seized material in response to public records requests" and the "State Attorney is further required to return to Mr. Ziegler and to otherwise permanently destroy all copies of the seized material." *Id.* Plaintiffs claim that the "State Attorney has not complied with the state court injunction order, but acknowledge that "the destruction order is stayed pending appellate review." *Id.*

Although Plaintiffs make conclusory allegations that the State Attorney's possession of the seized property violates their constitutional rights, Plaintiffs present no facts in support of their claim. Plaintiffs acknowledge that the destruction order is stayed, pending appellate review. *Id.* Destruction of the seized property is to take place upon an appellate mandate affirming. ECF No. 35 at 54 ¶ 160. Thus, Plaintiffs recognize that State Attorney Brodsky's actions are in compliance with the law and judicial orders.

Plaintiffs claim their action is authorized under *Ex parte Young,* in that they seek prospective injunctive relief only. ECF No. 35 at 53. However, it seems that Plaintiffs also request monetary damages. ECF No. 35 at 59. To the extent that Plaintiffs seek retroactive monetary damages including attorney's fees, such claims are barred by prosecutorial immunity.

Claims for injunctive relief may overcome prosecutorial immunity. *Bolin v. Story*, 22F. 3d 1234, 1242 (11th Cir. 2000). In order to establish entitlement to injunctive relief overcoming prosecutorial immunity, "plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted , and the absence of adequate remedy at law. *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Plaintiffs are unable to establish any of the three elements. First, State Attorney Brodsky has not violated any law or constitutional provisions and Plaintiffs have not established any facts in support of such a claim.

Second, there is no serious risk of continuing irreparable injury if this court declines to issue injunctive relief. This court recognizes that the Office of the State

Attorney for the Twelfth Judicial Circuit is permanently enjoined from publicly disclosing the seized information and court ordered to destroy the seized data. ECF No. 35-4 at 43-44 and ECF No. 33 at 2-3. Destruction of the seized property is to take place upon an appellate mandate affirming. ECF No. 35 at 54 ¶ 160 and ECF No. 33 at 3. In addition, the state court reserved jurisdiction to enforce the order. ECF No. 35-4 at 44. Therefore, Plaintiffs are unable to demonstrate serious risk of continuing irreparable injury.

Third, the state court order mandating destruction of the seized information, coupled with the reservation of jurisdiction for enforcement purposes demonstrates that Plaintiffs have an adequate remedy at law.

"Injunctive relief claims against prosecutors typically fail on the "adequate remedy at law" element. *Bolin, supra. at* 1242-1243. The Eleventh Circuit in *Bolin* dismissed injunctive relief claims against prosecutors since plaintiffs had adequate legal remedies available, including the ability to appeal adverse rulings in criminal cases to both the circuit court and Supreme Court, as well as the option to seek extraordinary writs such as for mandamus relief. *Id.* The court emphasized that having an adequate remedy at law precludes injunctive relief, even when prosecutorial immunity is inapplicable. *Id.*

To the extent that Plaintiffs seek retroactive monetary damages including attorney's fees, such claims are barred by prosecutorial immunity. In addition, Plaintiffs have not established entitlement to injunctive relief warranting dismissal.

***c. The Younger Abstention Doctrine Bars Plaintiff's Claims.***

Plaintiffs' Amended Complaint warrants dismissal for lack of subject-matter jurisdiction under the *Younger* abstention doctrine. *Younger v. Harris,* 401 U.S. 37, 46 (1971). "Younger v. Harris…and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423,431 (1982).

The "extraordinary circumstances" contemplated under *Younger* exist only in very limited cases. *Younger supra* at 53-54; *see also Moore v. Sims*, 442 U.S. 415 (1979). Such extraordinary circumstances can be found where a statute is found to be unconstitutional in every application, such as when a statute is determined to be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner." *Id.* Another example of "extraordinary circumstances" arises when an administrative agency's bias renders it incompetent to adjudicate issues before it. *Gibson v. Berryhill,* 411 U.S. 564 (1973). This action does not involve any "exceptional circumstances," which would preclude abstention.

The Abstention doctrine was extended to noncriminal proceedings in cases (1) involving an ongoing state judicial proceeding; (2) implicating important state interests and (3) precluding an adequate opportunity to raise federal issues. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423,431 (1982).

The Supreme Court narrowed Younger abstention to preclude intrusion into

ongoing state criminal proceedings, certain "civil enforcement proceedings" and proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Sprint Communication, Inc. v. Jacobs*, 571 U.S. 69, 70-71 (2013).

The Eleventh Circuit has adopted a two-step approach. A court must first determine whether a case falls into any of the categories enumerated in *Sprint*, before proceeding with an analysis of the *Middlesex* factors. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902 (11th Cir 2023).

<u>Step 1: *Sprint* analysis</u>:

Applying the *Sprint* factors to the instant case, abstention is required as this case involves a criminal prosecution. Plaintiffs seek injunctive relief directing the Office of the State Attorney for the Twelfth Judicial Circuit to destroy material seized pursuant to a criminal investigation.

Additionally, Plaintiffs petition this Court to "enjoin and reverse state court orders." A state has a legitimate interest in the validity of its judgments." *Shepherd v. U.S. Bank, Nat'l Ass'n As Tr. for Structured Asset Inv. Loan Tr., Mortg. Pass-Through Certificates Servs*, 839 F.App'x 304, 306 (11th Cir. 2020). When considering this factor, Plaintiffs bear the burden of overcoming this presumption, by demonstrating that the state remedies are inadequate. *Id.*

Younger abstention, by upholding the integrity of state court orders, prevents litigants from facing contemporaneous litigation in state court and federal court with the possibility of facing inconsistent orders, where compliance with the state order would violate a federal order and vice versa.

Before filing this federal suit, Plaintiffs filed litigation in Sarasota Circuit Court requesting declaratory and injunctive relief to prevent the Office of the State Attorney for the Twelfth Judicial Circuit from releasing the contents from Mr. Ziegler's phone in response to public records requests. ECF No. 33.[1] A court order issued July 1, 2024, entered judgment in favor of Plaintiffs. ECF No. 35-4; *see also* ECF No. 33 at 2. This court recognizes that the Office of the State Attorney for the Twelfth Judicial Circuit is permanently enjoined from publicly disclosing the seized information and court ordered to destroy the seized data. ECF No. 35-4 at 43-44 and ECF No. 33 at 2-3. Destruction of the seized property is to take place upon an appellate mandate affirming. ECF No. 35 at 54 ¶ 160 and ECF No. 33 at 3.

By filing the instant federal action, challenging the constitutionality of the search warrants and placing the contents of the seized information at issue, Plaintiffs create a legal quagmire, seeking destruction of the seized contents, while necessitating preservation of the information, in order to defend against this action. ECF No. 33.

Plaintiffs acknowledge the constitutionality of the search warrants was litigated in the state courts. ECF No. 35 at 31. Plaintiffs attempt to re-litigate these exact issues, while inexplicably arguing that defendants are collaterally estopped from making the same arguments. *Id.*

By bringing this federal action, Plaintiffs have not secured the immediate

[1] This Court may take Judicial Notice of the state case, while considering a Motion to Dismiss. *See McDowell Bey v. Vega*, 588 F. App'x. 923, 926–27 (11th Cir. 2014) (concluding judge, at motion to dismiss stage, permissibly took judicial notice of state court docket).

destruction of the seized material, as required by the state court, but have now ensured the preservation of such material during the pendency of this action. This court recognizes that preservation of the seized material is essential to ensure the fair adjudication of the claims in this action and issued a preservation order. ECF No. 33 at 5.

Upon conclusion of the appeal of the state court action before the Second District Court of Appeal, defendants will be required to destroy the seized material in order to comply with the state court order, while simultaneously being ordered to preserve the seized material by this Court. Complying with one court order will necessitate violating the other order. Therefore, to preclude the state and federal courts from presiding over the same claims, necessitating inconsistent orders, *Younger* abstention is critical to preclude litigants from facing such inconsistent orders.

Abstention in this case precludes intrusion into ongoing state criminal proceedings, and proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Sprint Communication, Inc. v. Jacobs*, 571 U.S. 69, 70-71 (2013).

<u>Step 2: *Middlesex* analysis</u>:

The Court can next examine the Middlesex factors. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423,431 (1982). First, under *Middlesex* this case involves an ongoing state judicial proceeding. *Id.* This case involves a pending appeal of a state court ruling before the Second District Court of Appeal for the State of Florida. ECF No. 35 at 30. For Younger purposes, the State's trial-

and-appeals process is treated as a "unitary system, and for the federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as a sovereign." *New Orleans Pub. Serv, Inc. v. Council of New Orleans*, 491 U.S. 350, (1981).

Second, this case implicates important state interests. Although *Younger* precludes federal interference in ongoing state criminal proceedings, the policies underlying *Younger* are fully applicable to non-criminal actions when important state interests are implicated. *Moore v. Sims*, 442 U.S. 415 (1979). A non-criminal proceeding that bears a close relationship to criminal proceedings has been determined to involve important state interests. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975.) In *Huffman* an ancillary proceeding named the state as a party. *Id.* In addition, the civil nuisance litigation implicated criminal statutes which prohibited dissemination of obscene material. *Id.* As a result, the Supreme Court found that important state interests were implicated in the litigation. *Id.* Similarly, the instant litigation names the chief prosecuting authority for the county, State Attorney Ed Brodsky, as a party. In addition, the instant action bears on criminal proceedings in that it involves the retention protocol and procedures of seized material in criminal cases. Therefore, applying the standards used by the Supreme Court in *Huffman*, this Court should find that this case involves important state interests, warranting abstention.

Third, the state proceeding affords an adequate opportunity to raise

constitutional claims. *Gibson v. Berryhill*, 411 U.S. 564 (1973). It is presumed that "state courts are commonly able to address federal constitutional challenges adequately." *Butler v. Alabama Judicial Inquiry Comm'n*, 261 F.3d 1154, 1159 (11th Cir. 2001).

In addition, Plaintiffs attach to their Amended Complaint as Exhibit D, the "Final Judgment in Favor of Christian and Bridget Ziegler," in the case *Christian Ziegler and Bridget Ziegler v. Office of the State Attorney For The Twelfth Judicial Circuit and Sarasota Police Department* before the Twelfth Judicial Circuit under case no. 2024-CA-001409. ECF No. 35-4. This final judgment expressly finds that "the handling of the three overbroad warrants was unreasonable and violated Mr. Ziegler's constitutional rights. ECF No. 35-4 at 1.

It is clear that the Plaintiffs had an opportunity to litigate constitutional issues in the state action. The state court judge issued an order finding that Plaintiffs' constitutional rights were violated. This order leaves no doubt that Plaintiffs had an adequate opportunity to litigate constitutional challenges in the state proceeding.

Therefore, all of the factors under *Middlesex* warrant abstention. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423,431 (1982).

In addition*, Younger* abstention applies to claims for injunctive relief. *Henry v. Fla. Bar.,* 701 F. App'x 878, 880 (11th Cir. 2017).

*Younger* abstention also frequently bars injunctive relief against prosecutors when ongoing state criminal proceedings exist. *NTL, L.L.C. v. Pryor*, 128 F.Supp.2d 1324 (2001). Even § 1983 claims do not escape *Younger* abstention when they seek to

interfere with ongoing state proceedings. *Id.* Courts consistently apply *Younger* to dismiss claims for injunctive and declaratory relief that would interfere with pending state prosecutions, while staying (rather than dismissing) any damages claims. *Dandar v. Church of Scientology Flag Service Organization, Inc.,* 24 F.Supp.3d 1181 (2014)*;* (staying rather than dismissing a Section 1983 claim for damages permits a "parallel state proceeding to go forward without interference from its federal sibling."); see also *Davis v. Self,* 547 Fed. Appx. 927 (2013).

This Court should abstain from exercising jurisdiction over this matter. The ongoing state proceedings provides multiple adequate forums for Plaintiffs to raise the federal issues presented in the suit, and allowing this action to proceed in federal court would risk interfering with pending litigation in Florida, implicating criminal jurisprudence, an area traditionally reserved to the states.

All of the factors for *Younger* abstention are met here to preclude intrusion into ongoing state criminal proceedings and proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. First, Plaintiffs claims clearly involve ongoing matters pending before the Florida Second District Court of Appeals. ECF No. 35 at 30. Second, this case implicates important state interests, since State Attorney Ed Brodsky is a party and this case involves the retention protocol and procedures of seized material in criminal cases. Third, Plaintiffs had an opportunity to raise constitutional challenges in the state action, which the court considered and rendered judgment in their favor. Defendants are required to destroy the seized material upon conclusion of the state court appeal.

In light of the decision in Plaintiffs' favor mandating destruction of the seized material and the pending state court appeal, this court does not have subject matter jurisdiction to preside over this action and should abstain from hearing these claims.

***d. Plaintiff fails to State a Cause of Action and the Amended Complaint constitutes an impermissible shotgun pleading.***

Plaintiffs Amended Complaint fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a). The complaint must plead claims against each party separately; shotgun pleading is not permitted. The Eleventh Circuit has identified four types of prohibited shotgun pleadings:

> "The most common type - by a long shot - is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."

*Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321-23 (11th Cir. 2015). Shotgun pleading is therefore grounds for dismissal. *See Strategic Income Fund, L.L.*C. *v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002).

Courts routinely dismiss complaints that fail to comply with the pleading standard of Federal Rules of Civil Procedure, Rule 8. *See Thompson v. Adamson,* 247 Fed. Appx. 178, 179 (11th Cir. 2007) ("[F]ederal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law.") citing *Neitzke v. Williams,* 490 U.S. 319 (1989).

This Court should dismiss Plaintiffs Amended Complaint for engaging in prohibited shotgun pleading. Plaintiffs Amended Complaint contains multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.

A plaintiff must make more than vague and conclusory assertions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Plaintiffs claim that a "very small subset of seized materials was transmitted to the State Attorney. The State Attorney is currently in possession of the small subset of seized materials. The State Attorney declined to prosecute Mr. Ziegler." ECF No. 35 at 53. Plaintiffs allege that the State Attorney's continued possession of the seized property violates Mr. Ziegler's Fourth, Fifth and Fourteenth Amendment rights." ECF No. 35 at 54.

Plaintiffs acknowledge that the "State Attorney is currently enjoined by a state circuit court order from producing the seized material in response to public records

requests" and the "State Attorney is further required to return to Mr. Ziegler and to otherwise permanently destroy all copies of the seized material." *Id.*

Plaintiffs further allege that the "State Attorney has not complied with the state court injunction order but acknowledge that "the destruction order is stayed pending appellate review." *Id.*

In the instant case, Plaintiffs fail to properly articulate the required factual allegations against State Attorney Brodsky. Plaintiffs furthermore fail to allege any specific facts to support their contentions and conclusions. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs fail to allege more than labels and conclusions in support of their claims against State Attorney Brodsky. Accordingly, this Court should dismiss Plaintiffs Amended Complaint for failure to state a claim and constituting a prohibited shotgun pleading.

**e. *Plaintiffs fail to Plead the Essential Elements Required for Injunctive Relief***

Injunctive relief constitutes an "extraordinary and drastic remedy." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). A court should only grant injunctive relief when a movant establishes (1) there is a substantial likelihood of success on the merits, (2) irreparable injury will be suffered unless an injunction is issued, (3) threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) if issued, the injunction would not

be adverse to public interest. *Winter v. Natural Resources Defense Council, Inc.* 555 U.S. 7, 20 (2008).

Through their Amended Complaint, Plaintiffs seek a permanent injunction. Plaintiffs have failed to establish substantial likelihood of success on the merits and irreparable injury if the injunction is not issued, particularly since a destruction order issued by the state court is already in place. Furthermore, Plaintiffs have not established that the threatened injury outweighs the damage. Finally, while issuance of the injunction sought may be in Plaintiffs' interest, Plaintiffs have not alleged why the injunction sought by Plaintiffs would be in the public interest.

Thus, Plaintiffs have not established entitlement to injunctive relief.

**WHEREFORE**, State Attorney Ed Brodsky respectfully requests this Honorable Court enter an order dismissing Plaintiffs' Amended Complaint, or for any other relief the Court deems just.

**Local Rule 3.01(g) Certification**

The undersigned certifies that she conferred with Counsel for Plaintiffs in accordance with Local Rule 3.01(g). Counsel for Plaintiffs opposes the relief requested in this motion.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**

/s/Veronica Burianek
Veronica Burianek
Senior Assistant Attorney General
Florida Bar No. 0363870

Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607
Tel: (813) 233-2880
Veronica.Burianek@myfloridalegal.com
*Attorney for Defendant State Attorney Brodsky*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF which will serve all parties capable of receiving electronic service.

/s/ Veronica Burianek
Veronica Burianek
Senior Assistant Attorney General