**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**CHRISTIAN ZIEGLER &**
**BRIDGET ZIEGLER,**

Case No.: 8:25-cv-02992-CEH-AAS

Plaintiffs,

v.

**CITY OF SARASOTA,**
**ANGELA COX,**
**MARIA LLOVIO, & ED BRODSKY,**
**in his official capacity,**

Defendants.
____________________________________/

**CHRISTIAN'S RESPONSE TO DEFENDANT BRODSKY'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff Christian Ziegler files his response to Defendant State Attorney Ed Brodsky's motion to dismiss Plaintiff's Amended Complaint [D.E. 68].

***Introduction***

Christian Ziegler obtained a Final Judgment against Brodsky that found three search warrants blatantly unconstitutional and ordered Brodsky to return and otherwise permanently destroy documents in his possession obtained via each of the warrants. Brodsky did not challenge that Final Judgment. But he has not complied with that Final Judgment (which is stayed while *other* parties appeal), nor has he otherwise voluntarily done what the Constitution requires. Nor is there any order prohibiting him from doing so. He could – and he should and he must – immediately return the seized material to Christian and to otherwise permanently destroy any

copies. The *content* of the seized material in the possession of the State Attorney is not at issue; it is not relevant to adjudicate the claim. All that matters is that the State Attorney remains in possession of Christian's private property without any lawful basis to do so, and this lawsuit demands its immediately return and destruction. Put another way, Brodsky's past and ongoing violation of Christian's rights has already been adjudicated, all that remains is Brodsky's obligation to comply with the only applicable remedy.

***Standard of Review***

At the motion to dismiss stage, "the complaint must be viewed in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). The reviewing court is required to accept all allegations in the complaint as true. *See United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

//

//

***Argument***

A. <u>The Eleventh Amendment Does Not Bar Fees Pursuant to 42 U.S.C. § 1988</u>

Brodsky oddly starts his motion with his weakest argument. He claims that the Eleventh Amendment prohibits the lawsuit because "it seems that Plaintiff's [sic] also seek monetary damages." Mot. p. 9. The monetary damages Brodsky refers to? Attorney fees.

Count VI of the Amended Complaint is brought pursuant to *Ex Parte Young* and only "seeks a permanent injunction precluding the State Attorney from continuing to possess any material obtained via the three search warrants in response to any public records request under state law." Am. Compl. at ¶ 165. No damages are sought.

It is true that Christian seeks his attorney fees from Brodsky pursuant to 42 U.S.C. § 1988, *see id.* at p. 166, but "the substantive protections of the Eleventh Amendment do not prevent an award of attorney's fees against [the state's] officers in their official capacities." *See Hutto v. Finney*, 437 U.S. 678, 692 (1978); *see also Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1517 (11th Cir. 1986) ("[T]here is no bar to the assessment of attorney's fees against the state or its agencies."); *Zynda v. Arwood*, 175 F. Supp. 3d 791, 801 n.1 (E.D. Mich. 2016) ("Defendants also argue—in passing, but in any event fruitlessly—that Plaintiff's request for attorney's fees is barred by the Eleventh Amendment. It is not. A court may indeed order a state to pay attorney's fees to a successful civil rights plaintiff pursuant to 42 U.S.C. § 1988."); *J.S.X. Through D.S.X. v. Foxhoven*, 361 F. Supp. 3d 822, 839, n.7 (S.D. Iowa 2019) ("Attorney's fees are ancillary relief that is not subject to Eleventh Amendment

sovereign immunity.”). Without any legal authority, Brodsky erroneously claims that a fee award under § 1988 constitutes monetary damages.

B. Brodsky is Not Entitled to Prosecutorial Immunity

Second, Brodsky invokes “absolute” prosecutorial immunity despite the complete absence of a prosecution. Brodsky never explains how the continued retention of Christian’s personal property is an action taken while performing his “function of an advocate for the state.” Mot. at p. 9.

Typically, “[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor’s function as advocate. Such absolute immunity extends to a prosecutor’s acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role an as advocate for the State.” *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). A prosecutor does not enjoy absolute immunity for actions taken which relate to an investigatory or administrative function of his job. *Cyber Zone E-Café, Inc. v. King*, 782 F. Supp. 2d 1331, n.6 (M.D. Fla. 2011) (“When functions performed by a prosecutor ‘case him in the role of an administrator or investigative officer rather than that of an advocate,’ the prosecutor has the benefit only of qualified good-faith immunity.”).

Here, Brodsky violated Christian’s constitutional rights because his office continues to wrongfully possess his property after it “declined to prosecute Mr. Ziegler and closed the investigation with[out] any charges or arrest.” Am. Compl. at ¶ 155. A prosecutor’s decision to retain a criminal defendant’s property after the conclusion of a criminal investigation or case is not entitled to absolute immunity. *Roderick v. City of*

*Gulfport, Miss.*, 144 F. Supp. 2d 622, 637 (S.D. Miss. 2000) ("[I]t is apparent that, following the conclusion of the criminal case, Staehle was acting 'as an administrator rather than an officer of the court,' and is therefore not entitled to absolute immunity for her role, if any, in the retention of Roderick's property following the conclusion of his criminal case.") (internal citation omitted); *Schrob v. Catterson*, 948 F.2d 1402, 1419–20 (3d Cir. 1991) (holding prosecutor only entitled to qualified immunity for decisions relating to post-trial disposition of seized property); *Lavicky v. Burnett*, 758 F.2d 468, 475 (10th Cir. 1985) (same); *Crumpton v. Podolak*, 171 F. App'x 745, 749 (10th Cir. 2006) (collecting cases which hold that conduct relating to the retention of property after the conclusion of a criminal trial is not protected by absolute immunity).

Assuming *arguendo* prosecutorial immunity was implicated, Brodsky is not entitled to it because Count VI only seeks prospective injunctive relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). A plaintiff can overcome prosecutorial immunity and obtain injunctive relief against a prosecutor if he can establish, "that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Id.* (citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)). First, as explained in detail in the Final Judgment, Brodsky violated Christian's constitutional rights; this has been conclusively established and cannot be relitigated here. D.E. 35-4.

Second, there is a serious risk of continuing irreparable injury if relief is not granted because without an injunction, the State Attorney's Office could freely produce the data it possesses in response to any currently pending public records

requests or future public records requests. The permanent injunction is necessary to prevent any future harm to Mr. Ziegler through the dissemination of his personal information that was wrongfully seized from him. A destruction order was entered by the Sarasota Circuit Court although it has been stayed. There is no order (or law or reason) which would preclude the SAO from returning and destroying the unlawfully seized documents. Nor is the SAO challenging the trial court's order finding the documents were illegally searched and seized. If the Second District were to reverse in whole or in part under Florida's state public records laws, then Christian would immediately move for a temporary injunction in this Court under federal law. If the Second District affirms the destruction order, and assuming the SAO fully complies, then Christian's claim for injunctive relief here might become moot.

Third, there is no adequate remedy at law because no amount of monetary damages can undo the release of Christian's personal information; once its released, there is no way to permanently delete it or stop its spread. This is a literal "cat out of the bag" situation.

Finally, prosecutorial immunity does not preclude recovery of attorney's fees. *See Wilson v. Stocker*, 819 F.2d 943, 950 (10th Cir. 1987) ("[T]he Supreme Court stated that although prosecutors are absolutely immune from damage awards, they are subject to suits for injunctive relief under section 1983, and that section 1988 authorizes a fee award to prevailing plaintiffs in such suits.") (internal citations omitted)); *ACLU of Tenn. v. State of Tenn.*, 502 F. Supp. 388, 390 (M.D. Tenn. 1980) ("[A] prosecutor's immunity from suits for money damages is completely irrelevant in

determining whether his office should be required to pay attorney's fees when it loses a lawsuit for declaratory or injunctive relief."). Prosecutorial immunity is not implicated; Brodsky's second argument is also a meritless red herring.

C. <u>The *Younger* Abstention Doctrine Does Not Apply</u>

Next, Brodsky argues that dismissal is required under the *Younger* abstention doctrine because prosecution of this case in a federal forum would interfere with the ongoing state court proceedings. There neither is nor was a state court proceeding *against* Christian, and, while Brodsky was a named defendant in the state court proceeding, an adverse final judgment was entered and Brodsky did not appeal.

The *Younger* abstention doctrine is based on the "doctrine of equity jurisprudence," *Younger v. Harris*, 401 U.S. 37, 43 (1971), and holds that "federal court should not act to restrain ongoing criminal prosecutions in state courts, provided that 'the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Greene v. Raffensperger*, 599 F. Supp. 3d 1283, 1297 (N.D. Ga. 2022) (quoting *Younger*, 401 U.S. at 43–44). Though it originally applied only to criminal prosecutions, the doctrine has been extended to ongoing civil proceedings. *Moore v. Sims*, 442 U.S. 415, 433 (1979). The doctrine "applies only in three exceptional circumstances: (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Tokyo Gwinnett, LLC v. Gwinnett Cnty., Ga.*, 940 F.3d 1254, 1267 (11th Cir. 2019). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter."

*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). It "is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Green v. Jefferson Cnty. Com'n*, 563 F.3d 1243, 1251 (11th Cir. 2009) (quoting *Colo River Water Conservation Dist. v. Unites States*, 424 U.S. 800, 813 (1976)).

Despite what Brodsky claims, abstention is not required because "this case involves a criminal prosecution." Mot. at p. 14. (Brosky's Motion limits its argument and analysis to pending "criminal investigations," which is only one of three situations with *Younger* could apply.). For *Younger* to apply, the prosecution must be "ongoing," meaning it was pending at the time the federal lawsuit was filed or the state court proceeding was commenced "before any proceedings of substance on the merits have taken place in the federal court." *New Ga. Project, Inc. v. Att'y Gen., State of Ga.*, 106 F.4th 1237, 1242–43 (11th Cir. 2024). Brodsky cannot credibly assert the existence of an "ongoing" criminal prosecution because there was *never* a prosecution. Nor is the state court action a civil enforcement proceeding. Christian is the plaintiff, not the defendant, in the lawsuit he filed against Brodsky. Thus, *Younger* abstention can *only* apply here if the state court proceeding involves an order "uniquely in furtherance of the state courts' ability to perform their judicial functions."

This category applies only to cases "cover[ing] state proceedings that 'implicate a State's interest in *enforcing the orders and judgment of its courts*.'" *Raffensperger*, 599 F. Supp. 3d at 1301. Essentially, district courts will only abstain if the federal action could potentially interfere with or preclude a state court from enforcing its judgments or orders. *Id.* No such threat exists in this case. Count VI of the Amended Complaint

seeks injunctive relief in the form of a "permanent injunction precluding the State Attorney from continuing to possess any material obtained via the three search warrants and from disclosing any material obtained via the three search warrants in response to any public records request under state law." Am. Compl. at ¶ 165. The state court final judgment ordered Brodsky to "destroy the original and all copies of the data seized by any of the three warrants, except as specifically identified in decretal paragraph 4a-4c." D.E. 35-4 at p. 44. The relief requested here is the same as the relief requested and received in the state court.

Brodsky claims "Plaintiffs petition this Court to 'enjoin and reverse state court orders.'" *See* Motion, p. 14. Brodsky put the phrase "enjoin and reverse state court orders" in quotes, suggesting it comes from something else. But what? It does not come from the Amended Complaint because, rather obviously, Christian is *not* asking this Court to enjoin and reverse a state court order. Brodsky is apparently citing hallucinated quotes.

Regardless, even if the third circumstance was present in this case, two of the three *Middlesex* factors do not apply. Once a defendant proves the existence of at least one of the circumstances identified above, "a court must determine whether abstention was warranted based on the following factors: '(1) there is ongoing state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceedings affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.'" *Bey v. Glass*, Case No. 8:25-cv-01977-WFJ-CPT, 2025 WL 3442739, at *3 (M.D. Fla.

Dec. 1, 2025) (quoting *Tokyo Gwinnett*, 940 F.3d at 1268). Technically the state court proceeding is ongoing, but Brodsky is no longer participating.

But the second factor cannot be met because there is no "important state interest" at play in the state court case. "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature[.] Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Christian sued to regain exclusive possession of his private property. A private citizen's attempt to regain control of his personal property does not remotely implicate any sort of "important state interest." *See Leonard v. Ala. State Bd. of Pharmacy*, 591 F. Supp. 3d 1155, 1171 (E.D. Ala. 2022) (agreeing with defendants that litigation involving a statute "regulating the behavior of Alabama pharmacists and pharmacies" implicated important state interests); *Mastrangelo v. City of St. Petersburg*, 890 F. Supp. 1025, 1028 (M.D. Fla. 1995) (recognizing "the issue of drugs and the ability of local governments to control them via Nuisance Abatement Boards . . . constitutes an important state interest"); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (agreeing with the parties that dependency petitions relating to foster children implicated important state interests); *M.R. v. Bd. of Sch. Com'rs of Mobile Cnty.*, Civil Action No. 11-0245-WS-C, 2012 WL 3778283, at *3 n.3 (S.D. Ala. Aug. 30, 2012) (holding issues relating to "state-court juvenile proceedings"

implicated an important state interest); *Hudson v. Campbell*, 663 F.3d 985, 988 (8th Cir. 2011) (ensuring Missouri Medicaid "administer[ed] benefits in a manner that ensure[d] that those of its citizens who are in need of and who are eligible for those benefits receive them" was an important state interest).

Further, Defendant Brodsky cannot establish the final factor. The state proceeding sought declaratory and injunctive relief that Christian's private property must be returned to him and never became a public record under state law. But here, Count VI alleges Brodsky's *continued possession* of Christian's private property violates Christian's constitutional rights with the only potential remedy a permanent injunction. *I.e.*, Brodsky is still, in real time, violating Christian's constitutional rights. *See Bruce v. Beary*, 498 F.3d 1232, 1248 ("Certainly, the continued retention of his property after conclusion of the appeal would be a constitutional violation as well."). Accordingly, Brodsky cannot establish the third *Middlesex* factor.

Even if the Court believes *Younger* abstention applies, the preference is to stay the case until the state appellate proceedings are complete instead of dismissing it. *See, e.g., Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (holding a stay instead of dismissal is appropriate under *Younger*); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 596, 604 (8th Cir. 1999) ("[A] stay rather than a dismissal is the preferred procedure to use in abstaining [under *Younger*]."); *Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930, at *4 n.8 (M.D. Fla. Oct. 26, 2010) (recognizing that a stay "appears to be the proper procedural mechanism where abstention is based

on the *Younger* doctrine");; *MB Plaza, LLC v. Wells Fargo Bank, NA*, Case No. 10-24241-Civ-Lenard/O'Sullivan, 2011 WL 13221021, at *3 (S.D. Fla. Aug. 23, 2011) ("Thus, the undersigned finds that abstention under *Younger* is appropriate and recommends that this action be stayed."), *report and recommendation adopted*, Case No. 10-24241-Civ-Lenard/O'Sullivan, 2011 WL 13220936 (S.D. Fla. Sep. 13, 2011).

Finally, there is no "legal quagmire" as Brodsky suggests. Mot. p. 15. Christian is not "challenging the constitutionality of the search warrants and placing the contents of the seized information at issue…" *Id.* The search warrants were already correctly found unconstitutional and no one – especially not Brodsky – appealed that adverse finding. The *contents* of the seized material currently in Brodsky's possession is irrelevant. The issue is that Brodsky still has documents has cannot possess; the content of those documents is irrelevant. To suggest otherwise is frivolous.

D. <u>The Amended Complaint is Not a Shotgun Pleading</u>

Brodsky's argument that the Amended Complaint is a shotgun pleading – because it "contains multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" and "fail[s] to allege any specific facts to support their conclusions and contentions," Mot. at 21–22, -- is baseless. Count VI starts at paragraph 150, which incorporates by reference only paragraphs 1-70.

Shotgun pleadings are disfavored because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Here, Brodsky cannot seriously claim that Count VI fails to put him on notice of the claims against him. Count VI is *only* directed at Brodsky and alleges that his office's continued possession of the ESI seized from Mr. Ziegler's cell phone constitutes a violation of Mr. Ziegler's constitutional rights. Am. Compl. at ¶¶152–63. Count VI further plainly states the relief Mr. Ziegler seeks against Brodsky: "[A] permanent injunction precluding the State Attorney from continuing to possess any material obtained via the three search warrants and from disclosing any material obtained via the three search warrants in response to any public records request under state law." *Id.* at 165. Count VI provides Brodsky with complete notice of the claim against him and the grounds upon which it rests. The only shotgun pleading, although not literally a pleading, is Brodsky's haphazard motion to dismiss.

E. <u>The Request for Injunctive Relief is Sufficiently Pled</u>

Christian seeks a permanent injunction; he has not pled and is not – at least currently – asking for a temporary injunction. Brodsky's final argument conflates the two remedies. He cites *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) for the well-known standard for issuing (not pleading) a preliminary injunction. But permanent injunctive relief has different requirements: "To obtain a permanent injunction, a plaintiff must show (1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest." *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017).

Here, the Amended Complaint plausibly alleges a claim for injunctive relief under 42 U.S.C. § 1983: (1) the State Attorney's continued possession of unconstitutionally seized material is an ongoing constitutional violation; (2) Mr. Ziegler faces irreparable harm from the potential disclosure of his most private information through public records requests if the state injunction is reversed on appeal; (3) the threatened injury to Mr. Ziegler's constitutional rights outweighs any interest the State Attorney has in retaining material from a closed, uncharged investigation; and (4) the public interest favors protecting citizens from ongoing Fourth Amendment violations. Am. Compl. at ¶¶ 151–66.

Brodsky's argument is best reserved for a response to Christian's motion for a temporary injunction, if sought. But the requirements to obtain injunctive relief are not relevant at the pleading stage, as they relate to the ultimate merits of the claim. *Daniels v. Sutton*, No. 4:21-CV-10009, 2022 WL 686832, at *15 (S.D. Fla. Jan. 25, 2022), *report and recommendation adopted*, No. 21-10009-CIV, 2022 WL 686434 (S.D. Fla. Mar. 8, 2022). Indeed, district courts prefer not to dismiss claims for injunctive relief at the pleading stage. *Id.*; *Signify N. Am. Corp. v. Robe Lighting Inc.*, No. 0:20-CV-62302-KMM, 2021 WL 3419187, at *3 (S.D. Fla. Mar. 16, 2021) ("Simply put, a claim for permanent injunction should not be stricken at the pleading stage when the underlying claim is not dismissed."). At the pleading stage, Rule 8 (not Rule 65) controls and it only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Sharvit v. Noem*, Case No. 1:24-cv-23987-PCH, 2025 WL 1568255, at *4 (S.D. Fla.

Mar. 6, 2025) ("Defendants put the cart before the horse. Defendants conflate a cause of action seeking injunctive relief with a motion for a preliminary injunction, despite the difference in Plaintiff's burden."). Accordingly, the Amended Complaint sufficiently alleges a claim for permanent injunctive relief.

***Conclusion***

The sole count against Brodsky, in his official capacity, seeks federal court enforcement of an already-adjudicated and ongoing violation of Christian's rights, nothing more. For the above reasons, Plaintiff Christian Ziegler respectfully requests this Court deny Defendant Ed Brodsky's motion to dismiss.

Respectfully submitted,



Matthew Sarelson
Florida Bar 888281
Zachary Stoner, Esq.
Florida Bar 1032816
**DHILLON LAW GROUP INC.**
Attorneys for Plaintiffs
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
305.773.1952
msarelson@dhillonlaw.com
zstoner@dhillonlaw.com