**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTIAN ZIEGLER &**
**BRIDGET ZIEGLER,**

**Plaintiffs,**

**v.** **Case No: 8:25-cv-2992-CEH-AAS**

**CITY OF SARASOTA,**
**ANGELA COX, MARIA**
**LLOVIO, & ED BRODSKY**

**Defendants.**
**_____________________________________/**

# ORDER

Plaintiffs Christian Ziegler and Bridget Ziegler (collectively "the plaintiffs") move to compel documents from the defendant City of Sarasota ("the City"). (Doc. 75). The City of Sarasota opposes the motion. (Doc. 87).

## I. BACKGROUND

The plaintiffs request an order compelling the City to produce all signed search warrants and supporting affidavits for searches of electronic devices from January 1, 2019 through the present. (Doc. 75, p. 6). The City does not dispute the relevance of such documents, but instead claims the scope of discovery in this instance is overbroad. (Doc. 87, p. 3). The City requests a court order denying the motion to compel, or in the alternative, a temporal limitation

of document production from November 1, 2020 through November 1, 2023. (*Id.* at 8).

The plaintiffs claim the longer time period will better permit them to establish the City's routine violations of the Fourth Amendment through its affidavits and search warrants. (Doc. 75, p. 6–7). The City served the search warrants at issue in the instant case in November and December 2023. (*Id.* at 7). The City contends the plaintiffs' request is unduly burdensome because the Sarasota Police Department's case management system does not index cases by search warrant or property to be searched, therefore requiring a manual search of each individual record for review. (Doc. 87 at 2–3). The City claims plaintiffs' requested time period would require review of approximately 139,336 case files and take approximately 6,697 hours of employee time. (*Id.* at 3). Alternatively, the City can obtain these records from the County Clerk (which does index search warrants in a more searchable way), but at a cost of $2,215.00. (*Id.*) The City proposes splitting the cost of obtaining the records from the County Clerk with the plaintiffs. (Doc. 75, p. 3; Doc. 87, p. 5).

## II. LEGAL STANDARD

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL

1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The court considers the following factors in assessing relevance and proportionality: "the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

The plaintiffs' request for search warrants and their respective supporting affidavits for searches of electronic devices from 2019 through the present requests an overbroad date range of documents relative to the needs in this case. The plaintiffs argue the seven-year date range is necessary to establish a pattern and practice of systemic Fourth Amendment violation by the Sarasota Police. (Doc. 75, p. 3). The plaintiffs state the City's proposed shorter timeframe is inappropriate because "there is no indication the City has changed its policies when it comes to the unlawful warrants." (*Id.* at 7). The plaintiffs do not otherwise justify the wide date range of documents requested. The plaintiffs have not adequately supported the proportionality of the

request. Further, even if the request was proportional to the plaintiffs' stated need, the City adequately addressed the undue burden the request for nine years of warrants and supporting affidavits would place upon them. The plaintiffs' request would cost the City thousands of dollars and hours to review.

The City's original response proposed limiting the time period of this document request to three years. That proposal was more than sufficient to give the plaintiffs enough documents to determine if they can prove the pattern the plaintiffs wish to demonstrate. There is no need to produce warrants from cases four years before the incident occurred, nor is there any need to produce warrants after the incident and up to present. The plaintiffs need not review tens of thousands of warrants to establish a pattern. Any potential pattern of misconduct may be adequately uncovered by reviewing a more limited timeframe. After review of the relevance and proportionality of the plaintiffs' request and the needs of this case, the court further limits the production of warrants to the two-year timeframe of **December 2021 through December 2023**.

The court will not require the plaintiffs to financially contribute to the City's costs of gathering and producing these two years of warrants and supporting applications for searches of electronic devices. The City has custody and control of the warrants. Parties are required to produce documents in their possession, custody, or control. Fed. R. Civ. P. 26(a)(1)(A)(ii). "The general rule

in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The fact that the City does not maintain the warrants in a searchable format and instead must rely on the County's filing system does not justify shifting any part of the expense of production from the City to the plaintiffs.

Thus, the plaintiffs Motion to Compel (Doc. 75) is **GRANTED IN PART and DENIED IN PART** to the extent that the City must produce warrants and supporting affidavits for searches of electronic devices for the time period of **December 2021 through December 2023**. The City is responsible for the costs incurred by this production.

**ORDERED** in Tampa, Florida on September 30, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge