**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIAN ZIEGLER, BRIDGET ZIEGLER,

Plaintiffs,

v. Case No.: 8:25-cv-02992-CEH-AAS

CITY OF SARASOTA, ANGELA COX, MARIA LLOVIO, ED BRODSKY,

Defendants,
_________________________________/

**ORDER**

This matter comes before the Court on Defendant City of Sarasota's Motion to Dismiss Counts III and VII of Plaintiffs' Amended Complaint (Doc. 39), Defendant Maria Llovio's Motion to Dismiss Count V (Doc. 41), and Defendant Angela Cox's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43). Plaintiffs, Christian and Bridget Ziegler, filed responses in opposition. Docs. 55, 57.

The City of Sarasota ("The City") requests dismissal of Count III because the Takings Clause of the Fifth Amendment does not apply to property seized during a criminal investigation. Doc. 39. The City also moves to dismiss Count VII, arguing that Mrs. Ziegler lacks standing to bring a Fourteenth Amendment privacy claim under 42 U.S.C. § 1983. Doc. 39. Angela Cox (Count IV) and Maria Llovio (Count V) request dismissal of their respective counts because qualified immunity protects them from individual liability. Docs. 39, 41.

The Court, having considered the motions and responses and being fully advised in the premises, will deny Defendant Maria Llovio's Motion to Dismiss Count V (Doc. 41), deny Defendant Angela Cox's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43), and grant Defendant City of Sarasota's Motion to Dismiss Counts III and VII of Plaintiffs' Amended Complaint (Doc. 39).

## I. FACTUAL BACKGROUND[1]

On or around October 4, 2023, Ms. Doe's coworker contacted the Sarasota Police Department ("SPD") to report that Mr. Ziegler assaulted Ms. Doe in Ms. Doe's home on October 2, 2023. *Id.* ¶ 15. Initially, Ms. Doe declined to cooperate with SPD in bringing criminal charges against Mr. Ziegler because she could not remember her encounter with Mr. Ziegler. *Id.* ¶ 16. However, Maria Llovio ("Detective Llovio") and Angela Cox ("Detective Cox") of the SPD eventually persuaded Ms. Doe to cooperate. *Id*. ¶ 20. Throughout the investigation, Detective Cox was the lead investigator, and she was supported by Detective Llovio. *Id.*

Detective Cox and Detective Llovio committed "deliberate and egregious violations" of Mr. Ziegler's Fourth Amendment rights by intentionally, or with a reckless disregard for accuracy, omitting from the warrant affidavit any reference to the exculpatory evidence of which they had been informed by Mr. Ziegler's attorney.

---

[1] Unless otherwise stated, the following statement of facts is derived from the Amended Complaint (Doc. 35), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Moreover, Detective Cox and Detective Llovio worked together to obtain and execute overly broad warrants to seize and conduct an unrestricted search of Mr. Ziegler's entire cell phone and Google drive account. *See* Doc. 35 ¶¶ 11, 29-34, 38, 39, 112, 113, 116-119, 121, 133, 136-139, 141, 142.

The City of Sarasota used three unlawful search warrants to obtain Mr. Ziegler's cell phone, Google account, and Instagram account. Doc. 35 ¶¶ 102-103. The City then converted Mr. Ziegler's cell phone, Google account, and Instagram account into public property via Florida's Public Records Act. *Id.*

Mrs. Ziegler's claim (Count VII) arises from the City's "post-seizure conduct" of Mr. Ziegler's cell phone, Google account, and Instagram account, namely: the review, retention, use, and dissemination of her deeply private personal information. Doc. 35 ¶¶ 24, 29, 30, 40, 41, 42, 43, 66, 167, 169, 170. Specifically, the City intentionally reviewed, retained, preserved, and catalogued intimate marital communications, photographs, videos, and messages involving Mrs. Ziegler that were unrelated to any legitimate law enforcement purpose. *Id.* ¶ 170. The City then included Mrs. Ziegler's intimate personal information in police reports and investigative files and caused or permitted its disclosure to third parties, including members of the media, which, in turn, resulted in public dissemination, stigma, and severe reputational harm to Mrs. Ziegler. *Id.* ¶ 172.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. DISCUSSION

In the Amended Complaint, the Zieglers sue the City of Sarasota, Detective Cox, Detective Llovio, and State Attorney Ed Brodsky for various civil rights claims based on alleged violations of the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. Doc. 35.

The City of Sarasota requests dismissal of Count III because the Takings Clause of the Fifth Amendment does not apply to property seized pursuant to a criminal investigation. Doc. 39 at 5-8. Mr. Ziegler responds that Count III states a cause of action because the City of Sarasota took Mr. Ziegler's private property and, via Florida's Public Records Act, converted it to public property. Doc. 55. Further, the City of Sarasota implicated the Takings Clause when it continued to retain Mr. Ziegler's property after the criminal investigation concluded in 2024. *Id.*

The City of Sarasota also moves to dismiss Count VII, arguing that Mrs. Ziegler lacks standing to bring a Fourteenth Amendment privacy claim under 42 U.S.C. § 1983 because the claim is actually a Fourth Amendment claim, and Mrs. Zeigler cannot allege a privacy interest in her husband's cell phone and related accounts. Doc. 39 at 8-13. Mrs. Ziegler maintains that Count VII states a viable cause of action because the claim arises not from the search and seizure of the cell phone, but from the City's post-seizure conduct, namely: the use, retention, and dissemination of Mrs. Ziegler's private personal information. Doc. 55 at 10-16.

Detective Cox moves for an order dismissing the Amended Complaint[2], arguing qualified immunity shields her from the instant lawsuit, and Mr. Ziegler failed to state a claim that Detective Cox's conduct and/or omission violated his rights. Doc. 43. Mr. Ziegler responds that Detective Cox is personally liable for violating his Fourth Amendment rights because she executed search warrants despite knowledge of

[2] Although Detective Cox requests dismissal of the Amended Complaint, she is named as a defendant only in Count IV.

exculpatory evidence that precluded the requisite probable cause, and she drafted overly broad search warrants. Doc. 57.

Detective Llovio argues she is entitled to qualified immunity as to Count V because she was acting within her discretionary authority; the Amended Complaint does not plead a plausible constitutional violation; and Mr. Ziegler did not identify clearly established law that would have put her on notice that she was violating Mr. Ziegler's rights. Doc. 41. Detective Llovio also argues that Count V does not state a plausible Fourth Amendment claim because it is replete with conclusory statements, as opposed to well-pled facts. *Id*. Mr. Ziegler contends Detective Llovio is personally responsible for violating Mr. Ziegler's Fourth Amendment rights because she helped draft the illegal search warrants, and she notarized the warrants despite being aware of their false and misleading contents. Doc. 57.

The Court will first address the Zieglers' claims against the City of Sarasota before proceeding to Mr. Ziegler's Fourth Amendment claims against Detective Cox and Detective Llovio.

**Count III – Fifth Amendment Violation (Mr. Ziegler against the City of Sarasota)**

In Count III, Mr. Ziegler alleges the City of Sarasota used unlawful search warrants to conduct a "taking" of his cell phone, Google account, and Instagram account in violation of the Fifth Amendment. Doc. 35 ¶¶ 99-109. The City of Sarasota moves to dismiss with prejudice Count III, arguing that the Takings Clause does not apply to property seized pursuant to the government's police power in a criminal

investigation. Doc. 39 at 5-8. The City also argues that Count III should be dismissed because it is redundant of Count II. Doc. 67 at 2-3.

Pursuant to the Takings Clause of the Fifth Amendment, the Government is prohibited from taking an individual's private property for public use without just compensation. U.S. Const. amend. V; *See also, e.g., DeVillier v. Texas*, 601 U.S. 285, 291 (2024); *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 139 (2021); *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 189-190 (2019).

Here, the Amended Complaint alleges the City used three unlawful search warrants to seize Mr. Ziegler's cell phone, Google account, and Instagram account. Doc. 35 ¶¶ 102-103. The Amended Complaint further claims the City turned Mr. Ziegler's private property—namely, his cell phone, Google account, and Instagram account—into public property via Florida's Public Records Act. *Id.* However, the Amended Complaint is devoid of facts that the City took Mr. Ziegler's cell phone, Google data, or Instagram data for the purpose of allowing the public to use them. *See Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 244 (1984) (explaining that the government's purpose in effectuating the taking determines whether the taking was done for public use). To the contrary, the Amended Complaint asserts that Mr. Ziegler's cell phone, Google data, and Instagram data were taken under the auspices of search warrants. Doc. 34 ¶¶ 103-105. Although the Amended Complaint alleges that the warrants were illegal, the assertion that the items were taken pursuant to search warrants suggests that the City's purpose in seizing Mr. Ziegler's property was

to carry out a criminal investigation, not to set up communal use of Mr. Ziegler's personal property.

Further, the allegation that Mr. Ziegler's private property was transformed into public property via Florida's Public Records Act reflects how members of the public would be able to request access to records involving Mr. Ziegler. A prediction that a member of the public might initiate a records request into documents related to Mr. Ziegler is not a well-pled assertion that Mr. Ziegler's private property was transferred to the public.

Also, Mr. Ziegler argues in his response that the Public Records Act is the basis for the continued retention of his property after the investigation was closed. Doc. 55 at 9. However, the Amended Complaint does not plead that the **continued retention** of Mr. Ziegler's property after the criminal investigation is the basis for the Fifth Amendment claim. Instead, the Amended Complaint alleges that the City conducted an illegal taking by converting Mr. Ziegler's personal property into public property via Florida's Public Records Act. Doc. 35 ¶ 103. In support of the position that a continued retention of personal property without compensation constitutes an illegal taking, Mr. Ziegler urges this Court to adopt the reasoning employed by the Eleventh Circuit in *Fulton v. Fulton County*, 148 F.4th 1224 (11th Cir. 2025). There the Eleventh Circuit permitted the plaintiff to plead an unlawful taking where the city retained plaintiff's horses seven years after a criminal investigation regarding the horses had concluded. However, since Mr. Ziegler's response, in which he asks this Court to adopt the reasoning of *Fulton*, the Eleventh Circuit vacated its *Fulton* opinion, as it is allowing a

rehearing *en banc. See Fulton v. Fulton Cnty. Bd. of Commissioners*, 174 F.4th 1350, 1350-1351 (11th Cir. 2026).

Therefore, Count III is due to be dismissed[3] because it lacks any facts that the City converted Mr. Ziegler's property to public use.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quotation modified). Although the Zieglers have already amended the complaint once, they did so without the benefit of an order from the Court. Therefore, the Court will allow Mr. Ziegler to amend the complaint.

**<u>Count VII – Fourteenth Amendment Violation, under 42 U.S.C. §1983 (Mrs. Ziegler against the City of Sarasota)</u>**

In Count VII, Mrs. Ziegler employs 42 U.S.C. § 1983 to sue the City of Sarasota. Specifically, she alleges the City violated her Fourteenth Amendment substantive due process and privacy rights by reviewing, retaining, using, and disseminating her private personal information that was unrelated to any legitimate law enforcement or governmental purpose. Doc. 35 ¶¶ 167-176.

The City moves to dismiss Count VII, contending that Mrs. Ziegler lacks standing to assert a Fourteenth Amendment right-to-privacy claim under 42 U.S.C. §

[3] The Court is aware that the City of Sarasota also contends that Count III should be dismissed because it is redundant of Count II. Doc. 67 at 2-3. However, the Court declines to dismiss Count III on the grounds that it is duplicative of Count II, since litigants in federal court may pursue alternative theories of recovery. Fed.R.Civ.P. 8(e)(2); *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.,* 676 F.2d 516, 523 (11th Cir.), adhered to, 681 F.2d 734 (11th Cir. 1982).

1983. Doc. 39 at 8-13. Specifically, the City argues that Mrs. Ziegler impermissibly repackages Mr. Ziegler's Fourth Amendment claim as a Fourteenth Amendment due process claim. *Id*.

*Substantive Due Process and Privacy under the Fourteenth Amendment*

"As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). The purpose of the first ten Amendments to the U.S. Constitution is to restrict the government from using its authority in an arbitrary manner in certain, specified situations. *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Hence, when "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process', must be the guide for analyzing these claims." *Id.* (quotation modified) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989))); *Tinney v. Shores*, 77 F.3d 378, 381 (11th Cir. 1996) (finding that plaintiffs' Fourteenth Amendment substantive due process claim that their mobile home was illegally seized was foreclosed by the Fourth Amendment); *Hillcrest Prop., LLP v. Pasco Cnty.,* 915 F.3d 1292, 1306 (11th Cir. 2019) ("If a constitutional claim is covered by a specific provision—the Fourth Amendment, the Eighth Amendment, etc.—the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.") (Newsome, J., concurring) (quotation modified).

Moreover, although the U.S. Constitution does not explicitly guarantee a right to privacy, the Supreme Court has held there is an implied right to privacy within the liberty component of the Fourteenth Amendment. *Padgett v. Donald*, 401 F.3d 1273, 1280 (11th Cir. 2005) (referencing *Roe v. Wade*, 410 U.S. 113, 152-53 (1973)). Specifically, the Supreme Court has recognized two types of privacy interests: 1) an individual's interest in avoiding disclosure of certain personal matters, and 2) an individual's personal autonomy in making personal decisions such as those involving marriage, contraception, and procreation. *Padgett,* 401 F.3d at 1280; *See also Whalen v. Roe,* 429 U.S. 589, 599 (1977).

Here, it appears Mrs. Ziegler claims the City illegally infringed on the first type of privacy interest, that is, her interest in avoiding disclosure of intimate, personal details about her life that were on Mr. Ziegler's phone. *See* Doc. 35 ¶¶ 169-170, 172-173. Mrs. Ziegler rejects that the Fourth Amendment is the more suitable avenue for her privacy complaints by asserting that Count VII concerns "the City's post-seizure conduct" with regard to the cell phone. Doc. 35 ¶ 169; Doc. 55 at 10.

The Court is not convinced that, as pled, the Amended Complaint adequately alleges post-seizure conduct that is severable, in a legally significant manner, from the City's seizure of the property. For instance, the Amended Complaint specifies that the illegal post-seizure conduct included the City of Sarasota's review, retention, use, preservation, and catalog of Mrs. Ziegler's personal information. Doc. 35 ¶¶ 169-170. However, it is reasonable that reviewing, retaining, using, preserving, and cataloging information and property gathered from an investigative search or seizure is a facet of

conducting a search or seizure. *See United States v. Cooper*, 409 F. Supp. 364, 368 (M.D. Fla.), aff'd, 542 F.2d 1171 (5th Cir. 1976) (reasoning that law enforcement's lawful, statutory-based authority to conduct a search carries with it the right to examine and photocopy the records inspected); *United States v. Ponder*, 444 F.2d 816, 818 (5th Cir. 1971) (reasoning that law enforcement's lawful authority to search—gained via valid consent—carries with it the right to inspect and photocopy).

Also, the Amended Complaint alleges that by including details about Mrs. Ziegler's intimate life in police reports and investigative files, the City "caused or permitted" the disclosure of Mrs. Ziegler's private information to media outlets, which, in turn, resulted in public dissemination. *Id.* ¶ 172. However, as discussed *supra*, documenting the information and property obtained from a search or seizure is a standard law enforcement practice that is a reasonable part of a search or seizure. Therefore, the assertion that a government official completed a police report as part of an investigation is not a well-pled allegation that it infringed on the privacy rights of the subject of the police report. Without more, Mrs. Ziegler's allegation that the City caused or permitted disclosure of intimate details about her life to the media for public consumption is a conclusory statement and does not sufficiently allege a Fourteenth Amendment privacy violation.

Indeed, precedential authority substantiates a Fourteenth Amendment right to privacy in information that reveals intimate details about a plaintiff's personal life. *See*

*Fadjo v. Coon*, 633 F.2d 1172 (5th Cir. 1981)[4] (concluding that plaintiff alleged a valid Fourteenth Amendment privacy violation where the state shared with a credit investigator and insurance companies a testimony transcript that contained private details of plaintiff's life); *James v. City of Douglas, Ga.*, 941 F.2d 1539 (11th Cir. 1991) (reasoning that police officers should have been on notice that they were violating plaintiff's Fourteenth Amendment right to privacy when they shared with other officers a video of plaintiff engaging in sexual activity).

Here, the Amended Complaint falls short of adequately pleading a Fourteenth Amendment privacy claim. For instance, in *Fadjo*, the plaintiff's allegation was that the state official shared "the most private details of his life" with a credit investigator and insurance companies. *Fadjo*, 633 F.2d at 1174. Likewise, the *James* plaintiff alleged that police officers showed the sex video to other officers in the police department. *See James*, 941 F.2d 1539. In the instant case, however, the Amended Complaint does not state specific facts that the City actually shared Mrs. Ziegler's intimate information with other individuals or entities. Instead, as discussed *supra*[5], the Amended Complaint merely details how the information was used during the criminal investigation. Doc. 35 ¶¶ 169-70. Further, the Amended Complaint implies that the City's post-seizure conduct ***permitted*** the disclosure of Mrs. Ziegler's personal information to third parties. *See Id.* ¶ 172. A statement that the City's conduct

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.
[5] Analyzed *supra* at 11-12.

permitted the disclosure of Mrs. Ziegler's information is, at best, a suggestion that the public might access the seized material; it is not a well-pled assertion that the City actually disclosed Mrs. Ziegler's private information to anyone.

In conclusion, the Amended Complaint does not sufficiently assert a violation of Mrs. Ziegler's Fourteenth Amendment right to privacy. Plaintiff will be given an opportunity to amend the Amended Complaint.

*Mrs. Ziegler's Standing to Sue*

To establish her standing to sue in federal court, a plaintiff must satisfy three criteria. *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019). First, she must demonstrate that she suffered an "injury in fact." *Id.* An "injury in fact" is an invasion of a legally-protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Id*. Second, the plaintiff must show a causal connection between her injury and the challenged action of the defendant. *Id.* Third, she must show that it is likely, not merely speculative, that a favorable judgment will remedy her injury. *Id.*

Here, the City argues that Mrs. Ziegler lacks standing because she is attempting to repackage a Fourth Amendment privacy claim in her husband's cell phone and related accounts as a Fourteenth Amendment privacy claim. Doc. 39 at 8-13. Mrs. Ziegler admits that she is not bringing a Fourth Amendment privacy claim. Doc. 55 at 10-11. The Court concludes that Mrs. Ziegler has not pled any facts to show she suffered an "injury in fact" with regard to the cell phone and related accounts because, as pled, the Amended Complaint does not allege an invasion of Mrs. Ziegler's legally-

protected interest—neither under the Fourth Amendment nor the Fourteenth Amendment.

*"Injury in fact" under the Fourth Amendment*

Fourth Amendment rights are personal and may not be vicariously asserted. *Alderman v. United States*, 394 U.S. 165, 174 (1969). The capacity to claim the protection of the Fourth Amendment depends on whether the person claiming protection has a legitimate expectation of privacy in the invaded place. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 134 (1978)); *See also United States v. Gibson*, 708 F.3d 1256, 1276 (11th Cir. 2013) ("A defendant has standing to challenge a warrantless search if the defendant had a legitimate expectation of privacy in the property when it was searched.") Furthermore, the party alleging an unconstitutional search must establish both a subjective and an objective expectation of privacy. *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006).

Here, Count VII is predicated on the City's use, review, and retention of Mr. Ziegler's—not Mrs. Ziegler's—cell phone, Google account, and Instagram account. Doc. 35 ¶¶ 24, 29, 30, 40, 41, 42, 43, 66, 167, 170. Moreover, the Amended Complaint does not allege that Mrs. Ziegler owned, possessed, or otherwise held a reasonable expectation of privacy in her husband's cell phone, Google account, or Instagram account. Hence, the Amended Complaint does not allege that Mrs. Ziegler suffered an "injury in fact" because it does not adequately plead an invasion of *Mrs. Ziegler's* legally protected interest. *See United States v. Tercier*, 835 F. App'x 471, 481 (11th Cir. 2020) (finding that the defendant did not have a reasonable expectation of privacy in the

third-party cell phone and, therefore, lacked standing to challenge the search of the third-party cell phone). In turn, Mrs. Ziegler lacks standing to sue the City for a Fourth Amendment violation of her husband's personal property.

*"Injury in fact" under the Fourteenth Amendment*

A plaintiff sufficiently alleges a Fourteenth Amendment privacy violation when she alleges that a state official shared with other individuals private, confidential details about her intimate life. *See Fadjo*, 633 F.2d 1172; *James,* 941 F.2d 1539.

Here, as analyzed *supra*[6], the Amended Complaint stops short of sufficiently alleging that the City disseminated material about Mrs. Ziegler's intimate life. Instead of providing details to assert that the City, itself, shared Mrs. Ziegler's private information, the Amended Complaint merely concludes that the City "caused or permitted" disclosure to third parties. Doc. 35 ¶ 172.

In conclusion, Mrs. Ziegler lacks standing to bring a privacy claim under the Fourth Amendment. And the Amended Complaint does not contain sufficient facts to allege a Fourteenth Amendment privacy violation. Although the Zieglers have amended the complaint once, they did so without the benefit of an order from the Court. Therefore, the Court will allow the Zieglers an additional opportunity to amend the complaint to plead facts to sufficiently allege that the City infringed upon Mrs. Ziegler's privacy in violation of the Fourteenth Amendment.

[6] Discussed *supra* at 13-14.

**<u>Fourth Amendment Claims against Detective Cox (Count IV) and Detective Llovio (Count V)</u>**

In Counts IV and V, Mr. Ziegler alleges Detective Cox (Count IV) and Detective Llovio (Count V) violated his Fourth Amendment rights by intentionally omitting exculpatory evidence from warrant affidavits and by drafting overbroad warrants. Doc. 35 at ¶¶ 111-148.

Detective Cox argues qualified immunity protects her from personal liability for multiple reasons. Doc. 43. First, she argues the threshold for the application of qualified immunity is met because she was acting in her discretionary capacity. Doc. 43 at 4-5. Next, Detective Cox maintains her conduct was objectively reasonable because a judge approved the warrant. *Id.* at 5. Detective Cox also contends that the Amended Complaint's claims are too vague and conclusory to state a viable claim against her. *Id.* at 5-7. And, finally, Detective Cox argues that Mr. Ziegler has not identified any established law that would have put her on notice. Doc. 43 at 8.

Similarly, Detective Llovio also moves this Court to dismiss Count V on qualified immunity grounds. Doc. 41. First, she maintains qualified immunity protects her because she was acting within her discretionary authority. *Id.* at 5. Next, she argues Mr. Ziegler has failed to plead a plausible constitutional violation. *Id.* at 6-13. Detective Llovio also posits that Mr. Ziegler has not identified clearly established law such that Detective Llovio would have been on notice that she was committing a constitutional violation. *Id.* at 13-14. As an alternative argument to her qualified immunity defense, Detective Llovio submits that Count V does not plead a plausible

Fourth Amendment cause of action because its factual claims are conclusory and do not allege sufficiently specific facts. *Id.* at 14-15.

Qualified immunity protects government officials from civil liability, as long as their conduct does not violate clearly established statutory or constitutional rights. *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026); *Wilson v. Sec'y, Dep't of Corr.*, 54 F.4th 652, 660 (11th Cir. 2022). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To receive qualified immunity, an official must first establish that she was acting within the scope of her discretionary authority when she committed the alleged violation. *McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir. 2009). If the government official was acting within the scope of her discretionary authority, then the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Wilson*, 54 F.4th at 660. It follows that a government official enjoys qualified immunity unless: 1) the plaintiff alleges facts establishing that the official's conduct violated a constitutional or statutory right, and 2) the legal right was clearly established at the time of the official's alleged misconduct. *Wilson,* 54 F.4th at 660. Courts are afforded discretion in determining which of the two prongs to address first. *Id.* If it is clear that a legal right was not clearly established, then it is not necessary decide both prongs. *Id.*

The Supreme Court has "repeatedly...stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).

Therefore, a court may grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right. *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).

Mr. Ziegler does not contest that Detective Cox and Detective Llovio were acting in their discretionary authority. Doc. 57 at 3. Therefore, the Court will focus its analysis on 1) whether Mr. Ziegler alleges facts establishing a constitutional violation, and 2) whether the law that the detectives allegedly violated was clearly established.

Here, the Amended Complaint asserts sufficient facts that aptly allege that Detective Cox and Detective Llovio violated Mr. Ziegler's Fourth Amendment rights. Specifically, the Amended Complaint details that the detectives committed "deliberate and egregious violations" of Mr. Ziegler's Fourth Amendment rights by intentionally, or with a reckless disregard for accuracy, omitting from the warrant affidavit any reference to the exculpatory evidence of which they had been informed by Mr. Ziegler's attorney. *See* Doc. 35 ¶¶ 11, 29-34, 37, 112, 113, 121, 125-127, 132, 133, 141, 145, 146. The Amended Complaint also asserts that the detectives violated Mr. Ziegler's Fourth Amendment rights by obtaining and executing overly broad warrants for Mr. Ziegler's entire cell phone and the related Google drive account. *See* Doc. 35 ¶¶ 11, 29-34, 38, 39, 112, 113, 116-119, 121, 133, 136-139, 141, 142.

Further, the law regarding the alleged Fourth Amendment violations was clearly established, such that the detectives should have been on notice that their conduct was illegal. It is clearly established law that a warrant violates the Fourth Amendment when it contains omissions that were made intentionally or recklessly.

*See Paez v. Mulvey,* 915 F.3d 1276, 1287 (11th Cir. 2019) ("An affidavit's omissions may lead to an unreasonable and unconstitutional warrant-based arrest if information that the affiant knew about but intentionally or recklessly disregarded negates a finding of probable cause.") (citation modified); *Madiwale v. Savaiko*, 117 F.3d 1321, 1326–27 (11th Cir. 1997) ("A warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit. Omissions that are not reckless, but are instead negligent, or insignificant and immaterial, will not invalidate a warrant.") (quotation modified); *see also Kelly v. Curtis*, 21 F.3d 1544, 1551 (11th Cir. 1994) (concluding that qualified immunity protected the officers, where the plaintiff presented no evidence that the exculpatory evidence was brought to the attention of the officers). As alleged in the Amended Complaint, the detectives were on notice that intentionally or recklessly omitting from the warrant application the exculpatory evidence about which they had been informed would have invalidated the warrant.

Additionally, Supreme Court jurisprudence has established that a search warrant that does not particularly describe the item to be searched is overly broad and, therefore, violates the Fourth Amendment. First and foremost, the Fourth Amendment explicitly guides that a warrant must particularly describe the place to be searched or the things to be seized. U.S. Const. amend. IV. Further, the U.S. Supreme Court has reasoned that the Fourth Amendment's prohibition against general warrants renders general, discretionary searches illegal. *See Standford v. Texas*, 379 U.S. 476, 85 (1965) ("The requirement that warrants particularly describe the things to be seized

makes general searches under them impossible … As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.") (quotation modified)).

Similarly, the Eleventh Circuit has reasoned that "a warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally overbroad. The resulting general search is unconstitutional." *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000) (quotation modified)); *See also United States v. Blake*, 868 F.3d 960, 973 (11th Cir. 2017) (noting that the purpose of the Fourth Amendment's particularity requirement is to preclude general warrants and exploratory rummaging in a person's belongings). As to the place to be searched, the warrant must contain "sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." *United States v. Rousseau*, 628 F. App'x 1022, 1025 (11th Cir. 2015) (quoting *United States v. Burke*, 784 F.2d 1090, 1092 (11th Cir. 1986)). As to the materials to be seized, a description is sufficiently particular "when it enables the searcher reasonably to ascertain and identify the things to be seized." *Rousseau,* 628 F. App'x at 1025 (quoting *United States v. Santarelli*, 778 F.2d 609, 614 (11th Cir. 1985)).

Specifically with regards to searches of cell phones and accounts housed therein, there is a heightened Fourth Amendment privacy interest in cell phones due to a cell phone's vast storage capacity. *Riley v. California*, 573 U.S. 373, 393-397 (2014); *See also Chatrie v. United States*, 146 S. Ct. 2193, 2200 (2026) ("Today, more than nine in ten Americans own a smartphone. That means they are likely addicted to apps and other services, many of which collect and store detailed information about all aspects of a

person's life.") (quoting *Riley,* 573 U.S. at 396) (quotation modified). Moreover, a warrant that permits an unencumbered search of a cellular phone is unconstitutionally overbroad. *Robinson v. Ash*, 374 F. Supp. 3d 1171, 1185 at n. 5 (M.D. Ala. 2019), aff'd, 805 F. App'x 634 (11th Cir. 2020) (concludes in *dicta* that the cell phone search warrant was overly broad where it authorized an unrestricted and comprehensive search of the cell phone); *United States v. McCall*, 84 F.4th 1317, 1328 (11th Cir. 2023) (accepting as true the Government's concession that a warrant was overbroad when it allowed officers to search all of the conceivable data on the cell phone's iCloud account without any meaningful limitation).

In the present case, Mr. Ziegler asserts in the Amended Complaint that the detectives worked in tandem to obtain and execute an overly broad warrant to seize and conduct an unrestricted search of his phone and Google drive account. *See* Doc. 35 ¶¶ 11, 29-34, 38, 39, 45 112, 113, 116-119, 121, 133, 136-139, 141, 142. Therefore, given the authority outlined above, it follows that the detectives were on notice that it is a Fourth Amendment violation to employ a general warrant to seize and conduct an unencumbered search of a cell phone's contents.

In conclusion, the Amended Complaint alleges sufficient facts that Detective Cox and Detective Llovio violated Mr. Ziegler's Fourth Amendment right to privacy by omitting from the search warrants any reference to exculpatory evidence and by obtaining and executing general warrants. Further, at the time the warrants were executed, the law  was clearly established that omitting exculpatory evidence from a warrant affidavit and conducting a general search of a cell phone constituted Fourth

Amendment violations. Therefore, accepting the allegations in the Amended Complaint as true, qualified immunity does not protect the detectives from the claims asserted, and Mr. Ziegler's allegations are sufficiently well-pled to survive both detectives' motions to dismiss.

Accordingly, it is **ORDERED**:

1. Defendant City of Sarasota's Motion to Dismiss Counts III and VII of Plaintiffs' Amended Complaint (Doc. 39) is **GRANTED.** Count III and Count VII are dismissed without prejudice.
2. If they choose, Plaintiffs may file a Second Amended Complaint within fourteen (14) days of the date of this Order, which cures the deficiencies in Counts III and VII as addressed in this Order.
3. Failure to file a Second Amended Complaint within the time permitted will result in the case going forward against these defendants, only as to Counts I, II, IV, and V of the Amended Complaint.[7]
4. Defendant Maria Llovio's Motion to Dismiss Count V (Doc. 41) is **DENIED**.
5. Defendant Angela Cox's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43) is **DENIED**.

[7] The Court will address State Attorney Brodsky's Motion to Dismiss Count VI in a separate Order.

**DONE AND ORDERED** in Tampa, Florida on September 30, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any