UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN ZIEGLER &
BRIDGET ZIEGLER,

Plaintiffs,

v. CASE NO. 8:25-cv-02992-CEH-AAS

CITY OF SARASOTA, ANGELA
COX, & MARIA LLOVIO

Defendants.
_______________________________________/

**DEFENDANT ANGELA COX'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW**

Defendant, Angela Cox, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Count IV of Plaintiffs' Amended Complaint (Doc. 35), filed February 6, 2026, and in support states:

1. This action arises from a criminal investigation conducted by Detective Angela Cox while on duty as a law enforcement officer for the City of Sarasota.

2. Summons was served on Detective Cox, and a waiver was filed on November 29, 2025.

3. Detective Cox is sued in her individual capacity. (AMENDED COMPLAINT at 43) She is entitled to qualified immunity, and Count IV should be dismissed as a matter of law.

**MEMORANDUM OF LAW**

I. Preliminary Statement

Count IV asserts a single Fourth Amendment claim against Detective Cox under 42 U.S.C. § 1983, premised on the theory that she obtained and executed "overbroad" general warrants and omitted purportedly exculpatory information from the supporting affidavits. (AMENDED COMPLAINT at 43; AMENDED COMPLAINT at 43; AMENDED COMPLAINT at 46) Every warrant at issue was reviewed by the State Attorney's Office and issued by a neutral judge. (AMENDED COMPLAINT at 43) That alone entitles Detective Cox to qualified immunity.

A recent appellate decision confirms the point. In the parallel public-records litigation arising from the same investigation, the Sarasota County Circuit Court held that each of the three warrants "violated Mr. Ziegler's Fourth Amendment rights" and were "vastly overbroad" general warrants. (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 10) On September 2, 2026, the Florida Second District Court of Appeal reversed that judgment in its entirety. (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 2) The appellate court held that the Fourth Amendment theory had never been pled, was not properly before the trial court, and could not support the relief entered. (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 20) It declined to decide whether the warrants were unlawful or whether Mr. Ziegler held any constitutionally protected interest in the seized data, observing that those very questions remain "far from settled and highly debatable." (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 23; THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 25)

The only court ever to find these warrants unconstitutional has now been reversed. If, in September 2026, the question whether these warrants offended the Fourth Amendment was still unsettled and debatable, then no clearly established law placed that question "beyond debate" for Detective Cox in 2023. Qualified immunity bars Count IV.

<u>II. The Allegations</u>

Count IV alleges that Detective Cox knew the affidavits for the cellphone and Google Drive warrants submitted to Judge Krug contained "false and misleading information," and that she "intentionally misled the judge" by omitting reference to a purportedly exculpatory video on Mr. Ziegler's cellphone. (AMENDED COMPLAINT at 43; AMENDED COMPLAINT at 44) It alleges she intended Judge Krug to rely on the affidavits, that the warrants were "overbroad on their face," and that she executed the cellphone warrant "despite a material change in circumstances" after reviewing the video. (AMENDED COMPLAINT at 44; AMENDED COMPLAINT at 45; AMENDED COMPLAINT at 46) It further alleges the warrants were "unlawful general warrants" lacking adequate limitations, and that Detective Cox was "motivated by actual malice." (AMENDED COMPLAINT at 46; AMENDED COMPLAINT at 46) Plaintiff asserts these acts violated a "clearly establish[ed]" Fourth Amendment right. (AMENDED COMPLAINT at 46)

III. Standard of Review

To survive a motion under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) A claim is plausible only when the plaintiff pleads factual content allowing the reasonable inference that the defendant is liable for the misconduct alleged; the "mere possibility" of misconduct is not enough. (Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)) Conclusory allegations are not entitled to the presumption of truth. (Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))

Because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," it must be resolved "at the earliest possible stage in litigation," and dismissal is appropriate at the Rule 12(b)(6) stage when a complaint "fails to allege the violation of a clearly established constitutional right." (Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003)) The Court reviews the defense accepting the complaint's well-pleaded allegations as true. (Wilson v. Sec'y, Dep't of Corr., 54 F.4th 652 (11th Cir. 2022))

IV. Argument

A. Detective Cox is entitled to qualified immunity.

Qualified immunity "completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." (Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003)) The doctrine shields "all but the plainly incompetent or those who knowingly violate the law," and spares officials not only from liability but from the burdens of litigation itself. (Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003))

The analysis is sequential. The official must first establish that she was acting within her discretionary authority; once she does, the burden shifts to the plaintiff to show (1) that the defendant's conduct violated a constitutional right and (2) that the right was clearly established at the time of the alleged misconduct. (Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003); Wilson v. Sec'y, Dep't of Corr., 54 F.4th 652 (11th Cir. 2022)) Plaintiff cannot carry that burden on either prong.

B. Detective Cox acted within her discretionary authority.

An officer satisfies the discretionary-authority threshold by showing she was performing a legitimate, job-related function through means within her power. (Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003)) Investigating a reported sexual offense, preparing warrant affidavits, submitting them for prosecutorial and judicial review, and executing judicially issued warrants are core law enforcement functions squarely within a detective's authority. The Amended Complaint alleges nothing to the contrary; it alleges only that Detective Cox performed these functions improperly. (AMENDED COMPLAINT at 43; AMENDED COMPLAINT at 46) The burden therefore shifts to Plaintiff.

C. Detective Cox had at least arguable probable cause.

In the qualified immunity context, arguable probable cause — not actual probable cause — is the governing standard, and its existence defeats a Fourth Amendment claim. (Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019)) Probable cause "is not a high bar"; it requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." (Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019)) An officer need not "sift through conflicting evidence or resolve issues of credibility," and the existence of "some conflicting evidence or a possible defense" does not vitiate probable cause. (Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019))

Detective Cox had at least arguable probable cause to investigate a reported sexual offense and to seek electronically stored evidence relevant to that investigation. The reported allegations supplied a reasonable basis to investigate, and the asserted later emergence of a contrary "innocent explanation" does not negate probable cause. (Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)) Where an officer's judgment on probable cause may be mistaken but is not "plainly incompetent," qualified immunity protects it. (Messerschmidt v. Millender, 565 U.S. 535, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012))

D. The judges' issuance of the warrants, after prosecutorial review, creates a strong presumption of reasonableness.

Each warrant was reviewed by the State Attorney's Office and issued by a neutral judge. (AMENDED COMPLAINT at 43) The Supreme Court has held that "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." (Messerschmidt v. Millender, 565 U.S. 535, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012)) An officer's decision to seek prosecutorial and supervisory approval before submitting a warrant application to the magistrate "provides further support for the conclusion that an officer could reasonably have believed that the scope of the

warrant was supported by probable cause." (Messerschmidt v. Millender, 565 U.S. 535, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012)) An officer who takes "every step that could reasonably be expected" loses the shield only where the warrant was so lacking in indicia of probable cause that "no officer of reasonable competence would have requested the warrant." (Messerschmidt v. Millender, 565 U.S. 535, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012))

Detective Cox took those steps here. A contrary conclusion would require this Court to find not only that Detective Cox was "plainly incompetent," but that the State Attorney's Office and the issuing judges were as well. (Messerschmidt v. Millender, 565 U.S. 535, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012)) The Amended Complaint does not plausibly allege conduct meeting that demanding standard.

E. The appellate reversal eliminates the only judicial finding that these warrants were unconstitutional.

Plaintiff's theory depends on the premise that the warrants were "unlawful general warrants" that were "overbroad on their face." (AMENDED COMPLAINT at 45; AMENDED COMPLAINT at 46) The sole court to have adopted that premise — the Sarasota County Circuit Court, which held each warrant "violated Mr. Ziegler's Fourth Amendment rights" — has been **reversed**. (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 10; THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 2)

The Second District did not merely reverse on procedural grounds. It expressly declined to hold that the warrants were unconstitutional or that Mr. Ziegler held any protected property interest in the seized data, explaining that it was "not holding that the data SPD copied when it executed these search warrants might not have constituted some form of a recognized property interest" and was "not broaching the existential nature of this data at all." (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 25) To the contrary, it described the predicate legal questions — whether a person has a property interest in digital data held by third parties — as "far from settled and highly debatable." (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 23) The appellate court also confirmed that the proper avenue for any Fourth Amendment grievance is precisely a § 1983 action — not a finding that the warrants were void — and noted that the Zieglers had filed this very suit. (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 19; THE FLORIDA CENTER

FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 19)

The upshot is twofold. First, there is no subsisting judicial determination that these warrants were unlawful; the premise of Count IV rests on a reversed judgment. Second, and dispositively for qualified immunity, if the constitutionality of these warrants remained unsettled and "highly debatable" as of September 2026, no reasonable officer in 2023 could have been on notice that obtaining and executing them was clearly unlawful.

F. Plaintiff fails to plead a viable Franks/Madiwale material-omission claim.

A warrant affidavit violates the Fourth Amendment only if it contains statements or omissions made "intentionally or with a reckless disregard for the accuracy of the affidavit," and — critically — "even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause." (Madiwale v. Savaiko, 117 F.3d 1321 (11th Cir. 1997); Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)) The Eleventh Circuit applies a two-part test: first, whether there was an intentional or reckless misstatement or omission; and second, materiality — "whether probable cause would be negated if the offending statement was removed or the omitted information included." (Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019)) Even accepting an intentional omission as pleaded, "the only question" is whether the affidavit still would have established probable cause with the omitted information included; if it would have shown even arguable probable cause, the officer is entitled to qualified immunity. (Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019))

Count IV fails that test. It offers only conclusory labels — that the video was "exculpatory," the omission "material," and probable cause "lost" — without pleading what the video showed or facts establishing that its disclosure would have defeated probable cause for warrants seeking electronically stored evidence. (AMENDED COMPLAINT at 43; AMENDED COMPLAINT at 47) Indeed, Count IV alleges that the video was "the only piece of evidence at the time that connected Mr. Ziegler's cell phone to the alleged assault." (AMENDED COMPLAINT at 47) That allegation establishes a nexus between the phone and the investigation; it does not negate probable cause to search the phone. An innocent explanation does not defeat probable cause, which requires only a probability of criminal activity. (Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983))

Plaintiff's alternative theory — that Detective Cox was required to return to the issuing judge after obtaining information that purportedly "materially undermined" the affidavit — also fails. (AMENDED COMPLAINT at 44) The

Eleventh Circuit has squarely held that "[t]he Fourth Amendment imposes no affirmative duty on an investigator to return to the magistrate after every twist and turn of the investigation." (29 Fla. L. Weekly Fed. C 786) A "valid and lawfully obtained warrant shields an officer from liability," and "the discovery of exculpatory evidence after a determination of probable cause does not undermine the validity of" action taken under a judicial order; later-arising exculpatory evidence implicates, at most, separate due-process obligations, not a Fourth Amendment duty of re-presentment. (29 Fla. L. Weekly Fed. C 786; 29 Fla. L. Weekly Fed. C 786)

Finally, Count IV identifies no materially false statement attributable to Detective Cox that was necessary to the probable cause finding. Its assertions that the affidavits were "false and misleading" and that Detective Cox acted with "actual malice" are conclusory and add nothing. (AMENDED COMPLAINT at 43; AMENDED COMPLAINT at 46) Allegations of malice are irrelevant to the objective qualified immunity inquiry and cannot substitute for well-pleaded facts of materiality.

G. Plaintiff identifies no clearly established law that would have put Detective Cox on notice.

Even assuming a constitutional violation, qualified immunity bars Count IV because Plaintiff identifies no precedent that would have made the unlawfulness of Detective Cox's conduct apparent. To be clearly established, existing precedent must have placed the constitutional question "beyond debate." (Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)) Courts "must not define clearly established law at a high level of generality"; the general proposition that an unreasonable search violates the Fourth Amendment "is of little help in determining whether the violative nature of particular conduct is clearly established." (Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)) This degree of specificity is "especially important in the Fourth Amendment context," and ordinarily requires "a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." (D.C. v. Wesby, 583 U.S. 48, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018))

Plaintiff pleads only the general right "to be free from illegal searches and seizures." (AMENDED COMPLAINT at 46) That is precisely the high level of generality the Supreme Court has rejected. (Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)) No controlling decision holds that a detective violates clearly established law by obtaining and executing digital-search warrants that were reviewed by a prosecutor and approved by a neutral judge.

The unsettled state of the law confirms the point. The Supreme Court's most recent decision addressing digital-data warrants resolved only that acquiring such data is a "search" protected by a reasonable expectation of privacy, and expressly left open "whether, given the warrant issued, the search here was reasonable, meaning that each of its steps was properly described with particularity and found to be supported by probable cause." (Chatrie v. United States, 146 S. Ct. 2193, 225 L. Ed. 2d 793 (2026)) The Second District, surveying this terrain in September 2026, likewise found the governing questions "far from settled and highly debatable." (THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY, INC., ET AL. v. CHRISTIAN ZIEGLER, ET AL. at 23) A right that remains debatable today cannot have been "beyond debate" when Detective Cox acted in 2023. (Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)) Qualified immunity applies, and Count IV must be dismissed.

**Conclusion**

For the foregoing reasons, Detective Angela Cox respectfully requests that this Court dismiss Count IV of the Amended Complaint against her with prejudice and grant such further relief as the Court deems just and proper.

LOCAL RULE 3.01(g) CERTIFICATE

Undersigned counsel conferred with Plaintiffs' counsel on October 7, 2026, and opposing counsel disagreed on the resolution of this Motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 7th day of October 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record, including:

James O. Williams, Esq., Williams Leininger Cosby, 11300 US Highway One, Suite 300, North Palm Beach, FL 33408; jwilliams@wlclaw.com

Matthew Seth Sarelson, Esq., Dhillon Law Group, Inc., 1601 Forum Place, Suite 202, West Palm Beach, FL 33401; msarelson@dhillonlaw.com

Bradley Rothman, Esq., Weldon & Rothman, PL, 2548 Northbrooke Plaza Dr., Naples, FL 34119; brothman@weldonrothman.com

Respectfully submitted,
/s/ Timothy P. Culhane
Timothy P. Culhane
Florida Bar No. 124657

LANDMARK LAW FIRM
3949 Evans Ave, Suite 300B
Fort Myers, FL 33902
Tel: (239) 204-5808
tim@thelandmarklaw.com
pleadings@thelandmarklaw.com
Counsel for Defendant Angela Cox