**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIAN ZIEGLER and
BRIDGET ZIEGLER,

Plaintiffs,

v. Case No.: 8:25-cv-02992-CEH-AAS

CITY OF SARASOTA, ANGELA COX, MARIA LLOVIO, & ED BRODSKY, in his official capacity as State Attorney for Florida's Twelfth Judicial Circuit,

Defendants,
__________________________________/

**ORDER**

This matter comes before the Court on Defendant State Attorney Ed Brodsky's Motion to Dismiss Plaintiffs' Amended Complaint[1] (Doc. 68). Plaintiff Christian Ziegler filed a response in opposition. Doc. 69.

State Attorney Ed Brodsky for Florida's Twelfth Judicial District requests dismissal of the Amended Complaint,[2] Doc. 35, because the Eleventh amendment and prosecutorial immunity bar the claim, this court lacks subject matter jurisdiction under the *Younger* abstention doctrine, the Amended Complaint is an impermissible shotgun

[1] The Court is aware that Plaintiffs have now filed a Second Amended Complaint. *See* Doc. 102. Count VI in the Amended Complaint is almost identical to Count VI in the Second Amended Complaint. To preserve the parties' resources, conserve judicial economy, and because the Court finds that *Younger* abstention bars the claim against the State Attorney, the Court issues this order based on the State Attorney's fully briefed Motion to Dismiss the Amended Complaint.

[2] State Attorney Ed Brodsky is named as a defendant only as to Count VI.

pleading, and it fails to plead the essential elements required for injunctive relief. Doc. 68. Mr. Ziegler filed a response in opposition. Doc. 69.

The Court, having considered the motion and response and being fully advised in the premises, will grant Defendant State Attorney Ed Brodsky's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 68).

## I. FACTUAL BACKGROUND[3]

Ed Brodsky ("the State Attorney") is the State Attorney for Florida's Twelfth Judicial Circuit serving Sarasota County, Florida. *Id.* ¶ 6. Plaintiffs bring this lawsuit against the State Attorney, who is a state official, only in his official capacity and only for injunctive relief. *Id.*

On or around October 4, 2023, Ms. Doe's coworker contacted the Sarasota Police Department ("SPD") to report that Mr. Ziegler assaulted Ms. Doe in Ms. Doe's home on October 2, 2023. *Id.* ¶ 15. Initially, Ms. Doe declined to cooperate with SPD in bringing criminal charges against Mr. Ziegler because she could not remember her encounter with Mr. Ziegler. *Id.* ¶ 16. However, Maria Llovio ("Detective Llovio") and Angela Cox ("Detective Cox") of the SPD eventually persuaded Ms. Doe to cooperate with the SPD's criminal investigation of Mr. Ziegler. *Id.* ¶ 20. When the SPD referred

---

[3] Unless otherwise stated, the following statement of facts is derived from the Amended Complaint (Doc. 35), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

the investigative results to the State Attorney's Office, the State Attorney's Office declined to prosecute Mr. Ziegler. *Id.* ¶¶ 61, 155.

As a result of the criminal investigation, the City of Sarasota obtained Mr. Ziegler's private property via three unconstitutional search warrants. *Id.* ¶¶ 29-30, 40, 46-49, 56, 152. A very small subset of the seized materials was transmitted to the State Attorney, Mr. Brodsky. *Id.* ¶ 153. The State Attorney is currently in possession of the small subset of seized materials. *Id.* ¶ 154. Because the State Attorney decided not to prosecute Mr. Ziegler, the criminal investigation against Mr. Ziegler was closed without any charges or an arrest. *Id.* ¶ 155. Hence, when the State Attorney closed the investigation, he lost any right to possess Mr. Ziegler's property that was seized pursuant to the three search warrants. *Id.* ¶ 156. The State Attorney's continued possession of Mr. Ziegler's seized property is an ongoing violation of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. *Id.* ¶ 157.

The State Attorney has received multiple public records requests under Florida's Public Records Act seeking Mr. Ziegler's seized property. *Id.* ¶ 158. Mr. Ziegler brought a state court civil lawsuit against the State Attorney, alleging constitutional violations and requesting a remedial order that precludes the State Attorney from continuing to possess any material obtained via the three search warrants in response to any public records request under state law. *Id.* ¶ 67; *See also* Doc. 35-4. There is currently a state court injunction in place that enjoins the State Attorney from producing the seized property in response to public records requests. Doc. 35 ¶ 159.

Pursuant to the state court injunction, the State Attorney is required to return to Mr. Ziegler and to permanently destroy all copies of the seized property that was acquired as a result of the three illegal warrants. *Id; See also* Doc. 35-4 at 38. Specifically, the state trial court ordered the State Attorney to "destroy the original and all copies of the data seized by any of the three warrants, except as specifically identified in decretal paragraph 4a-4c." Doc. 35-4 at 44. The destruction order issued by the state trial court is stayed pending appellate review[4], and the State Attorney has not complied with the state court injunction. *Id.* ¶ 160.

If the State Attorney were to produce the seized material pursuant to the state Public Records Act, the State Attorney would be violating Mr. Ziegler's constitutional rights. *Id.* ¶ 162. Further, the state Public Records Act, as applied to Mr. Ziegler's seized material, is unconstitutional. *Id.* ¶¶ 163-64. Mr. Ziegler seeks a permanent injunction precluding the State Attorney from continuing to possess Mr. Ziegler's seized property and from disclosing it. *Id.* ¶ 165. Also, pursuant to 42 U.S.C. § 1988, Mr. Ziegler requests attorneys' fees from the State Attorney. *Id.* ¶¶ 166, paragraph v.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[4] When State Attorney Ed Brodsky filed his Motion to Dismiss the Amended Complaint (Doc. 68), the related state court action was pending before Florida's 2nd DCA. *See* Doc. 35 ¶¶ 67,70. The 2nd DCA has since issued an opinion reversing the trial court. *See* Doc. 97-1; Doc. 102 ¶ 72. Regarding the 2nd DCA's opinion, it is alleged that the Zieglers have sought rehearing en banc and certification to the Florida Supreme Court. Doc. 102 ¶ 72.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. DISCUSSION

In the Amended Complaint, Mr. Ziegler sues State Attorney Ed Brodsky for continuing to possess Mr. Ziegler's seized property, in violation of the Fourth, Fifth, and Fourteenth Amendments. Doc. 35 ¶¶ 150-166.

The State Attorney requests dismissal of Count VI for multiple reasons. First, he argues that the Eleventh Amendment, prosecutorial immunity, and *Younger* abstention doctrine bar Mr. Ziegler's claim. Doc. 68 at 8-20. Next, the State Attorney maintains that Mr. Ziegler failed to state a cause of action, and the Amended Complaint constitutes an impermissible shotgun pleading. *Id.* at 20-24. Finally, the

State Attorney submits that Mr. Ziegler failed to plead the elements required for injunctive relief. *Id.* at 22-23.

The Court will address, in turn, each of the State Attorney's challenges to Count VI of the Amended Complaint.

***A. Eleventh Amendment immunity does not bar Mr. Ziegler's claim.***

Pursuant to the doctrine of sovereign immunity, a federal court may not entertain a private person's lawsuit against a state, unless the state waives its sovereign immunity or Congress enacts legislation that abrogates the state's immunity. *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011). In *Ex Parte Young*, the Supreme Court established a limit to a state's sovereign-immunity protection. *See Ex Parte Young*, 209 U.S. 123 (1908); *Virginia Off. for Prot. & Advoc.*, 563 U.S. at 254 (2011). Specifically, when a federal court commands a state official to do nothing more than to refrain from violating a federal law, then that state official is not the state for sovereign-immunity purposes. *Id.* In turn, the doctrine of sovereign immunity does not apply when the state is the real party in interest, such as when the relief sought would expend itself on the public treasury or domain or interfere with public administration. *Id.* To determine whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court only needs to conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Id.* at 255.

Here, the Amended Complaint alleges that the State Attorney's continued possession of Mr. Ziegler's seized property is an ongoing violation of the Fourth, Fifth,

and Fourteenth Amendments to the U.S. Constitution. Doc. 35 ¶ 157. Further, Mr. Ziegler seeks a permanent injunction precluding the State Attorney from continuing to possess Mr. Ziegler's seized property and from disclosing it. *Id.* ¶ 165. Therefore, the *Ex parte Young* exception to sovereign immunity permits Mr. Ziegler's suit against the State Attorney to proceed because the Amended Complaint alleges an ongoing violation of federal law and seeks prospective relief. *See Virginia Off. for Prot. & Advoc.*, 563 U.S. at 256 (2011) (permitting plaintiff's claim against state officials to proceed where plaintiff alleged that the officials' refusal to produce records violated federal law, and the plaintiff's request for an injunction requiring the production of the records would prospectively abate the alleged violation).

Additionally, the State Attorney argues that sovereign immunity bars Mr. Ziegler's claim because Mr. Ziegler seeks "retroactive monetary damages including attorney's fees." Doc. 68 at 9. However, aside for the request for injunctive relief, Mr. Ziegler only requests attorneys' fees from the State Attorney, pursuant to 42 U.S.C. § 1988. Doc. 35 at ¶¶ 166, paragraph v. Therefore, Mr. Ziegler's request for attorneys' fees does not nullify his claim against the State Attorney. *See Hutto v. Finney*, 437 U.S. 678 (1978) (finding that the Eleventh Amendment's protections did not prevent an award of attorneys' fees against state prison officials acting in their official capacity), abrogated on other grounds by *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz,* 601 U.S. 42 (2024).

***B. Prosecutorial Immunity does not bar Mr. Ziegler's claim against the State Attorney.***

Prosecutors are entitled to immunity for acts or omissions associated with judicial process, namely, those taken in conjunction with initiating a prosecution and presenting the government's case. *Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000) (collecting cases from the Supreme Court and the Eleventh Circuit). However, prosecutors are not immune from claims for injunctive relief. *Id.*

Here, Mr. Ziegler requests nothing more than injunctive relief. *See* Doc. 35 ¶¶ 6, 165-66. The State Attorney argues that Mr. Ziegler also requests attorneys' fees, and, therefore, prosecutorial immunity bars Mr. Ziegler's claim. Doc. 68 at 11, 12. However, attorneys' fees are not monetary damages. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (implicitly reasoning that attorneys' fees are distinct from monetary damages in civil rights cases: "We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.") Furthermore, as explained *supra*[5], a request for attorneys' fees from a state official in an *Ex Parte Young* lawsuit does not preclude the claim against that state official. Therefore, prosecutorial immunity does not preclude Mr. Ziegler's claim against the State Attorney.

***C. Younger/Federal Abstention applies.***

Pursuant to *Younger v. Harris* and, more broadly, the judiciary's commitment to federalism, a federal court must abstain from exercising jurisdiction over a case where

[5] Explained *supra* at 7.

a plaintiff's federal claim could be adjudicated in a pending state judicial proceeding. *Younger v. Harris*, 401 U.S. 37 (1971); *Leonard v. Alabama State Bd. of Pharmacy,* 61 F.4th 902, 907 (11th Cir. 2023). However, federal abstention (also commonly referred to as "*Younger* abstention") is not required in every federal case where there is a related state judicial proceeding. *Leonard,* 61 F.4th at 907; *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013) ("Only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States") (quotation modified) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982) ("A federal court should abstain unless state law clearly bars the interposition of the constitutional claims") (quotation modified) (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)).

The Supreme Court has recognized only three types of state proceedings that require *Younger* abstention: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' judicial functions. *Sprint,* 571 U.S. at 70; *Leonard,* 61 F.4th at 907-08.

As to the first category, the State Attorney urges this Court to defer to the state court because the matter "involves a criminal prosecution." Doc. 68 at 14. The Court disagrees. The proper inquiry is not whether the matter ***involves*** a criminal prosecution or criminal investigation, but whether there is a criminal prosecution ***pending*** in state court. *See Younger*, 401 U.S. at 37, 41 n. 2, 58 ("The normal thing to do when federal

courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"; "We hold that declaratory relief is also improper when a prosecution … is pending in state court at the time the federal suit is initiated."; "There must be a live controversy under Article III" (quotations modified)); *Glasco v. Alabama Dep't of Hum. Res.,* 2026 WL 1972026, at *5 (11th Cir. July 8, 2026) (explaining that the first factor is met when a state criminal proceeding is ongoing, and the relief sought by the plaintiff would interfere with the state criminal proceeding). Here, as conceded by the State Attorney, the State Attorney's Office decided not to prosecute Mr. Ziegler. Doc. 35 ¶¶ 61, 155; Doc. 68 ¶ 17. Therefore, the underlying state proceeding does not involve a pending criminal prosecution.

As to the second type of state lawsuit that requires federal abstention, this case does not concern a state court civil enforcement proceeding. A civil enforcement proceeding requires *Younger* abstention when it is quasi-criminal in nature. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 593 (1975) ("*Younger* … applies … to a civil proceeding such as this, which is more akin to a criminal prosecution than are most civil cases") (quotation modified)). Specifically, *Moore v. Sims* sets out three instances that render a state civil lawsuit sufficiently quasi-criminal, such that it is a civil enforcement proceeding from which a federal court must abstain[6]: (1) the State initiated the state

[6] As stated in *Moore*, 442 U.S. at 423: "The State here was a party to the state proceedings, and the temporary removal of a child in a child-abuse context is, like the public nuisance statute involved in Huffman, 'in aid of and closely related to criminal statutes,' *Huffman*, 420 U.S. 592. The existence of these conditions, or the presence of such other vital concerns as enforcement of contempt proceedings, *Juidice v. Vail*, 430 U.S. 327 (1977), or the vindication of 'important state policies such as safeguarding the fiscal integrity of public assistance program,' *Trainor*, 431 U.S. at 444, determines the applicability of *Younger-Huffman* principles as a bar to the institution of a later federal

court proceeding using a civil statute that aids and is closely related to a criminal statute; (2) the state court proceeding concerns the enforcement of a contempt proceeding; or (3) the state court action involves the vindication of an important state policy, such as protecting the fiscal integrity of the public assistance program. *See Moore*, 442 U.S. at 423.

First, although the State Attorney in the present action was a party to the state civil case[7], the State Attorney did not initiate the state court matter. Instead, Mr. Ziegler initiated the underlying civil lawsuit against the State Attorney. *See* Doc. 35 ¶ 67. Therefore, the state court lawsuit was not a civil enforcement action. *See Sprint*, 571 U.S. at 592 (reasoning that the underlying state proceeding was not a state enforcement action because the state, in its sovereign capacity, did not initiate the underlying proceeding). Further, the basis of Mr. Ziegler's state court complaint is not a civil statute that aids, or is otherwise closely related to, a criminal statute. Instead,

---

action." *Moore*, 442 U.S. at 423 (quotation modified) (quoting *Huffman*, 420 U.S. at 604; *Juidice*, 430 U.S. 327; *Trainor*, 431 U.S. at 444).

[7] Here in the federal court action, the Amended Complaint names as a defendant, "State Attorney Ed Brodsky in his official capacity as State Attorney for Florida's Twelfth District." Likewise, the state court action names as a defendant "the Office of the State Attorney for the Twelfth Judicial Circuit." *See* Doc. 35-4. Therefore, there is a related pending state court action that involves the same parties in the instant case— i.e., Mr. Ziegler as a Plaintiff and the State Attorney/Office of the State Attorney for Florida's Twelfth Judicial Circuit as a Defendant. In turn, it is appropriate for this Court to conduct a federal abstention analysis because the federal court action and the state court action involve the same parties. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 59 (1989) ("A suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Cyber Zone E-Cafe, Inc. v. King*, 782 F. Supp. 2d 1331, 1337 (M.D. Fla. 2011) (applying the principle specifically to a state attorney); *Scheider v. Leeper*, 2016 WL 916557, at *3 (M.D. Fla. Mar. 10, 2016) (applying the principle specifically to a state attorney)).

the purpose of the underlying suit is to enjoin the State Attorney from possessing and broadcasting Mr. Ziegler's private material. *See Moore*, 442 U.S. at 423 and *Huffman*, 420 U.S. 592 (finding that the state proceeding constituted a civil enforcement action where the government sued under a civil statute that aided and was closely related to conduct that was criminalized by statute, to wit: child abuse in *Moore* and obscenity/public nuisance in *Huffman*). Third, the instant case does not concern the enforcement of contempt proceedings. Fourth and finally, the underlying lawsuit does not involve the vindication of a state policy such as protecting the fiscal integrity of the state's public assistance program. Therefore, the underlying matter currently pending in state court is not a quasi-criminal civil enforcement proceeding.

The instant lawsuit does, however, fall within the third category of proceedings that warrants federal abstention: civil proceedings involving certain orders that are uniquely in furtherance of the state courts' judicial functions. Specifically, the Zieglers' state court lawsuit involves a challenge to the state trial court's order mandating that the State Attorney prevent disclosure of Mr. Ziegler's property by destroying it. *See Cichowski v. Distler,* 2026 WL 161310 at *2 (11th Cir. 2026) ("When … a federal lawsuit overlaps with a state court civil proceeding involving a challenge to a state court order, the federal court must consider whether the three factors enumerated in *Middlesex,* 457 U.S. at 432 are present") (quotation modified) (quoting *Leonard*, 61 F.4th at 908)). Because the underlying state action involves an order that is uniquely in furtherance of the state court's judicial function, this Court will now analyze whether the *Middlesex* factors are present.

*Middlesex Analysis*

Pursuant to *Middlesex*, a court must abstain from a state civil proceeding when three factors are present: (1) the plaintiff seeks federal relief that would interfere with an ongoing state judicial proceeding; (2) the federal proceeding implicates important state interests; and (3) there is an adequate opportunity to raise federal challenges in the state proceedings. *Middlesex*, 457 U.S. at 432; *See also, e.g. Sorghegui v. Park East Homeowners Ass'n, Inc.*, No. 25-11195, 2026 WL 2593750, at *3 (11th Cir. Sept. 2, 2026); *Glasco*, 2026 WL 1972026, at *5 (quoting *Tokyo Gwinnett, LLC v. Gwinnett Cnty., Georgia,* 940 F.3d 1254, 1268 (11th Cir. 2019).

Regarding the first *Middlesex* factor, to determine whether the federal proceeding would interfere with the state proceeding, a federal court must examine the relief requested and the effect it would have on the state proceedings. *31 Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). Moreover, the first *Middlesex* factor is met when a state proceeding is pending at the time the federal complaint is filed, and the state court maintains jurisdiction over the matter or is actively enforcing its orders. *Fiedler v. Stacy*, No. 24-13558, 2025 WL 2650879, at *3 (11th Cir. Sept. 16, 2025) (citing *31 Foster*, 329 F.3d at 1276).

Here, the parties do not dispute the first factor, i.e., that there is an ongoing state court dispute. *See* Doc. 68 at 16-17; Doc. 69 at 9-10. Indeed, Mr. Ziegler's state action against the State Attorney falls into the first type of "ongoing" state proceeding, as it

is currently pending before the 2nd DCA on rehearing and certification has been sought before the Florida Supreme Court.[8] Doc. 102 ¶ 72. *See also New Georgia Project, Inc. v. Att'y Gen., State of Georgia*, 106 F.4th 1237, 1243 (11th Cir. 2024) (reasoning that a state proceeding is "ongoing" if (1) a state court action is pending when the federal law suit is filed, or (2) the state lawsuit is initiated before any proceedings of substance on the merits have taken place in federal court).

Moreover, Mr. Ziegler is requesting from this Court relief that could potentially interfere with the ongoing state proceeding. Mr. Ziegler concedes that he is requesting from this court the same relief—i.e., an injunction ordering the State Attorney to dispossess and not disseminate his property—that is being challenged on appeal within the Florida judicial system. *Compare* Doc. 35 ¶ 67 ("The Zieglers were forced to file a lawsuit against the City and the State Attorney in Sarasota County to protect their privacy and property rights and to stop the release of the documents and ESI unlawfully seized by the SPD") *with* Doc. 35 ¶ 165 ("Mr. Ziegler seeks a permanent injunction precluding the State Attorney from continuing to possess any material obtained via the three search warrants and from disclosing any material obtained via the three search warrants in response to any public records request under state law"). Therefore, Mr. Ziegler is asking this Court to issue the same type of injunction order entered by a Florida trial court, which a Florida appellate court has already reviewed, and the Florida Supreme Court may review[9]. This is potentially problematic, as it

---

[8] *See supra* note 3.
[9] *See supra* note 3.

could result in a dilemma where this Court issues the requested injunction, but the Florida Supreme Court reverses the Florida 2nd DCA and concludes that the state court injunction was improperly issued. Or, in the converse, this Court could find that the State Attorney did not violate Mr. Ziegler's constitutional rights and, therefore, decline to issue the requested injunction, while the Florida Supreme Court could agree with the trial court's finding that the State Attorney committed a constitutional violation and affirm the issuance of an injunction. Hence, the first *Middlesex* factor is met because this federal proceeding might result in conflicting findings between this Court and the 2nd DCA on rehearing en banc or the Florida Supreme Court. *See 31 Foster*, 329 F.3d at 1278 (concluding that the injunction plaintiffs requested in federal court would interfere with state court proceedings because the federal and state courts could issue conflicting orders); *See also Cichowski,* 2026 WL 161310, at *2 (reasoning that if the district court had adjudicated plaintiff's claims on the merits, then it would have necessarily interfered with the ongoing state appeal).

Regarding the second *Middlesex* factor, "States have important interests in administering certain aspects of their judicial systems. These include enforcing the orders and judgments of the States' courts. Federal injunctions in such cases would interfere with the execution of state judgments on grounds that challenge the very process by which those judgments were obtained. So long as such challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state court litigation mandates that the federal court stay its hand." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2 (1987); *See also Dandar v. Church of*

*Scientology Flag Service Org., Inc.,* 619 F. App'x 945, 949 (11th Cir. 2015) (reasoning that a state's ability to enforce its own orders and judgments is an important state interest). Here, Florida has an important interest in reviewing and/or enforcing injunctions entered by its trial courts. Therefore, because Mr. Ziegler is requesting this Court to issue the same type of injunction that is currently pending review by Florida's 2nd DCA, this proceeding implicates an important state interest. *See* Doc. 35 ¶ 159, 160, 165.

As to the third and final *Middlesex* factor, the plaintiff bears the burden of demonstrating that the state forum is inadequate to provide a remedy for his federal claims. *Leonard*, 61 F.4th at 908; *31 Foster Child*, 329 F.3d at 1279. Both state courts and federal courts have the authority and duty to enforce the U.S. Constitution. *Butler v. Alabama Judicial Inquiry Comm'n,* 245 F.3d 1257, 1260 (11th Cir.). "A federal court should assume state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co.,* 481 U.S. at 15 (quotation modified); *see also Glasco*, 2026 WL 1972026, at *5. Adequacy is not about the quality of the state proceedings, but instead it is about "whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (emphasis in original) (quoting *Moore*, 442 U.S. at 425). In the present case, Mr. Ziegler has not alleged any facts that the Florida courts are inadequate to provide a remedy for his constitutional claims. *See Leonard*, 61 F.4th at 909 ("To demonstrate that claims are procedurally prevented in state tribunals, plaintiffs should provide evidence of state laws, rules, or

procedures that would allow a district court to evaluate whether the plaintiff's federal claims will effectively be shut out from the judicial system and cut off from effective review in the courts."); *See also Butler*, 245 F.3d at 1263 (finding that the state court was adequate to hear plaintiff's constitutional challenges where the plaintiff did not allege otherwise). On the contrary, the Amended Complaint and supporting exhibit assert that, via litigation in a Florida court, Mr. Ziegler successfully challenged the constitutionality of the government's conduct and obtained a corrective injunction. Doc. 35 ¶¶ 67, 70, 159; Doc. 35-4 at 38. Hence, not only was Mr. Ziegler merely able to raise his constitutional challenges in state court, but he did so successfully. Although the state matter is currently under appellate review, it still stands that Mr. Ziegler had an adequate opportunity to bring his federal challenges in the Florida judicial system. *See Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 949 (11th Cir. 2015) (concluding that the plaintiff had sufficient opportunity to raise his federal challenges in state court where there was no procedural restriction preventing him from doing so).

"There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson v. Fla.,* 32 F.4th 1092, 1099 (11th Cir. 2022). Here, the Amended Complaint does not plead facts that allege any of the exceptions to federal abstention. Therefore, given the above analysis of the *Middlesex* factors and the lack of any applicable exception, federal abstention is appropriate here.

When a district court finds that federal abstention applies, it is appropriate to dismiss the federal claim if the plaintiff requests injunctive or declaratory relief, but not if he requests monetary damages. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("Unlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues … *Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts") (quotation modified); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 (11th Cir. 1996) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles"); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("Even if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding"); *see also Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) ("Although abstention was appropriate, the district court erred in dismissing the plaintiff's claims rather than staying this action....The plaintiff seeks money damages, which are unavailable in his state criminal proceeding") (quotation modified); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015) (finding that "the district court did not abuse its discretion by dismissing the plaintiff's claims for injunctive and declaratory relief" but that "the district court lacked discretion to dismiss the plaintiff's claims for monetary damages under the *Younger* doctrine") (quotations modified).

Here, Mr. Ziegler requests only injunctive relief. Doc. 35 ¶ 165. Therefore, Mr. Ziegler's federal cause of action against State Attorney Brodsky is due to be dismissed.

Additionally, the State Attorney argues the Amended Complaint should be dismissed because it is an impermissible shotgun pleading and does not properly plead the essential elements required for injunctive relief. *See* Doc. 68 at 20. 22. However, given the decision to abstain, the Court declines to conduct any further analysis considering the sufficiency of the Amended Complaint. In conclusion, Count VI of the Amended Complaint is due to be dismissed without prejudice[10] because federal abstention principles require this Court to decline jurisdiction over the matter.

Accordingly, it is **ORDERED**:

1. Defendant State Attorney Ed Brodsky's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 68) is **GRANTED**. Count VI of the Amended Complaint is dismissed without prejudice.

**DONE AND ORDERED** in Tampa, Florida on November 2, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

[10] "Dismissals pursuant to the Younger abstention doctrine are without prejudice." *Hale v. Pate,* 694 F. App'x 682, 684 (11th Cir. 2017); *See also Plyatsko v. Benton*, 2026 WL 1195900, at *1 (11th Cir. May 1, 2026) ("Dismissal based on an abstention doctrine—such as the *Younger* abstention doctrine—is generally without prejudice because the court is abstaining and thus not reaching the merits of the case").