**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTIAN ZIEGLER, BRIDGET ZIEGLER,

Plaintiffs,

v. Case No.: 8:25-cv-02992-CEH-AAS

CITY OF SARASOTA, ANGELA COX, MARIA LLOVIO, ED BRODSKY, IN HIS OFFICIAL CAPACITY AS STATE ATTORNEY FOR FLORIDA'S TWELFTH JUDICIAL CIRCUIT;

Defendants,
_________________________________/

# TEMPORARY INJUNCTION

This matter comes before the Court on Plaintiffs' Unopposed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 119). In the motion, Plaintiffs Christian Ziegler and Bridget Ziegler request a temporary restraining order and preliminary injunction barring Defendant City of Sarasota and Defendant State Attorney Ed Brodsky, in his official capacity, from disseminating data that the Sarasota Police Department seized from Mr. Ziegler's cellphone, Google Drive, and Instagram account. *Id*. Law enforcement obtained the seized data by executing three search warrants, the constitutionality of which is being contested in this case. The City of Sarasota does not oppose the instant motion. *Id.* The Court, having considered the

motion and being fully advised in the premises, will grant the motion as to the City of Sarasota, but will deny the motion as to State Attorney Ed Brodsky.

**FACTUAL BACKGROUND**[1]

During a criminal investigation of Mr. Ziegler, the Sarasota Police Department obtained three search warrants and seized all the data located on Mr. Ziegler's cellphone, Google Drive, and Instagram account. Doc. 119 at 4. The seized data includes: a video of a sexual encounter, over 1,200 marital communications between Mr. And Mrs. Ziegler, and intimate photographs, videos, and messages regarding Mrs. Ziegler that are unrelated to any investigation. Doc. 119 at 5. A very small subset of the seized materials was transmitted to the State Attorney, Mr. Brodsky. Doc. 102 ¶ 173. Ultimately, the State Attorney declined to prosecute Mr. Ziegler and closed the investigation. *Id.* ¶ 66, 175; Doc. 119 at 5.

In the Second Amended Complaint, Plaintiffs allege, *inter alia*, that the City obtained Mr. Ziegler's private property via three unconstitutional search warrants. Doc. 119 at 5; *See also* Doc. 102. On July 1, 2024, a Florida circuit court agreed with Plaintiffs and found that all three warrants were unconstitutionally overbroad, in violation of the Fourth Amendment. Doc. 119 at 5; Doc. 35-4. In turn, the state court permanently enjoined the release of Mr. Ziegler's data that was illegally seized, and it ordered the illegally seized data to be destroyed. Doc. 119 at 5; *See also* Doc. 35-4.

[1] The Background is based on the facts alleged in Plaintiffs' motion (Doc. 119) and attached exhibits, as well as the Second Amended Complaint (Doc. 102) and attached exhibits.

However, the Florida Second District Court of Appeal ("2nd DCA") reversed the judgment that enjoined the release of the illegally obtained data, and the state action is pending discretionary review in the Florida Supreme Court. Doc. 119 at 5.

As alleged by Plaintiffs, the state court's injunction remains in effect, but the destruction order has not yet taken effect and is stayed pending appeal. *Id.* Once the appellate mandate issues, the 2nd DCA's reversal will take effect, and, consequentially, the state court injunction prohibiting the release of the seized data will dissolve. *Id.* In turn, any custodians of the seized data will be able to produce it in response to pending public records request. *Id.* at 6.

On November 2, 2026 this Court dismissed the State Attorney from the instant lawsuit under the *Younger*[2] abstention doctrine. *See* Doc. 114.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to enter a temporary restraining order or preliminary injunction. A district court may grant a temporary restraining order or preliminary injunction if the moving party shows: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs the harm the proposed injunction would inflict on the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *Am. C.L. Union of Fla., Inc. v.*

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

*Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also* M.D. Fla. Local Rule 6.01(b). The movant bears the burden of clearly establishing these requirements. *Id.* A court's issuance of preliminary injunctive relief is an extraordinary and drastic remedy that must not be granted unless the movant clearly meets the burden of persuasion as to the four requirements. *See Am. C.L. Union of Fla.,* 557 F.3d at 1198; *Schiavo ex rel. Schindler,* 403 at 1231.

Local Rule 6.01(a), Middle District of Florida, requires that a motion for a temporary restraining order include: specific facts supported by a verified complaint, an affidavit, or other evidence demonstrating the movant is entitled to relief; a precise description of the conduct and the persons subject to restraint; and a precise and verified explanation of the amount and form of the required security. M.D. Fla. L.R.6.01(a). Moreover, the motion must be accompanied by a proposed order and a legal memorandum that establishes the following:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
>
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
>
> (3) the harm that might result absent a restraining order, and
>
> (4) the nature and extent of any public interest affected.

*Id.* at 6.01(b); *see also Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)).

Local Rule 6.02(a), Middle District of Florida, requires that a motion for a preliminary injunction include "Preliminary Injunction" in the title; comply with Local Rules 6.01(a) and (b); and include as an attachment each paper on which the movant relies. M.D. Fla. L.R.6.01(a).

## III. DISCUSSION

Plaintiffs move for a temporary restraining order and preliminary injunction preventing the City of Sarasota ("the City") and the State Attorney from disseminating content from Mr. Ziegler's phone that was seized during a criminal investigation. The Court will address, in turn, Plaintiffs' request as to the State Attorney and the City.

### A. State Attorney Ed Brodsky

A federal injunction binds only the following who receive notice of it: (a) parties to the lawsuit; (b) the parties' officers, agents, servants, employees, and attorneys; and (c) others in active concert with (a) or (b)). Fed. R. Civ. P. 65(d)(2)(A); *United States of Am. v. Robinson*, 83 F.4th 868 (11th Cir. 2023) (referencing Rule 65(d)(2)(A) to reason that the defendant, as a nonparty, was not bound by the preliminary injunction); *See also Finn v. Cobb Cnty. Bd. of Elections & Registration*, 111 F.4th 1312, 1319 (11th Cir. 2024) (concluding that the school district was not a party to the lawsuit and, therefore,

lacked standing to appeal the preliminary injunction because it had been dismissed from the case months before the preliminary injunction issued).

In the present case, this Court issued an order dismissing the claim in the Amended Complaint against the State Attorney. *See* Doc. 114. The Court is aware that Plaintiffs filed a Second Amended Complaint which, again, names the State Attorney as a defendant. However, the claims against the State Attorney in the Second Amended Complaint are identical to the dismissed claims against the State Attorney in the Amended Complaint. Because the claims against the State Attorney have been dismissed under *Younger v. Harris*, he cannot be bound by a temporary restraining order or preliminary injunction issued in this case.

**B. <u>The City of Sarasota</u>**

**1) Likelihood of Success on the Merits**

The Court will now address the potential for success of each of Plaintiffs' claims, in turn.

Mr. Ziegler alleges the City violated his Fourth, Fifth, and Fourteenth Amendment rights by using unconstitutionally broad warrants to seize and retain his private property.

*a) Mr. Ziegler's Fourth Amendment Claim*

In Counts I and II of the Second Amended Complaint, Mr. Ziegler alleges the City violated his Fourth Amendment rights by using an illegal search warrant to seize his personal property located in his cell phone, Google Drive, and Instagram account that contained deeply private, intimate details about his life. *See* Doc. 102.

The Fourth Amendment protects the rights of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. It further mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* "A warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally overbroad. The resulting general search is unconstitutional." *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000) (quotation modified); *See also United States v. Blake*, 868 F.3d 960, 973 (11th Cir. 2017) (noting that the purpose of the Fourth Amendment's particularity requirement is to preclude general warrants and exploratory rummaging in a person's belongings). As to the place to be searched, the warrant must contain "sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." *United States v. Rousseau*, 628 F. App'x 1022, 1025 (11th Cir. 2015) (quoting *United States v. Burke*, 784 F.2d 1090, 1092 (11th Cir. 1986)). As to the materials to be seized, a description is sufficiently particular "when it enables the searcher reasonably to ascertain and identify the things to be seized." *Rousseau*, 628 F. App'x at 1025 (quoting *United States v. Santarelli*, 778 F.2d 609, 614 (11th Cir. 1985)).

There is a heightened Fourth Amendment privacy interest in cell phones due to a cell phone's vast storage capacity. *Riley v. California*, 573 U.S. 373, 393-397 (2014); *See also Chatrie v. United States,* 146 S. Ct. 2193, 2200 (2026) ("Today, more than nine in ten Americans own a smartphone. That means they are likely addicted to apps and

other services, many of which collect and store detailed information about all aspects of a person's life.") (quoting *Riley*, 573 U.S. at 396) (quotation modified). Moreover, a warrant that permits an unencumbered search of a cellular phone is unconstitutionally overbroad. *Robinson v. Ash*, 374 F. Supp. 3d 1171, 1185 at n. 5 (M.D. Ala. 2019), aff'd, 805 F. App'x 634 (11th Cir. 2020) (concludes in dicta that the cell phone search warrant was overly broad where it authorized an unrestricted and comprehensive search of the cell phone); *United States v. McCall*, 84 F.4th 1317, 1328 (11th Cir. 2023) (accepting as true the Government's concession that a warrant was overbroad when it allowed officers to search all of the conceivable data on the cell phone's iCloud account without any meaningful limitation).

Here, the Second Amended Complaint alleges that the search warrants for Mr. Ziegler's cell phone, Google Drive, and Instagram account were illegal because they were overbroad and too general. Doc. 102 ¶¶ 79-81. Mr. Ziegler specifically alleges that the warrants authorized a search of all the data on his cell phone. *Id.* ¶¶ 29-30. Moreover, based on Mr. Ziegler's testimony via an affidavit, the Sarasota Police Department seized over one terabyte of data from his cellphone, alone, which includes his entire internet search history, more than 30,000 videos, and hundreds of thousands of photographs. Doc. 119-1 ¶ 4. It can hardly be said that a warrant that authorized such an all-encompassing search of a cell phone fulfilled the specificity requirement of the Fourth Amendment. Therefore, as alleged, Mr. Ziegler's Fourth Amendment claim is likely to succeed.

*b) Mr. Ziegler's Fourteenth Amendment Claim*

In Count II of the Second Amended Complaint, Mr. Ziegler alleges the City violated his Fourteenth Amendment rights by continuing to retain his personal property that was obtained via an unconstitutional search warrant. *See* Doc. 102 ¶¶ 99-107.

Although the U.S. Constitution does not explicitly guarantee a right to privacy, the Supreme Court has held there is an implied right to privacy within the liberty component of the Fourteenth Amendment. *Padgett v. Donald*, 401 F.3d 1273, 1280 (11th Cir. 2005) (referencing *Roe v. Wade*, 410 U.S. 113, 152-53 (1973)). The Supreme Court has recognized two types of privacy interests: 1) an individual's interest in avoiding disclosure of certain personal matters, and 2) an individual's personal autonomy in making personal decisions such as those involving marriage, contraception, and procreation. *Padgett*, 401 F.3d at 1280; *See also Whalen v. Roe*, 429 U.S. 589, 599 (1977).

Here, Mr. Ziegler alleges the City violated the first type of privacy interest by retaining data from his cell phone and associated accounts that contain details about his marital and intimate affairs. *See* Doc. 102. Mr. Ziegler specifies that the City's continued retention and "imminent public dissemination" of the content violates his privacy. Doc. 102 ¶ 106. Doc. 119 at 7.

However, the Court is not persuaded that merely ***retaining*** content regarding an individual's private affairs rises to the level of a Fourteenth Amendment invasion of privacy. Although the Eleventh Circuit recognizes a Fourteenth Amendment right to privacy in information that reveals intimate details about a plaintiff's personal life, the precedent also impliedly requires that the individual or organization who violated the plaintiff's privacy did so by ***sharing*** the private content with others. *See Fadjo v. Coon*, 633 F.2d 1172 (5th Cir. 1981) (concluding that plaintiff alleged a valid Fourteenth Amendment privacy violation where the state shared with a credit investigator and insurance companies a testimony transcript that contained private details of plaintiff's life); *James v. City of Douglas, Ga.*, 941 F.2d 1539 (11th Cir. 1991) (reasoning that police officers should have been on notice that they were violating plaintiff's Fourteenth Amendment right to privacy when they shared with other officers a video of plaintiff engaging in sexual activity).

Here, neither the pertinent count in the Second Amended Complaint[3], nor Mr. Ziegler's affidavit allege that the City shared Mr. Ziegler's private property; they only

[3] Although other claims of the Second Amended Complaint allege the City shared the seized data, the Fourth Amendment claim does not allege the same. The Court analyzed the likelihood of success of each claim based on the facts alleged within the associated count. Specifically, in Count II of the Second Amended Complaint, Mr. Ziegler alleges that the City committed a Fourteenth Amendment invasion of privacy. *See* Doc. 102 ¶¶ 99-107. However, none of the paragraphs associated with Count II allege that the City shared the contents of the seized data with the public. *Id.* In Count III, Mr. Ziegler alleges the City committed a violation of the Fifth Amendment Takings Clause. *Id.* ¶¶ 108-130. Count III also asserts that the City disseminated Mr. Ziegler's seized data to the public. *Id.* ¶¶ 122, 126, 128. In Count VII, Mrs. Ziegler alleges the City violated her Fourteenth Amendment privacy rights. *Id.* ¶¶ 187-208. In turn, Count VII aptly alleges that the City disseminated data from Mr. Ziegler's phone to the public. *Id.* ¶¶ 194, 197, 200, 202-03.

allege that the City is retaining the seized data. *See* Docs. 102 ¶¶ 104,106; 119-1 ¶ 8. Mr. Ziegler argues in the instant motion that, due to the Florida Public Records Act, the City's dissemination of the contents of Mr. Ziegler's phone is imminent. Doc. 119 at 7. The Court is aware that the 2nd DCA reversed the state trial court's order enjoining the release of Mr. Ziegler's data, and once the appellate mandate issues, the City may release the seized data in response to pending public records request. *See* Doc. 119 at 2. Nevertheless, actually sharing the private information—not the threat of doing so—constitutes a Fourteenth Amendment violation. Therefore, as currently pled, Mr. Ziegler's Fourteenth Amendment claim is not likely to succeed on the merits.

c) *Mr. Ziegler's Fifth Amendment Claim*

In Count III of the Second Amended Complaint, Mr. Ziegler alleges that the City's continued retention and public dissemination of the contents of his cell phone, Google Drive, and Instagram account after the criminal investigation ended constitutes an unconstitutional taking under the Fifth Amendment. Doc. 102 ¶¶ 110-130.

Pursuant to the Takings Clause of the Fifth Amendment, the Government is prohibited from taking an individual's private property for public use without just compensation. U.S. Const. amend. V; *See also, e.g., DeVillier v. Texas*, 601 U.S. 285, 291 (2024); *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 139 (2021); *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 189-190 (2019).

Here, Mr. Ziegler alleges the City continues to retain his cell phone, Google Drive, and Instagram account, even after the conclusion of the criminal investigation. Doc. 102 ¶¶ 111, 121-22. Mr. Ziegler further specifies that the City retained his private property for the purpose of disseminating it to the general public, and it did not provide just compensation. *Id.* ¶¶ 125-26. Therefore, based on the allegations made in the Second Amended Complaint, Mr. Ziegler's Fifth Amendment claim is likely to succeed on the merits.

*d) Mrs. Ziegler's Claim under 42 U.S.C. § 1983*

In Count VII of the Second Amended Complaint, Mrs. Ziegler alleges the City violated her constitutional rights by invading her privacy in violation of the Fourteenth Amendment. *See* Doc. 102 ¶¶ 187-208.

A plaintiff adequately pleads a Fourteenth Amendment privacy violation when she alleges the government shared material that contains private details about her life. *See Fadjo,* 633 F.2d 1172; *James*, 941 F.2d 1539. In the present action, Mrs. Ziegler asserts that the City disclosed to the public intimate private marital communications, photographs, videos, and messages. Doc. 102 ¶¶ 194, 197, 200, 202-03. Therefore, assuming, without deciding, that Mrs. Ziegler has standing to assert this claim, Mrs. Ziegler's claim under 42 U.S.C. § 1983 is likely to pass muster.

**2) Irreparable Injury Absent an Injunction**

An injury is only "irreparable . . . if it cannot be undone through monetary remedies." *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). "The possibility that adequate compensatory or

other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Here, the release of private communications about the Zieglers' intimate lives cannot be undone via financial means, as no amount of money can erase from public knowledge the conversations, photographs, and videos that were intended to be confidential between marital partners.

**3) Risk of Harm to the Non-Movant**

Release of the seized material would cause Plaintiffs to suffer public humiliation before they are able to obtain a final decision on the merits of their constitutional claims. By comparison, granting injunctive relief would prevent the City from disclosing the material to third parties, pending a final judgment on the merits. In the meantime, however, the City would not be prevented from using the seized data to litigate the present lawsuit. Therefore, the Court finds that, based on the record, the threatened injury to the Plaintiffs outweighs any harm the relief might inflict on the City.

**4) The Public Interest**

Issuance of the requested injunctive relief is not adverse to the public interest. The inability to view Mr. Ziegler's private content does not appear to cause any detriment to the public at large by the entry of this Order.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Unopposed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 119) is **DENIED** as to State Attorney Ed Brodsky, in his official capacity, and **GRANTED** as to the City of Sarasota.

2. Pending final judgment or further order of this Court, Defendant the City of Sarasota and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it who receive actual notice of this Order, are **RESTRAINED** and **ENJOINED** from releasing, producing, disclosing, disseminating, publishing, transferring, or otherwise distributing to any third party — including in response to any public-records request under Chapter 119, Florida Statutes — any portion of the seized data, and from publishing, transferring, altering, or modifying the seized data.

3. This temporary restraining order requires no affirmative act other than maintaining the seized data in its current form, and does not disturb this Court's January 28, 2026 evidence-preservation order, which remains in effect. Nothing in this Order shall prohibit the City of Sarasota from retaining, accessing, reviewing, or using the seized data solely as reasonably necessary to defend this action, including disclosure to their counsel, experts, and the Court; provided that (a) the parties shall seek to seal any filing with the Court that contains or reproduces any portion of the seized data, (b) the seized data shall not be disclosed to any person outside the conduct

of this litigation, and (c) nothing herein authorizes production or disclosure in response to any public-records request.

4. The Court waives the security requirement of Federal Rule of Civil Procedure 65(c), as the purpose of this Order is to maintain the status quo.

5. This Temporary Restraining Order shall expire on **November 30, 2026** unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) days.

6. Plaintiffs and Defendants shall appear before this Court on **November 23, 2026 at 1:30 p.m.** for a Preliminary Injunction hearing. The Preliminary Injunction hearing will be held via videoconference.

**DONE AND ORDERED** in Tampa, Florida on November 16, 2026, at 3:15pm EST.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record